UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MICHAEL ANGELO RILEY,**<br>*Defendant.* | Case No.<br><br><u>**FILED UNDER SEAL**</u> |

### GOVERNMENT'S *EX PARTE* MOTION FOR LIMITED SEALING OF THE INDICTMENT AND OTHER PLEADINGS, WARRANTS, FILES, AND RECORDS, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF <u>THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS</u>

Pursuant to Federal Rule of Criminal Procedure 6(e)(4), the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion for limited sealing of the accompanying Indictment, arrest warrant, as well as all other pleadings, warrants, records, and files in this case, including the instant motion to seal and any order on the motion, and to delay entry on the public docket of this motion to seal and all related matters, until the warrant for the defendant's arrest is executed. Specifically, the government requests a sealing order with a narrow exception that will permit the government to disclose the existence of the Indictment, warrant, as well as other records and files in this case, to the extent that is necessary to effectuate the defendant's arrest and extradition. In support of this motion, the government states as follows:

1. The Indictment charges the defendant with the violation of 18 U.S.C. § 1512(b)(2)(B) (Obstruction) and 18 U.S.C. § 1512(c)(1) (Obstruction). The defendant is a United States Citizen

and resides within the United States.

2. The Indictment charges the defendant with committing the above-referenced violations in connection with the defendant's correspondence with Person 1, an individual that has been sentenced criminally for his involvement in the events at the U.S. Capitol on January 6, 2021. Using electronic communication, the defendant corruptly persuaded, or attempted to corruptly persuade, Person 1 to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding, and at a later date, did corruptly alter, destroy, mutilate, and conceal his own communications with Person 1.

3. The government respectfully submits that premature public disclosure of the indictment and related material, and the warrants and the existence of the cases, could compromise ongoing investigations and could undermine the development of critical evidence in those investigations. *See United States v. Hubbard*, 650 F.2d 293, 208 U.S. App. D.C. 399 (D.C. Cir. 1981); *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975). *Cf. In re Search Warrants issued on May 21, 1987*, 1990 WL 113874 (D.D.C. 1990) (information released after the government agreed there was no further need for secrecy). The government further submits that these circumstances present a compelling government interest under *Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991), and that said governmental interest requires sealing the indictment and all other pleadings, warrants, records, and files in this case, as well as delay in the public docketing of the filing of these sealed pleadings and the accompanying order. Finally, the government submits that these circumstances will remain until the warrant for the defendant's arrest is executed.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar Number 415793

By: **/s/ Molly Gaston**
Molly Gaston
Assistant United States Attorney
VA Bar 78506
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202.252.7803
Email: molly.gaston@usdoj.gov
