# Exhibit 1



**SILVERMAN THOMPSON**

Silverman Thompson Slutkin White

**ATTORNEYS AT LAW**

*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com

*Baltimore | Towson | New York | Washington, DC*

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

November 22, 2021

**VIA EMAIL**

Molly Gaston, Esq.
Mary Dohrmann, Esq.
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Re:   *United States v. Michael Angelo Riley*, 21-cr-628-ABJ

Dear Counsel:

Pursuant to Federal Rule of Criminal Procedure 16, the Jencks Act, Federal Rule of Evidence 404(b), the *Brady/Giglio* line of cases, the United States Department of Justice ("DOJ")'s policy governing discovery, and the United States Attorney's Office for the District of Columbia's internal policy governing discovery, we request that you produce the following materials that are in the Government's possession, custody, and control, and which we consider essential to the defense of our client in the above-referenced matter:

(i)   Requests issued by DOJ or any law enforcement agency to any social media entity, to include, but not be limited to, Facebook, Instagram, Twitter, YouTube, regarding information relating to the events of January 6, 2021 at the United States Capitol;

(ii)  Documents, reports, radio communications, videos, and photographs reflecting all actions performed by Michael Angelo Riley ("Officer Riley") during his employment with the United States Capitol Police from January 6, 2021 until his retirement on October 28, 2021;

(iii) Documents reflecting all law enforcement officers and officials who worked with or supervised Officer Riley during his employment with the United States Capitol Police from January 6, 2021 until his retirement on October 28, 2021; and

(iv)  Documents received from any social media entity, to include, but not be limited to, Facebook, Instagram, Twitter, YouTube, that reflects the removal of content (by any person or entity) relating to the events of January 6, 2021 at the United States Capitol.

In our review of the discovery provided to date, we have not been able to locate any cooperation plea paperwork relating to Jacob Hiles. If Mr. Hiles *is not* a cooperator, can you please explain the basis for your relation of the present matter to Mr. Hiles' matter — resulting in the

assignment of the case to Judge Amy Berman Jackson — when Mr. Hiles' Statement of Facts underlying his entry of a guilty plea does not discuss Officer Riley or any actions underlying the charges against Officer Riley. If Mr. Hiles *is* a cooperator (or witness to be called at any trial of Officer Riley), please produce:

(i)     Documents identifying any benefits provided to Mr. Hiles in exchange for any testimony or future testimony against Officer Riley;

(ii)    Statements made by Mr. Hiles to law enforcement or prosecutors in this matter, and any notes or contemporaneous recordings of the statements made by Mr. Hiles to law enforcement or the prosecutors in this matter;

(iii)   Documents produced by the Government in discovery in *United States v. Jacob Hiles*, 21-cr-0155-ABJ; and

(iv)    Downloads and reports thereof arising from the electronic devices seized and searched, as well as, social media accounts searched, in the investigation and prosecution of Jacob Hiles.[1]

In its Indictment, the Government alleges in Count I that Officer Riley on "January 7, 2021" obstructed justice in regard to an "official proceeding." *See* Indictment, ¶ 20 (D.E. 1). Please provide any and all information regarding *when* and *how* the Government contends that the "official proceeding" in this matter commenced.

Please provide any and all *communications* between the person or persons with authority to commence the "official proceeding" in this matter and other persons, who then took actions to begin the work of the "official proceeding."

Please provide any and all communications which reflect the first time that Officer Riley became a person whose actions would be investigated as part of the "official proceeding."

Please provide any and all communications which reflect the first time that Mr. Hiles became a person whose actions would be investigated as part of the "official proceeding."

To the extent the Government contends that the "official proceeding" referenced in Count I was an investigation opened by the Federal Bureau of Investigation ("FBI"), which is contrary to years of DOJ precedent finding FBI investigations *not* to be official proceedings, please produce documents identifying when the FBI investigation was opened, the FBI case number in the FBI's system assigned to the investigation, the individual who opened the investigation in the FBI system and when. Please also produce any documents attesting to the FBI's notification of the opening of

---

[1] Interestingly, while Mr. Hiles' public docket (21-cr-0155-ABJ) does not contain the present status of his case or his plea paperwork, which would be indicative of an individual cooperating with the Government, Mr. Hiles' plea paperwork otherwise appears on DOJ's website relating to its January 6 related prosecutions. *See* https://www.justice.gov/usao-dc/defendants/hiles-jacob, last visited November 22, 2021.

its investigation to any other federal law enforcement entities, to include, but not be limited to, the United States Capitol Police.

