# Exhibit 2



*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com
Baltimore | Towson | New York | Washington, DC

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

December 13, 2021

**VIA EMAIL**
Molly Gaston, Esq.
Mary Dohrmann, Esq.
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

    Re:    <u>United States v. Michael Angelo Riley</u>, 21-cr-628-ABJ

Dear Counsel:

    We write in response to certain representations contained in your letter dated December 8, 2021 and for clarification on the Government's prosecution of Jacob Hiles (21-cr-155 (ABJ)).

    As a preliminary matter, you advised us on December 1, 2021 (in writing) that we should obtain the Hiles sentencing memoranda through the "CM/ECF docket." Those documents are no longer on the public docket and there is no reference to what occurred at Mr. Hiles' sentencing on December 6, 2021. There is no public docket entry and Mr. Riley (and his counsel) were unable to observe Mr. Hiles' sentencing through the public telephone line. During our meeting on November 23, 2021, we inquired as to whether Mr. Hiles was a cooperator and you indicated that he was not. In the Government's sentencing memoranda for Mr. Hiles, the Government advocated for a sentence of probation based on Mr. Hiles' purported "exceptional cooperation." Is Mr. Hiles a cooperator or not? Is this matter partially sealed or not, and why? What sentence did Mr. Hiles receive? We ask for a copy of all court filings relating to the partial sealing of this matter. In order for the Government to meet its discovery obligations, we also ask for a copy of the transcript from Mr. Hiles' sentencing or an Order permitting us to obtain a copy of the sealed transcript and a copy of the Judgment & Commitment Order. We do not understand why the sentencing memoranda were initially publicly available (for *Politico* to publish an article about them) and then eventually placed under seal only when we asked you for copies of them. In fact, while initially inviting us to obtain the sentencing memoranda from the *public* docket on December 1, 2021, you are now claiming that you are "seeking leave to provide [us] with the sentencing memoranda," apparently because they were placed under seal retroactively. The Government cannot seek to put the genie back in the bottle because it does not want to highlight the benefits provided to Mr. Hiles in his case.

    Again, we iterate our request for discovery produced in the Hiles matter, as it appears, contrary to your prior statement, Mr. Hiles was, and is, a Government cooperator. If the Government does not plan to call Mr. Hiles as a witness at any trial of Officer Riley, please advise us in writing by December 17, 2021.

Page 2

      Finally, please advise us when the "official proceeding" referenced in the Indictment occurred. If you believe you are not required to provide us discovery on this fact, while at the same time alleging that Officer Riley obstructed an official proceeding, we ask that you consult the Appellate Section of your Office. If no special proceeding (*i.e.*, grand jury investigation) was commenced by January 7, 2021 — the date Count One of the Indictment allegedly occurred — and/or no notice was provided to Officer Riley or the Capitol Police prior to that date, it is impossible that Officer Riley knew of the official proceeding to allegedly obstruct it. Likewise, if you are attempting to rely on Officer Riley's experience as a law enforcement officer in that he should have known that a grand jury had already (or was going to be) commenced as to Mr. Hiles, we request the production of documents attesting to the long history of prior cases of unlawful entry on U.S. Capitol grounds and the U.S. Supreme Court that have resulted in fines or at worst, misdemeanor offenses, as was the case of Mr. Hiles, all of which are not the subject of grand jury investigations (or "special proceedings").

      We look forward to your response to these issues in advance of the status hearing that is currently scheduled for January 14, 2021. As you can imagine, the ambiguity and lack of clarity on these issues (and the apparently conflicting positions) prevents us from being able to evaluate the accuracy of the Government's representations in its proposed statement of facts underlying the Government's plea offer and to prepare for any potential trial in this matter.

      Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

*C. Macchiaroli*

Andrew C. White, Esq.
Christopher Macchiaroli, Esq.
M. Evan Corcoran, Esq.

*Counsel for Michael Angelo Riley*