UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-628 (ABJ) |
| : | |
| MICHAEL ANGELO RILEY, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL DISCOVERY

In his Motion to Compel Discovery, ECF No. 25, Defendant Michael Angelo Riley asks the Court to order the Government to produce materials that it has already provided; materials that are not within the Government's custody or control; and materials to which he is not entitled under Federal Rule of Criminal Procedure 16, the Jencks Act, or *Brady*, *Giglio*, or their progeny. The Defendant's Motion should be denied.

**Background**

On October 14, 2021, a federal grand jury in the District of Columbia returned an indictment charging the Defendant with two counts of obstruction in violation of 18 U.S.C. § 1512(b)(2)(B) and 18 U.S.C. § 1512(c)(1), respectively. ECF No. 1.

Count One of the indictment alleges that the Defendant committed obstruction on January 7, 2021, when he directed an individual, Person 1, "to take down" his Facebook posts relating to January 6, 2021, "with the intent of making the records unavailable for use in the federal investigation resulting from the January 6 breach of the U.S. Capitol." *Id*. at ¶20. According to the indictment, on January 7, 2021—one day after the January 6 breach—the Defendant, a sworn U.S. Capitol Police Officer, initiated contact through a Facebook direct message with Person 1, who had posted on Facebook about having entered the U.S. Capitol the previous day. *Id*. at ¶¶1-

1

7. In particular, the Defendant's initial message to Person 1 stated, "im a capitol police officer who agrees with your political stance. Take down the part about being in the building they are currently investigating and everyone who was in the building is going to charged. Just looking out!" *Id*. at ¶7. In additional messages to Person 1, the Defendant wrote, "The only thing I can see is if you went into the building and they have proof you will be charged. You could always articulate that you had no where to go, but thats for court" and "Dont sweat it, they might choose to only charge certain people and not everyone. Personally I don't know what they have decided, just know our guys and the FBI are going through everything". *Id*.

Count Two of the indictment charges the Defendant with deleting his own Facebook communications with Person 1 "to impair their use in the federal investigation resulting from the January 6 breach of the U.S. Capitol. *Id*. at ¶22. According to the indictment, this count stems from the Defendant's conduct when, approximately 11 days after counseling Person 1 to "take down the part about being in the building," and engaging in additional substantive communications, he learned from Person 1 that Person 1 had turned himself in to the FBI and informed them that he had been communicating with the Defendant. *Id*. at ¶15. The Defendant then deleted all of his Facebook direct messages to and from Person 1. *Id*. at ¶16.

The Government has made three discovery productions in this case, and discovery is now substantially complete. In the Government's first production on October 22, 2021, the Government provided all discoverable materials from the FBI case file, including interview reports; all grand jury subpoena returns from this investigation; recordings of interviews with Person 1 and with the Defendant; certain in-scope materials from search warrants; and all witness transcripts and exhibits presented to the grand jury in this matter. On December 22, 2021, after receiving leave of the Court to do so, the Government provided the defense with the parties'

sentencing memoranda in Person 1's case.  And in its third production on January 13, the Government provided final, scoped materials from Person 1's phone and Facebook search warrant returns; scoped and unscoped materials from the Defendant's phone and Facebook search warrant returns; and informed the defense that as a result of the Court's order, they could obtain the transcript of Person 1's sentencing hearing from the court reporter.  The Government also responded in writing to two letters from defense counsel, explaining that much of what the defense was seeking was undiscoverable, and that the Government was in the process of seeking leave of the Court to provide other, sealed materials.

On January 13, 2022, the Defendant filed the instant Motion (ECF No. 25), asking the Court to compel the Government to provide information relating to five broad categories: (1) the "official proceeding" charged in the Indictment; (2) information regarding Jacob Hiles; (3) information regarding Facebook materials; (4) alleged selective prosecution of the Defendant; and (5) the Defendant's performance of his law enforcement duties on and after January 6, 2021.

## Argument

The Defendant's Motion asks the Court to order the Government to produce materials that the Government has already turned over; materials that the Government does not have; and materials that are not discoverable, and it should be denied.  The Government addresses the Defendant's requests in turn below.

### A. Official Proceeding

In his Motion, the Defendant asks the Court to order the Government to provide two categories of information pertaining to the official proceeding alleged in the Indictment: (1) "any documents or information attesting to when the official proceeding [alleged in the Indictment] was commenced and who was notified of it" and (2) "all prior cases of offenses of unlawful entry

resulting in non-felony adjudications that would not trigger an official proceeding (or grand jury investigation)." Def.'s Mot. at 11. Without pointing to a legal basis for disclosure, the Defendant asserts that entitlement to these categories of information given the Government's obligation to prove that the Defendant intended to obstruct an "official proceeding." As described below, none of the requested material is discoverable under Federal Rule of Criminal Procedure 16 (Rule 16), the Jencks Act, *Brady*, *Giglio*, or their progeny.

