IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No.: 21-cr-628-ABJ |
| v. | : | |
| | : | |
| MICHAEL ANGELO RILEY, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Despite a reminder at the January 14, 2022 status hearing of the wide breadth of the Government's discovery obligations, the Government has refused to produce additional discovery in response to the Defendant's motion to compel. *See* Jan. 14, 2022 Tr. at 8 (D.E. 26). Rather, the Government claims that disclosure of Facebook communications between Officer Riley and Jacob Hiles, together with investigative reports and grand jury testimony, meets the Government's discovery obligations. It does not.

To avoid any ambiguity, the Government must establish at trial that on January 7, 2021, not two weeks later, or ten months later, Officer Riley "knowingly" obstructed an "official proceeding" — *i.e.*, a grand jury investigation and *not* a law enforcement investigation[1] — "with

---

[1] The Government has not, and cannot, refute that an investigation by a law enforcement entity, regardless of the entity, is not an "official proceeding" as referenced in the charged obstruction statute. *See*, *e.g.*, *United States v. Ermoian*, 752 F.3d 1165, 1170-72 (9th Cir. 2013); *United States v. Ramos*, 537 F.3d 439, 462-63 (5th Cir. 2008); *United States v. Binette*, 828 F. Supp. 2d 402, 403-04 (D. Mass. 2011). Moreover, the Government has acknowledged in discovery that it considers the "official proceeding" referenced in the Indictment to have been a "grand jury" proceeding. *See* Def's Mot. to Compel at 10 n.2 (D.E. 25).

*intent* to cause and induce a[] person to alter, destroy, mutilate, and conceal an object with *intent* to impair the object's [*i.e.*, Mr. Hiles' Facebook post's] integrity and availability for use in an official proceeding[.]" Indictment, ¶ 20 (D.E. 1) (emphasis added).

Evidence of actual knowledge of the grand jury investigation is one of two ways by which the Government can meet its burden of proof at trial on the element of knowledge. For that reason, the Defendant is entitled to know whether the relevant grand jury proceeding even existed on January 7, 2021, which is necessary to sustain any claim of actual knowledge. The Government refuses to provide either discovery on this point or to concede that no grand jury existed at the time of the alleged offense.

The other avenue available to the Government, and the one on which the Government appears to be relying, is the reason-to-know theory of knowledge of a grand jury proceeding. In that regard, the facts known to Officer Riley on January 7, 2021, the date of the offense, are instrumental to his alleged belief of a grand jury proceeding relating to Mr. Hiles and any alleged intent to obstruct such a proceeding. In its Opposition, the Government does not dispute that on January 7, 2021, Mr. Hiles claimed publicly that he was "scared" and had entered the U.S. Capitol by accident to avoid being "trampled," and once inside, he immediately followed law enforcement's instructions to "exit" the U.S. Capitol. The Government contends that Officer Riley, upon reading that bland (albeit later-acknowledged false) posting, should have known that a grand jury investigation into Mr. Hiles's entry into the U.S. Capitol would follow. The additional discovery requested by Officer Riley would tend to negate that essential element of the offense.

In particular, prior to January 6, 2021, to Officer Riley's knowledge, non-violent, non-destructive protesters who entered the U.S. Capitol (or surrounding areas) were not charged with felonies, and not subject to grand jury proceedings. Moreover, even after the Government's

lengthy investigation, Mr. Hiles was never charged with a felony and was never alleged to have engaged in a violent or destructive act.

In its Opposition, the Government notes that Officer Riley allegedly "deleted all of his Facebook direct messages to and from" Mr. Hiles after Mr. Hiles notified Officer Riley that he spoke to the FBI. Opp'n at 2 (D.E. 27). The Government omits that Officer Riley told Mr. Hiles that it was "fine" that he talked to the FBI and did not in any way instruct Mr. Hiles not to speak to the FBI and/or conceal anything. The Government also omits that Officer Riley informed Mr. Hiles on January 21, 2021 that he would no longer be communicating with him and would be deleting Mr. Hiles' posts after seeing a video showing Mr. Hiles's conduct inside the U.S. Capitol. *See* USA-002819. Officer Riley expressed that Mr. Hiles' "***story of getting pushed in the building with no other choice now seems not only false but is a complete lie***." *Id.* (emphasis added). This is also exactly what Officer Riley told the FBI when they serendipitously recorded him and there is absolutely no allegation that Officer Riley provided false information to law enforcement. *See* USA-003539-40.

In its Opposition, the Government also asserts that Officer Riley was aware of a "criminal investigation" (Opp'n at 4). That has no relevance to the charged offense. A belief that a protestor, such as Mr. Hiles, may be arrested, resulting in a fine or misdemeanor offense, as has been done historically, does not convey awareness or knowledge of a grand jury proceeding, or of an intent to obstruct one.

