IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : :<br>: No.: 21-cr-628-ABJ<br>: |
| v. | : : |
| MICHAEL ANGELO RILEY, | : : |
| *Defendant*. | : : : |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Michael Angelo Riley, through undersigned counsel, provides this brief notice of supplemental authority concerning Defendant's Motion to Compel Discovery (D.E. 25) and alerts the Court to the recent decision of *United States v. Guertin*, No. 21-cr-262 (TNM), 2022 WL 203467 (D.D.C. Jan. 24, 2022), which was issued after the Defendant's motion was filed.

Defendant cites *Guertin* as authority for two reasons. *First*, it reaffirms Defendant's legal position that a criminal investigation is not an "official proceeding" under the obstruction statute at issue in this case. 2022 WL 203467, at *9 (citing *United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013) as "holding a criminal investigation is not an 'official proceeding,' even though it might *lead to* an 'official proceeding' like a federal grand jury or criminal trial" (emphasis in original)). *See* Def.'s Mot. to Compel at 10 & n.2 (D.E. 25) (citing *Ermoian*, 752 F.3d at 1170-72); Def's Reply at 1 & n.1 (D.E. 28) (same). *Second*, it cites as authority *Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005), a case addressed by Defendant's counsel at the parties' February 24, 2022 status hearing, as authority for the proposition that a defendant must have "knowledge that his actions are likely to affect a judicial proceeding to have the requisite intent to obstruct." *Guertin*, 2022 WL 203467, at *9 (punctation omitted).

It is this authority that supports the Defendant's request for discovery that goes to how the Defendant could have known or intended that his conduct would have "likely" obstructed a grand jury proceeding on January 7, 2021, as to Jacob Hiles. *See*, *e.g.*, Def.'s Mot. to Compel (seeking, among other things, discovery as to when the grand jury was in existence, who was notified about it, whether the Defendant's actions could have even prevented the grand jury from getting the information at issue, whether similarly situated protestors were ever charged with felonies — all of which would negate "the requisite intent to obstruct").

Dated: March 31, 2022      Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

  /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile: (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Andrew C. White (Federal Bar No. 08821)
M. Evan Corcoran (D.C. Bar No. 440027)
400 E. Pratt Street. Suite 900
Baltimore, Maryland 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: awhite@silvermanthompson.com
Email: ecorcoran@silvermanthompson.com