UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) ) Crim. Action No. 21-0628 (ABJ) |
| MICHAEL ANGELO RILEY, | ) ) ) |
| Defendant. | ) ) |

## SCHEDULING ORDER

After considering the matters discussed at the status conferences held in this case on February 24, 2022 and April 29, 2022, it is **ORDERED** that the following schedule shall apply:

1) **Any pretrial motion listed in Fed. R. Crim. P. 12(b)(3) or filed pursuant to Fed. R. Crim. P. 21**, and the **notice of any evidence the government intends to seek to introduce pursuant to Fed. R. Evid. 404(b)** or **prior convictions it seeks to use for impeachment under Fed. R. Evid. 609** must be filed by May 16, 2022. The oppositions are due on May 30, 2022, and replies are due on June 6, 2022.

2) **Motions in limine** on behalf of either party must be filed by August 1, 2022. Oppositions are due on August 15, 2022, and replies are due on August 22, 2022.

3) The parties must jointly file a single **Joint Pretrial Statement** by September 1, 2022.

4) Electronic and paper copies of all exhibits must be delivered to chambers and to the Deputy Clerk in the format set out below by September 6, 2022.

5) The **pretrial conference** will be held on September 12, 2022 at 2:00 p.m. in Courtroom 3 in person.

6) **Trial** will commence on September 19, 2022 at 9:30 a.m. in the Ceremonial Courtroom in person.

Any motion to extend a date for the submission of a pleading to the Court must be filed at least two business days before the date to be extended.

All pleadings must conform to the requirements concerning formatting and fonts set forth in Local Civil Rule 5.1(d).

## JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement must include:

a) a concise **joint statement of the case** for the Court to read to prospective jurors;

b) an **estimate of the number of days** the trial is anticipated to last;

c) a list of all outstanding **motions in limine**;

d) **proposed *voir dire* questions** (which must be in the form of yes or no questions in accordance with the attached description of the Court's Criminal Voir Dire Procedure) that indicate:

   i. the *voir dire* questions on which the parties agree; and

   ii. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

e) **proposed jury instructions** that indicate:

   iii. the instructions on which the parties agree; and

   iv. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority.

   v. Any agreed or proposed instructions contained in the Standardized Criminal Jury Instructions for the District of Columbia must not be separately provided but should be identified by number. Any other proposed instructions must be provided to the Court in their entirety and should be formatted so that each individual jury instruction begins on a new page, with the source and supporting authority noted at the bottom of the page, followed by any objections and the grounds therefor.

f) **a list of witnesses or potential witnesses** (to be read to the jury in connection with voir dire)

g) **a list of expert witnesses**, if any, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

h) **a list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by any specific objections to that use;

i) **a list of exhibits** that each party intends to offer during trial **that identifies each exhibit by number and specifies those exhibits to which there is an objection, and the basis for the objection**, e.g., "hearsay," or "F.R.E. 403," without further argument;

> Exhibits will be presumed authentic unless an objection to their authenticity is noted on the Joint Pretrial Statement. The exhibit list shall be a separate attachment to the Joint Pretrial Statement.
>
> Any objections on completeness grounds pursuant to F.R.E. 106 must be noted in the exhibit list, and the party seeking to require the introduction of any other part of a writing or recorded statement must provide a copy of the material the party maintains in fairness ought to be considered at the same time on the date the exhibits are delivered to chambers.

j) any **stipulations**, signed by counsel and the defendant;

k) a list of any **matters of which the parties seek the Court to take judicial notice**, along with the proposed language; and

l) **a proposed verdict form**, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson. The verdict form should also be a separate attachment to the Joint Pretrial Statement.

## Format of Exhibits

Counsel for each party must deliver to chambers copies of all exhibits the party will seek to introduce – pre-marked with their exhibit numbers – in electronic form on a thumb drive (or multiple thumb drives) **and** in paper form in a binder (or set of binders) divided by numbered tabs with table of contents for each binder.

A second set of the thumb drives containing the exhibits in electronic form must be delivered to the Court's Deputy Clerk.

For the electronic copies, exhibits must be saved as a separate PDF labeled by exhibit number and short description (for example, Def.'s Ex. 27, Email of 11/28/2006). For the paper

copies, exhibits in binders must be divided by numbered tabs, with a table of contents in each binder. Binders may not be larger than 3 inches. Exhibit binders must be labelled on both the front and the spine of the binder with the name of the party, volume number, and the numbers of the exhibits found inside. (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27).

**SO ORDERED**.

AMY BERMAN JACKSON<br>
United States District Judge

DATE:  May 2, 2022