To the extent the Government contends that the "official proceeding" referenced in Count I was an open grand jury investigation, please produce documents relating to the opening of that grand jury investigation by the relevant Assistant United States Attorney, the date and time the grand jury investigation was opened, the grand jury number assigned to that investigation, a transcript of the opening of the investigation (or oral recording) by the relevant Assistant United States Attorney, and the overhead put on the screen for grand jurors during the opening of the investigation. Please also produce documentation identifying what law enforcement entities were advised as to the opening of the grand jury investigation, to include, but not be limited to, the United States Capitol Police.

Please provide any and all information regarding how the grand jury was charged with regard to what was the "official proceeding" in this matter.

Please provide any and all information regarding how the grand jury was charged with regard to what connection there was between Officer Riley's actions and the "official proceeding" in this matter.

Please provide any and all information regarding how the grand jury was charged with regard to what connection there was between Mr. Hiles' actions and the "official proceeding" in this matter.

During our review of discovery produced to date, it appears that the investigation into Officer Riley was initiated by the United States Attorney's Office and not the FBI. FBI agents who interviewed Officer Riley advised him — while surreptitiously recording him — that he was being investigated relating to his comments concerning Mr. Hiles' Facebook posts because of his status as a United States Capitol Police Officer. The agents further stated words to the effect that had he been a "gardener," he would not have been investigated. In light of these representations, we request all communications by law enforcement officers and agents relating to this matter, to include, but not be limited to, cell phone text messages and voicemail messages, emails, and instant messages by FBI personnel through FBI's direct messaging software. We also seek all communications sent by officers and agents to any DOJ individual as it pertains to this case and subsequent initiation of a criminal proceeding.

Please provide any and all communications by employees of DOJ and the United States Attorney's Office for the District of Columbia that pertain to the decision to prosecute Officer Riley. In particular, please provide any and all communications by employees of DOJ and the United States Attorney's Office for the District of Columbia that reference the term "views" or other similar words, as they pertain to this matter.

Please provide any and all communications by employees of DOJ and the United States Attorney's Office for the District of Columbia that pertain to any decision(s) to prosecute, or not to prosecute, any other individual who took down social media posts, or advised another person to take down social media posts, which posts may have reflected activity at the United States Capitol

Page 4

on January 6, 2021.

Please provide any and all information as to what exactly was the "object" that Officer Riley is alleged to have "knowingly corruptly persuade[d]" another "to alter, destroy, mutilate, and conceal" as set forth in Count I.

Please provide us a copy of the "object" referenced in Count I.

Please provide any and all information regarding how the grand jury was charged with regard to what was the "object" referenced in Count I.

Please provide any and all information regarding how Mr. Hiles *responded* to the statement of Officer Riley set forth in Paragraph 7 of the indictment (*i.e.* "Take down the part about being in the building . . .").

Please provide any and all information concerning the Facebook post or post(s) that Officer Riley is alleged to have asked Mr. Hiles to take down.

Please provide us a copy of the "record, document, and other object" referenced in Count II.

Please provide any and all documents that reflect how the Government came into possession of the "record, document, and other object" referenced in Count II.

Please provide any and all information regarding how the grand jury was charged with regard to what constituted the "record, document, and other object" referenced in Count II.

In response to your inquiry on setting a trial date, we reiterate our position that we need full discovery, including the information discussed above, before we can make an informed decision about whether to take the case to trial. Given that our client is on release, has no criminal history, committed no violent crime, and was doing sensitive law enforcement work for months after your office was aware of the events at issue in this case, we trust that there is no urgency by the Government in proceeding with an immediate trial in this matter, especially in light of the extensive backlog of cases requiring trials for held defendants due to the Covid-19 pandemic.

Page 5

We are happy to discuss all of these issues during our scheduled meeting on November 23, 2021.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

_C. Macchiaroli_

Andrew C. White, Esq.
Christopher Macchiaroli, Esq.
M. Evan Corcoran, Esq.

*Counsel for Michael Angelo Riley*