The Defendant is not entitled to grand jury materials establishing "the when and how" of the grand jury empaneled to investigate the January 6 attack, and the Government has already produced to him the discoverable grand jury materials in this case. He is already in possession of all of the testimony before the grand jury that returned the indictment against him; that indictment stated that immediately following the January 6 attack, "the U.S. Capitol Police (USCP) and the Federal Bureau of Investigation (FBI) launched a criminal investigation, for which a federal grand jury was convened in the District of Columbia." ECF No. 1 at ¶2. The Defendant is also in possession of his own Facebook messages with Mr. Hiles on January 7, 2021, in which the Defendant shares with Mr. Hiles the Defendant's knowledge of a criminal investigation ("they are currently investigating and everyone who was in the building is going to charged"); the Defendant's understanding that the investigation would lead to judicial proceedings ("You could always articulate that you had no where to go, but thats for court"), and the Defendant's knowledge of the involvement of USCP Capitol Police and the FBI ("just know our guys and the FBI are going through everything"). Finally, the statute with which the Defendant is charged specifically provides that "an official proceeding need not be pending or about to be instituted at the time of the offense." 18 U.S.C. § 1512(f)(1). Accordingly, the exact date and who was notified of the

opening of a grand jury investigation has no bearing on the Defendant's guilt or punishment under *Brady*, nor is it material to the defense under Rule 16.

The Defendant's demand for "documents attesting to the long history of prior cases of unlawful entry on U.S. Capitol grounds and the U.S. Supreme Court that have resulted in fines or at worst, misdemeanor offenses…all of which are not the subject of grand jury investigations" (Def.'s Mot. at 11) is similarly unavailing. As an initial matter, the crimes committed at the U.S. Capitol on January 6, 2021, were unprecedented, and the Government is unaware of prior offenses bearing any resemblance to them. In any event, other, unrelated incidents have no bearing on the Defendant's state of mind in this case and do not constitute discoverable material under Rule 16. *See e.g., United States v. George*, 786 F. Supp. 11, 13 (D.D.C. 1991) (although the materiality burden is not onerous, "the evidence must not simply 'bear some abstract relationship to the issues in the case'") (internal citation omitted). The Government has already provided the defense with the material evidence of the Defendant's state of mind that it possesses, including in the Defendant's own Facebook messages and statements—evidence that demonstrates that, at a minimum, the Defendant contemplated an investigation leading to court proceedings. *See* 18 U.S.C. § 1512(g)(1) (stating that the Government does not need to prove state of mind with respect to whether the official proceeding in question is federal in nature).

B. **Information Regarding Jacob Hiles**

Next, the Defendant moves to compel the production of several broad categories of documents and information regarding the defendant in *United States v. Jacob Hiles,* 21-CR-155 (ABJ)—materials that the Government has already provided, specifically advised the defense that it was seeking leave to provide, or that are not discoverable.

To begin with, the Government must correct multiple erroneous assertions in the Defendant's Motion regarding Mr. Hiles. First, as the Court is aware, it not accurate that "the Government sought to keep information about [Mr. Hiles'] sentencing from public view." Def.'s Mot. at 13. Second, it was not, as the Defendant's Motion claims (Def.'s Mot. at 12), the Government's sentencing memorandum that stated, "Mr. Hiles could not be more cooperative in assisting the U.S. Attorney's Office in prosecuting a case against a Capitol Police Officer"—it was Mr. Hiles' own sentencing memorandum. Third, Mr. Hiles did not, as the Defendant's Motion asserts (Def.'s Mot. at 11), make the statements featured in footnote 1 of his Statement of Offense—they were made by a different defendant. And finally, it is not true that the Government's lack of opposition to Mr. Hiles' request, post-guilty plea, to travel internationally for work is "unlike other defendants charged for offenses relating to January 6, 2021." Def.'s Mot. at 14 n.4. The Government has not opposed a variety of travel requests in other January 6 cases. *See, e.g., United States v. Cudd*, 21-CR-68 (TNM), Motion to Travel, ECF No. 13 (Government took no position on request for international travel); *United States v. Tanios*, 21-CR-222 (TFH), Unopposed Motion to Modify Conditions of Release, ECF No. 49 (Government did not oppose request for holiday travel by defendant charged with felony offenses); *United States v. Owens*, 21-CR-286 (BAH), Consent Motion to Approve Travel by Defendant, ECF No. 62 (same).