At the last status hearing, the Court noted that an allegation in the Indictment that Officer Riley sent a message to Mr. Hiles that stated, "They're arresting dozens of people aday. Everyone that was in the building, ***engaged in violent acts***, or ***destructive property*** . . . and they're all being charged federally with felonies." Indictment, ¶ 13(b) (emphasis added); Jan. 14, 2022 Tr. at 5. As

3

an initial matter, this alleged statement was not made on January 7, 2021, the date of the charged offense, but on January 16, 2021. To the extent the Government intends to rely on a statement made nine days after the charged offense as evidence of Officer Riley's intent on the day in question, that reliance is misplaced, as the statement further demonstrates that Officer Riley would not have contemplated on January 7, 2021, that there would be a grand jury one day hearing evidence as to Mr. Hiles' actions. Since Mr. Hiles did not claim to have "engaged in violent acts, or destruction of property" inside the U.S. Capitol, there was absolutely no reason on January 7, 2021, to believe that he would be charged with a felony.

As discussed below, none of the Government's responses in its Opposition explain why the broad discovery rules that govern this proceeding do not justify production of evidence that would allow Officer Riley to prepare his defense.

## ARGUMENT

**1.    Official Proceeding.**

The Government does not dispute: (i) the Defendant's assertion that an "investigation" cannot legally constitute an "official proceeding" under the obstruction statute; or (ii) that the "official proceeding" referenced in the Indictment was a "grand jury" proceeding. At trial, the Government must establish a *direct nexus* between Officer Riley's alleged statements to Mr. Hiles and a grand jury investigation.

If a grand jury conducting an investigation into Mr. Hiles' actions was not in existence on January 7, 2021, when the alleged obstruction occurred, the Government cannot establish that Officer Riley knew of the official proceeding (Indictment, ¶ 20). This fact would be exculpatory under any analysis. Accordingly, the Court should compel the Government to either produce discovery attesting to when the grand jury proceeding commenced or concede that it was not in

4

existence on January 7, 2021.

Based on the Government's Opposition, it appears that it will proceed to trial solely on a reason-to-know of a grand jury theory of "knowledge." Thus, a key issue will be intent. Did Officer Riley have reason to believe on January 7, 2021 that a grand jury into Mr. Hiles' actions would follow? The Government's files have essential information on this issue. If, as we believe, the Government has not historically conducted grand jury investigations of non-violent, non-destructive protestors in the U.S. Capitol Building, and nearby grounds, such as, the U.S. Supreme Court, then that tends to negate the criminal intent that the Government must prove beyond a reasonable doubt to obtain a conviction. Accordingly, the Government must search its files, and those of the U.S. Capitol Police, and disclose the information found on that topic.

  **2.**  **Government's Cooperator Jacob Hiles.**

According to its own sentencing memorandum, Mr. Hiles played a central part in building the Government's case against Officer Riley. *See*, *e.g.*, *United States v. Jacob Hiles*, 21-cr-155-ABJ, Gov't Sent. Mem. at 21 (D.E. 36) (expressing that, absent Mr. Hiles' actions, "prosecution of Riley—a now-former U.S. Capitol Police Officer—may not have been possible"). The Government relied on Mr. Hiles' testimony before the grand jury in securing its Indictment in this case. Now, the Government asserts a number of defenses to the production of additional discovery as to its chief witness.

*First*, the Government claims that certain information in its possession is "not discoverable under the *Jencks Act* or *Giglio* because no trial date has been set in this case and the Government has not determined whether it will even call Mr. Hiles as a witness." Opp'n at 7. Whether or not Mr. Hiles is a Government witness at trial, Officer Riley is entitled to the requested information about him. Mr. Hiles is at the center of the case against Officer Riley. The Government has an

5

obligation to disclose information that tends to cast doubt on the accuracy of *any* evidence — to include not only Mr. Hiles' testimony, but also any other evidence that relates to him. In addition, the defense should have the option to call Mr. Hiles as a witness, and the Government cannot avoid its discovery obligations related to a person at the heart of the prosecution just because they have not yet decided whether to call him as a trial witness. Officer Riley should not be required to wait until the Government's witness list is disclosed to obtain evidence material to his defense, or to know whether he himself needs to secure the Government's cooperator Mr. Hiles as a witness at trial.