With respect to the Defendant's Motion's enumerated requests regarding Mr. Hiles, he seeks:

> (i) documents identifying any benefits provided to Mr. Hiles in exchange for any testimony or future testimony against Officer Riley; (ii) documents produced by the Government in discovery in *United States v. Jacob Hiles*, 21-cr-155-ABJ; (iii) downloads and reports arising from *all* the electronic devices and social media accounts seized and searched from Mr. Hiles; (iv) a copy of the transcript from Mr. Hiles' sentencing; and (v) a copy of Mr. Hiles' Judgment & Commitment Order.

Def.'s Mot. at 14.

The Government has already provided the defense with a large amount of material regarding Mr. Hiles, including the materials responsive to items (i) and (iv) above. This includes Mr. Hiles' plea agreement; the transcript of all interview recordings, reports, and testimony provided by Mr. Hiles in his own case or in the Defendant's; the sentencing memoranda and sentencing transcript in Mr. Hiles' case; and the scoped results from warrants executed on Mr. Hiles' phone and Facebook account. Mr. Hiles' Judgment & Commitment Order is a public document.

The only demands regarding Mr. Hiles that the Government has not acceded to are the Defendant's extraordinarily broad and invasive request for all of the discovery in Mr. Hiles' own case, and for all downloads and reports from Mr. Hiles' devices and social media accounts. First, those materials are not discoverable under Rule 16 or *Brady* because they are not relevant or material to the Defendant's case because they are cumulative of the materials regarding Mr. Hiles that the Government has already provided. They are also not discoverable under the Jencks Act or *Giglio* because no trial date has been set in this case and the Government has not determined whether it will even call Mr. Hiles as a witness; the Defendant's Motion is thus at best premature. *See* Local Criminal Rule 5.1(c) ("As impeachment information described in (b)(5) and witness-credibility information described in (b)(4) are dependent on which witnesses the Government intends to call at trial, this rule does not require the Government to disclose such information before a trial date is set."). Second, the full images of Mr. Hiles' phone and social media accounts are not in the custody and control of the Government. According to the terms of the warrants obtained by the Government, once these returns are scoped—that is, once the return is reviewed by the Government and the materials sought by the warrant have been identified—the unscoped image is

separated and the Government no longer accesses it.[1] The Government has already provided the Defendant with the scoped materials from Mr. Hiles' phone and Facebook warrant returns.

### C. Information Regarding Facebook Materials

The Defendant's Motion seeks records of all preservation requests sent to Facebook regarding January 6 on the basis that whether Mr. Hiles' records were "beyond the reach of a grand jury subpoena" is relevant to the Defendant's intent to conceal and impair evidence. Notwithstanding the fact that a grand jury subpoena cannot recover Facebook content, it is immaterial to the charges in this case whether the Government could get Mr. Hiles' Facebook records from Facebook, or anywhere else for that matter. The indictment charges the Defendant with obstruction and attempted obstruction (ECF No. 1 at ¶20), and whether he succeeded in concealing evidence from investigators is irrelevant.

### D. Selective Prosecution

The Defendant also seeks discovery in support of a claim that he has been selectively prosecuted "because of his status as a United States Capitol Police Officer." Def.'s Mot. at 15. To be entitled to discovery on a selective prosecution claim, a Defendant must first adduce evidence that "(1) [he] was singled out for prosecution from among others similarly situated and (2) that [his] prosecution was improperly motivated." *Branch Ministries v. Rossotti*, 211 F.3d 137, 144 (D.C. Cir. 2000) (quoting *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983)). Here, the Defendant cannot make the threshold showing required on either of these points, and this demand should also fail.

---

[1] The Government's procedures for warrant execution, included in the warrant applications in question, state that after scoping, "Law enforcement personnel will then seal any information…that does not fall within the scope of Section II and will not further review the information absent an order of the Court."

First, the Defendant cannot show that "others similarly situated generally have not been prosecuted for conduct similar to that for which he was prosecuted." *Att'y Gen. of U.S. v. Irish People, Inc.*, 684 F.2d 928, 946 (D.C. Cir. 1982) (internal citation omitted). As this Court has previously explained, "[c]ourts in this district have interpreted the phrase 'similarly situated' narrowly, insisting that a defendant must show that the crimes charged and those allegedly committed by the comparator are the same or similar and arose in similar circumstances." *United States v. Stone*, 394 F. Supp. 3d 1, 32-32 (D.D.C. 2019) (stating that in a false statements case against a public official, a selective prosecution claim could "theoretically survive" the first prong of the test if the "defendant could point to a group of government officials" who were alleged to have committed the same acts and were not prosecuted). Here, the Defendant cannot point to any other sworn law enforcement officer who initiated contact with a January 6 subject to encourage evidence destruction and who the Government then declined to charged. The Defendant's request for discovery fails on the first prong of the selective prosecution test.