*Second*, the Government contends that certain discovery materials sought by Officer Riley are not discoverable because they are "cumulative" to discovery already produced, making them "not relevant or material to the Defendant's case." *See* Opp'n at 2. Setting aside the flawed assumption that discovery is not relevant or material simply because it is duplicative, it is for the Defendant to decide what information is cumulative or not. *See* Jan. 14, 2022 Tr. at 9 (noting, in response to the Government's statement that it produced "duplicative" discovery, that Officer Riley is "still allowed to review it to determine whether it's duplicative or not, and whether it's important to him or not").

*Third*, the Government asserts that it cannot now examine Mr. Hiles' cellphone for *Brady* and *Giglio* information because it has "seal[ed]" the use of certain of the information it once possessed. *See* Opp'n at 8 n.1. This Court should order the Government to unseal that information. The Government cannot avoid its obligation to search for and disclose discoverable information merely by placing it in a box marked "off limits."

    **3.** **Evidence Tending to Negate an Intent to Conceal and Impair Evidence.**

The specific charge in this case requires proof that Officer Riley specifically intended to

make a portion of Mr. Hiles' Facebook post unavailable to the grand jury. Nevertheless, the Government still refuses to provide any discovery as to preservation of evidence requests it sent to Facebook and other social media sites, which would tend to confirm whether or not information on Mr. Hiles' Facebook page could ever be deleted and be beyond the reach of a grand jury subpoena at the time that Officer Riley allegedly intended to "impair" the Facebook post's integrity and its availability for use in a grand jury proceeding.

The Government claims that whether or not Officer Riley succeeded in obstruction is "irrelevant." *See* Opp'n at 8. The Government simply misses the point. Regardless of what Officer Riley allegedly said to Mr. Hiles, the requested evidence goes to whether Officer Riley's actions involved an intent to conceal or destroy evidence from a *grand jury*, when the evidence was already preserved and posted and liked by numerous individuals on a public Facebook profile, making it impossible to be outside the purview of a grand jury subpoena. Moreover, the Government keeps focusing on some law officers potentially arresting individuals. As discussed above, that cannot form the basis of criminal liability under the obstruction statute charged in this case and the Government has conceded as much.

### 4. Evidence of Selective Prosecution.

Discovery produced to date establishes that the U.S. Attorney's Office requested that the FBI open an investigation into Officer Riley. Thus, notwithstanding the Government's characterization of a "joint investigat[ion]," and even though the FBI was aware of Officer Riley's presence in a search warrant return, the FBI only opened the investigation based on the request of the U.S. Attorney's Office. While the Government can parse the transcript of FBI's surreptitious recording of Officer Riley, it is undisputed that the Government focused on Officer Riley because he was a Capitol Police officer. There is no other reason for the FBI agent to have juxtaposed him

to anyone, let alone a "gardener," during the course of the agent's interview of Officer Riley. Consequently, the Government should be required to produce the requested discovery, or acknowledge that no individual besides Officer Riley has been charged with felony obstruction of justice by allegedly suggesting that an individual take down *part of* a public Facebook post.

    5.    **Evidence Tending to Negate an Intent to Obstruct Justice.**

The Government has charged Officer Riley with knowingly and intentionally obstructing a federal grand jury proceeding that apparently did not exist at the time of the charged conduct, of which Officer Riley was not made personally aware, and which related to conduct that Officer Riley had no reason to believe would be the subject of a grand jury proceeding. Notwithstanding that the Government never alleges nor charges Officer Riley with providing false statements to law enforcement or advising Mr. Hiles not to cooperate with law enforcement, it refuses to produce any discovery in its possession tending to show that, as a Capitol Police Officer, Officer Riley did not take any actions to undermine any grand jury investigation. The Government mischaracterizes this as "'good acts' propensity evidence" and seems to suggest that the evidence is irrelevant simply because it would be inadmissible (*see* Opp'n at 11). In actuality, the requested discovery is properly labeled as evidence negating any intent to obstruct a grand jury proceeding. Regardless of its potential admissibility, Rule 16 requires the production of this information, which is in the Government's sole possession, because it is material to the preparation of Officer Riley's defense. *See United States v. Slough*, 22 F. Supp. 3d 1, 4 (D.D.C. 2014) ("For the purpose of Rule 16, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.") (citation and punctuation omitted).

## CONCLUSION

For all these reasons, Officer Riley respectfully requests an Order compelling the Government to produce discovery material to the preparation of his defense.

Dated: February 3, 2022

Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

   /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Andrew C. White (Federal Bar No. 08821)
M. Evan Corcoran (D.C. Bar No. 440027)
201 N. Charles Street, 26th Floor
Baltimore, Maryland  21201
Telephone: (410) 385-2225
Facsimile:  (410) 547-2432
Email: awhite@silvermanthompson.com
Email: ecorcoran@silvermanthompson.com

*Counsel for Defendant*