Nor has the Defendant adduced evidence of improper motive that would satisfy the second prong of the selective prosecution discovery inquiry. The Defendant claims, without support, that there is something improper if an investigation is first initiated by the U.S. Attorney's Office rather than one of its partner law enforcement agencies.[2] Def.'s Mot. at 2, 15. The Defendant further states that FBI agents told him that he "was the subject of an investigation solely because of his status as a United States Capitol Police Officer and had he been a 'gardener,' he would not have

---

[2] It is not accurate to say that this investigation was "initiated by the U.S. Attorney's Office and not the FBI." Def.'s Mot. at 15. When an FBI investigator noted materials within a search warrant return in another case that indicated the Defendant had exchanged Facebook direct messages with Person 1, she alerted an Assistant United States Attorney, and the U.S. Attorney's Office and the FBI jointly investigated the matter, as is common. In any event, there is nothing improper—or even unusual—about a U.S. Attorney's Office initiating an investigation into a potential federal offense.

been investigated." Def.'s Mot. at 2.  The transcript of this exchange actually demonstrates the opposite—that agents informed the Defendant that anyone counseling destruction of evidence would be "looked at," but that the Defendant's law enforcement experience made his conduct particularly alarming:

> AGENT 1: And I think it's, given your status as a Capitol Police officer, that is what the concern was.
>
> MR. RILEY: Troublesome. Yeah.
>
> AGENT 1: Yeah.
>
> AGENT 2: Mm-hmm.
>
> AGENT 1: You know, if it was -- if you were the gardener and you were like, hey dude, you gotta get rid of that, yeah, that's probably still gonna look at it, but it just -- I imagine they would look at it and say, hey, there's somebody who's been in law enforcement 27 years.

Nothing about this exchange supports the Defendant's allegation that his prosecution was improperly motivated.

In sum, the Defendant has failed to make a showing of either of the two steps required in an inquiry to determine whether a Defendant can make discovery demands based on claims of selective prosecution—either that he was singled out or that his prosecution was improperly motivated—and his motion on this front should be denied.

### E. Information Regarding Defendant's Performance of His Law Enforcement Duties

The Defendant's final demand is for "all documentation reflecting actions performed by him since January 6, 2021, including what law enforcement officers worked with him and on what matters" on the ground that such information "would highlight that Officer Riley had zero intent to obstruct anything or to undermine any United States Capitol Police investigation, let alone investigations related to the events of January 6, 2021." Def.'s Mot. at 16.

First, the Government possesses no evidence that "Officer Riley had zero intent to obstruct anything or to undermine any United States Capitol Police investigation," but the Government has already provided the Defendant with materials obtained from the U.S. Capitol Police (USCP) in this investigation, including phone records; recordings and transcripts of radio transmissions; USCP assignments on January 6, 2021; records of statements and evidence provided to law enforcement by USCP personnel; USCP Office of Professional Responsibility records; USCP bulletins; the Defendant's personnel file; and correspondence regarding Jacob Hiles.

Furthermore, the Defendant appears to be seeking otherwise irrelevant "good acts" propensity evidence that is inadmissible and does not constitute Rule 16 discovery. In the same way that Federal Rule of Evidence 404(b) prohibits evidence of a person's bad acts to prove propensity, so too does it prohibit evidence of good or neutral acts. *See* Fed. R. Evid. 404(b)(1) (stating that evidence of "any other…act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Similarly, Rule 404(a) prohibits the admission of evidence of a person's character trait to prove that the person acted in conformity with that character trait on a particular occasion. *See* Fed. R. Evid. 404(a). While the Rule contains an exception for character evidence relating to criminal defendants, the exception permits evidence only of a "pertinent" character trait, and that evidence is limited to opinion testimony as to reputation—not as to specific acts. Fed. R. Evid. 404(a)(2)(A). The Defendant's request for irrelevant information regarding his performance of law enforcement duties should be denied.

## CONCLUSION

For all of the reasons above, the Court should deny the Defendant's Motion.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:   */s/ Molly Gaston*
       Molly Gaston
       Assistant United States Attorney
       VA Bar No. 78506
       555 Fourth Street, N.W.
       Washington, DC 20530
       Molly.Gaston@usdoj.gov
       (202) 252-7803

       */s/ Mary L. Dohrmann*
       Mary L. Dohrmann
       Assistant United States Attorney
       NY Bar No. 5443874
       555 Fourth Street, N.W.
       Washington, DC 20530
       Mary.Dohrmann@usdoj.gov
       (202) 252-7035