IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> :    No. 21-cr-628-ABJ <br> : |
| v. | : <br> : |
| MICHAEL ANGELO RILEY, | : <br> : |
| *Defendant.* | : <br> : <br> : |

### **DEFENDANT'S MOTION TO DISMISS INDICTMENT**

    Defendant Michael Angelo Riley, through his undersigned counsel and pursuant to Federal Rule of Criminal Procedure 12, moves for an Order dismissing the Indictment in this matter.

### **INTRODUCTION**

    Michael Riley, a highly decorated 26-year veteran of the United States Capitol Police, who was on duty and assisted in responding to violent acts at the U.S. Capitol on January 6, 2021, is charged with two counts of obstructing an "official proceeding" pursuant to 18 U.S.C. § 1512. Count One of the Indictment alleges that on January 7, 2021, he directed Jacob Hiles "to take down from Facebook records relating to his conduct at the U.S. Capitol on January 6, 2021, with the intent of making the records unavailable for use in the federal investigation resulting from the January 6 breach of the U.S. Capitol." Count Two of the Indictment alleges that on January 20, 2021, Officer Riley "deleted his Facebook direct communications" with Jacob Hiles "to impair their use in the federal investigation resulting from the January 6 breach of the U.S. Capitol."

    The Indictment does not specify — as required by law — exactly what constitutes the "official proceeding." Rather, the Indictment alleges in ambiguous terms that "the U.S. Capitol Police (USCP) and the Federal Bureau of Investigation (FBI) launched *a criminal investigation*,

for which a grand jury was convened in the District of Columbia (the 'federal investigation')" (emphasis added).

As set forth below in greater detail, well-settled law makes clear that a *criminal investigation* (even one that ultimately leads to an official proceeding) is not an "official proceeding" as defined by Congress and therefore cannot be the basis of criminal liability under the obstruction statutes charged in this case. We shared this caselaw with Government counsel. We asked them to identify what was the "official proceeding" that comprises an element of the charged offenses. In discovery, we were told that the "official proceeding" was a grand jury proceeding.

A clear identification of the "official proceeding" is essential to the charges in this case because the Government cannot sustain an obstruction charge based on either a general law enforcement investigation or an umbrella grand jury proceeding under binding precedent. In *Arthur Andersen L.L.P. v. United States*, the Supreme Court held that the Government must establish a nexus between the defendant's obstructive acts and the particular official proceeding by proving, beyond a reasonable doubt, that the defendant had "in contemplation" a "particular official proceeding in which the[] documents might be material" when he intended to obstruct the proceeding (544 U.S. 696, 707-08 (2005)), *i.e.*, a grand jury investigation of Mr. Hiles.

On May 13, 2022, the Government notified Officer Riley that the first grand jury that heard information relating to the January 6, 2021 U.S. Capitol breach was empaneled "on January 8, 2021, largely for the purpose of considering Capitol attack cases." While it is still unclear when this empaneled grand jury was first advised that it was being asked to consider offenses relating to January 6, 2021, thereby making it an open official grand jury proceeding on the subject, what is clear is that this general umbrella grand jury proceeding was not "particular" to any investigation

of Jacob Hiles and the information allegedly "impair[ed]" by Officer Riley's conduct.

Mr. Hiles' statements to Officer Riley did not rise to conduct subject to a felony grand jury prosecution. Even upon his arrest by the Government, and with a then truthful account of his actions at the U.S. Capitol (that were unknown to Officer Riley on *January 7*, 2021), the Government never even charged Mr. Hiles with a felony offense or presented his case to a grand jury. Mr. Hiles was arrested on misdemeanor offenses, and accordingly, charged by *Information* less than five weeks after his arrest.

As it pertains to this matter, a grand jury sworn on *August 11, 2021* (D.E. 1) issued an Indictment alleging that Officer Riley obstructed a "federal investigation resulting from the January 6 breach of the U.S. Capitol." It is unclear whether that grand jury was ever instructed that they could not consider a law enforcement investigation to be an official proceeding. Officer Riley requested that the Government confirm that the grand jury was properly instructed and the Government has refused to do so.

Because obstruction of an investigation is not a violation of 18 U.S.C. § 1512 and the Indictment does not identify a particular and foreseeable "official proceeding" that Officer Riley allegedly obstructed, the Indictment is deficient and should be dismissed.

**FACTUAL BACKGROUND**

Michael Riley is a 26-year veteran of the United States Capitol Police, and as is the case with many of his former colleagues, he engaged in acts of heroism on January 6, 2021 in responding to the attack on the United States Capitol.

The Government has now charged Officer Riley with two counts of felony obstruction of justice. The operative facts underlying these charges arose on January 7, 2021. Jacob Hiles, who Officer Riley knew from "fishing-related Facebook groups" (Indictment, ¶ 5 (D.E. 1)) provided a

thorough description on his public Facebook account of how he was "pushed" into the U.S. Capitol on January 6, 2021 and "if [he] didn't go with the flow, [he'd] be trampled." USA-002756-002757. Mr. Hiles also explained that he "went inside the building" because he did not "know what choice [he] had in the matter" and "was being pushed forward by a crowd and was on steps outside the building." USA-002836. Mr. Hiles was allegedly "scared that the crowd would push [him] down and [he] would then be trampled." *Id.* According to Mr. Hiles, "[f]rom the moment [he] entered the building, [he] followed the directions of the officers inside" to "exit [] the building." *Id.* Mr. Hiles' statements to Officer Riley were not true.

The Government alleges that Officer Riley instructed Mr. Hiles on January 7, 2021 to "Take down the part about being in the building[.]" USA-002758. In response, Mr. Hiles stated, "Thank you. I was told to go into the building. . . . There were no police outside the door. When we entered the door, there was a female officer standing there asking if everyone was ok." *Id.* Again, Mr. Hiles' statements to Officer Riley were not true.[1]

---

[1] As discussed in prior court filings and proceedings, Officer Riley had no intent to obstruct a grand jury proceeding, as Mr. Hiles' sanitized statements, first in his Facebook post and then in his messages to Officer Riley, regarding his purportedly innocent conduct on January 6, 2021, did not establish conduct subject to a felony grand jury prosecution, nor did Officer Riley's actions result in evidence being unavailable to the grand jury. Mr. Hiles had a public Facebook account and hundreds of friends on Facebook. There was no actual or contemplated impairment of the "integrity" of any Facebook post — given that Mr. Hiles' posts were stored on Facebook's server and were reviewed, liked, and forwarded by numerous other Facebook users (and preserved because of preservation requests from the Government). The events at (and inside) the U.S. Capitol on January 6, 2021 were also the most videotaped event in the history of the United States, with surveillance cameras well-known to Officer Riley. Moreover, Officer Riley's contemporaneous posts condemning the attack on the U.S. Capitol, his noble law enforcement actions on January 6, 2021 and continuing until his retirement, his statement to Mr. Hiles that it was "fine" that he talked to the FBI, and his truthful statements to law enforcement when he was surreptitiously recorded, are all inconsistent with any intent to obstruct anything, let alone a future grand jury proceeding for conduct that did not constitute felony conduct, was not historically charged, and did not in fact, result in felony charges for Mr. Hiles.

The Government has also charged Officer Riley with a second felony obstruction charge for deleting his own Facebook communications with Mr. Hiles. As the Government is aware, Officer Riley informed Mr. Hiles that he would no longer be communicating with him and would be deleting Mr. Hiles' communications after seeing a video showing Mr. Hiles' conduct inside the U.S. Capitol. *See* USA-002819. Officer Riley expressed that Mr. Hiles' "story of getting pushed in the building with no other choice now seems not only false but is a complete lie." *Id.* This is also exactly what Officer Riley told the FBI when they surreptitiously recorded him and there is absolutely no allegation that Officer Riley provided false information to law enforcement. *See* USA-003539-40.

On April 29, 2022, this Court held a hearing on Officer Riley's motion to compel discovery and issued an oral ruling on the record that was subsequently supplemented with a Minute Order dated May 1, 2022:

> No. I think the issue was whether there was a grand jury in existence on January 7th that was considering offenses that occurred on January 6th. I think what the defense has asked for and what I'm saying they're entitled to is to know if and when that grand jury was doing that.
>
> * * *
>
> So I think you are entitled to know when any grand jury that he is alleged to have obstructed corruptly or alleged to have tried to make a document unavailable for use in existed.

Apr. 29, 2022 Tr. at 23-26.

In its Minute Order, the Court ordered the Government to produce "records showing the date any grand jury that is the subject of Count One was empaneled as well as any records, if any, showing when the U.S. Capitol Police was notified that such a grand jury had been convened." May 1, 2022 Min. Ord. at 1. After receiving no discovery from the Government, Officer Riley sent a letter to the Government advising them of their discovery obligations pursuant to the Court's

Order. *See* May 9, 2022 Ltr. at 1 (attached hereto as Exhibit 1).

 In a May 13, 2022 letter, the Government stated:

> [W]ith respect to the Court's order that the Government produce records showing the date that any grand jury that is the subject of Count One was empaneled, we attach an indictment that was returned by the grand jury that was empaneled immediately after January 6, 2021, ***on January 8, 2021, largely for the purpose of considering Capitol attack cases***.

May 13, 2022 DOJ Ltr. at 1 (emphasis added). [2] The Government's disclosure does not identify when this grand jury was notified by the Government that it was tasked with investigating the events of January 6, 2021. Apparently, this occurred sometime between January 8 and January 11, 2021, when the first U.S. Capitol attack Indictment was returned by this January 8, 2021 empaneled grand jury.[3]

 On November 22, 2021, Officer Riley asked the Government in discovery for "any and all information regarding *when* and *how* the Government contends that the 'official proceeding' in this matter commenced." Def.'s Mot. to Compl., Ex. 1 at 2 (D.E. 25-1). Specifically, Officer Riley requested:

> To the extent the Government contends that the 'official proceeding' referenced in Count I was an open grand jury investigation, please produce documents relating to the opening of that grand jury investigation by the relevant Assistant United States Attorney, the date and time the grand jury investigation was opened, the grand jury number assigned to that investigation, a transcript of the opening of the investigation (or oral recording) by the relevant Assistant United States Attorney, and the overhead put on the screen for grand jurors during the opening of the investigation.

---

[2] Officer Riley reserves the right to supplement the present motion once his counsel reviews all the discovery materials just produced by the Government and the information that the Government still needs to produce.

[3] *See United States v. Mark Jefferson Leffingwell*, 21-cr-5-ABJ (D.E. 6) (Indictment - January 11, 2021); Press Release, https://www.justice.gov/usao-dc/pr/seven-charged-federal-court-following-events-united-capitol, last visited May 16, 2022.

*Id.* at 3. The Government has refused to provide this information.

Assuming the "official proceeding" is a grand jury proceeding and not the "federal investigation" referenced in the Indictment,[4] Officer Riley still does not know what date the official proceeding was in existence as to the events of January 6, 2021. What is clear, however, is that this official proceeding was not specific to Jacob Hiles or the information allegedly "impair[ed]" by Officer Riley's conduct, one of the reasons why the Indictment in this case is fatally defective.

## ARGUMENT

In order to guarantee protection of a criminal defendant's rights, an indictment must "contain[ ] the elements of the offense intended to be charged, 'and sufficiently apprise[ ] the defendant of what he must be prepared to meet.'" *Russell v. United States,* 369 U.S. 749, 763 (1962) (citations omitted); *accord* Fed. R. Crim. P. 7(c) (requiring "a plain, concise, and definite written statement of the essential facts constituting the offense charged"). "Without sufficient information to identify that conduct which the grand jury has deemed adequate to support an indictment, an accused is at a material disadvantage in meeting the charge against him." *United*

---

[4] On November 22, 2021, Officer Riley requested that the Government "provide any and all information regarding how the grand jury was charged with regard to [(i)] what was the 'official proceeding' in this matter;" (ii) "what connection there was between Officer Riley's actions and the 'official proceeding' in this matter;" and (iii) "what connection there was between Mr. Hiles' actions and the 'official proceeding' in this matter." Def.'s Mot. to Compl., Ex. 1 at 3 (D.E. 25-1). In a May 9, 2022 letter (*see* Ex. 1), Officer Riley requested "confirmation that the Government advised the grand jury that it could not rely on a Federal Bureau of Investigation or United States Capitol Police investigation when evaluating whether Officer Riley obstructed an 'official proceeding' as charged in the Indictment in this matter." To date, the Government has refused to provide this information, which goes directly to the Government's ability to bring the obstruction charges alleged in the Indictment.

*States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970).

A defendant may move to dismiss an indictment on grounds that it fails to state an offense or lacks specificity. *See* Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). "The operative question is whether the[ ] allegations, if proven, are sufficient to permit a jury to find that the crimes charged were committed." *United States v. Guertin*, No. 21-cr-262 (TNM), 2022 WL 203467 (D.D.C. Jan. 24, 2022) (quoting *United States v. Payne*, 382 F. Supp. 3d 71, 74 (D.D.C. 2019)). "The Court is bound by the language in the indictment. Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." *United States v. Saffarinia*, 424 F. Supp. 3d 46, 70-71 (D.D.C. 2020) (citations omitted). "While a Bill of Particulars can solve evidentiary problems it cannot unlock the Grand Jury's mind and cure a defective indictment." *United States v. Panzavecchia*, 421 F.2d 440, 442 (5th Cir. 1970); *accord United States v. Murphy*, 762 F.2d 1151, 1154 (1st Cir. 1985) ("[I]t has long been settled law that an invalid indictment cannot be cured by a Bill of Particulars" (citations omitted)). In this case, the Indictment fails to allege facts that support the charged obstruction offenses.

**I.    Obstruction of a Criminal Investigation – As Alleged in the Indictment – Is Not Obstruction of Justice as a Matter of Law Under 18 U.S.C. § 1512.**

According to the Indictment, immediately following the events of January 6, 2021, "the U.S. Capitol Police (USCP) and the Federal Bureau of Investigation (FBI) launched a criminal investigation, for which a federal grand jury was convened in the District of Columbia (the "federal investigation"). Indictment, ¶ 2. According to the plain text of the Indictment, Officer Riley is alleged to have on January 7, 2021, obstructed an investigation that subsequently resulted in a grand jury being convened. As discussed herein, the Government has conceded that there was no grand jury opened on January 7, 2021 and that it occurred after an investigation had been opened.

8

Count One of the Indictment is brought pursuant to 18 U.S.C. § 1512(b)(2)(B), which makes it a felony offense for:

> **(b)** Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to —
>
> **(2)** cause or induce any person to —
>
> **(B)** alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding[.]

Count One specifically alleges that on January 7, 2021, Officer Riley:

> did knowingly corruptly persuade, and attempt to do so, with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding-that is, RILEY directed Person 1 to take down from Facebook records relating to his conduct at the U.S. Capitol on January 6, 2021, with the intent of making the records unavailable for use in the *federal investigation resulting from the January 6 breach of the U.S. Capitol*.

Indictment, ¶ 20 (emphasis added).

Count Two of the Indictment is brought pursuant to 18 U.S.C. § 1512(c)(1), which makes it a felony offense for:

> **(c)** Whoever corruptly—
>
> **(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding[.]

Count Two specifically alleges that on January 20, 2021, Officer Riley:

> did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempt to do so, with the intent to impair its integrity and availability for use in an official proceeding that is, RILEY deleted his Facebook direct communications with Person 1 to impair their use in the *federal investigation resulting from the January 6 breach of the U.S. Capitol.*

*Id.* ¶ 22 (emphasis added).

In 18 U.S.C. § 1515(a)(1)(A)-(D), Congress defined an "official proceeding" to include:

> (A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;
>
> (B) a proceeding before the Congress;
>
> (C) a proceeding before a Federal Government agency which is authorized by law; or
>
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce . . . .

18 U.S.C. § 1515(a)(1) (A)-(D). Each of the uses of the term "proceeding" in this list "describe[s] events that are best thought of as hearings (or something akin to hearings): for example, federal court cases, grand jury testimony, Congressional testimony, and insurance regulatory hearings." *United States v. Dunn*, 434 F. Supp. 2d 1203, 1208 (M.D. Ala. 2006). And in each provision, "[t]he use of the preposition 'before' suggests an appearance in front of the agency sitting as a tribunal." *United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013).

The law is clear that a law enforcement investigation is not an official proceeding, even one that leads to an official proceeding. *See United States v. Sandlin*, No. 21-cr-88-DLF, 2021 WL 5865006, at *3 (D.D.C. Dec. 10, 2021) ("[N]either FBI investigations, nor internal agency investigations qualify as 'official proceedings.'") (citations omitted)); *United States v. Sutherland*, 921 F.3d 421, 425-26 (4th Cir. 2019) (stating "FBI investigations[] are not official proceedings" and finding an investigation by the United States Attorney's office, which led to criminal charges, not to be an official proceeding); *Ermoian*, 752 F.3d at 1171 (finding an FBI investigation not to be an official proceeding); *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019) (same); *United States v. Simpson*, No. 3:09-cr-249, 2011 WL 2880885, at *25-28 (N.D. Tex. Jul. 15, 2011) (same); *United States v. Guertin*, No. 21-cr-262 (TNM), 2022 WL 203467, at *9 (D.D.C. Jan. 24,

2022) (citing *Ermoian*, 752 F.3d at 1171 as "holding a criminal investigation is not an 'official proceeding,' *even though it might lead to an 'official proceeding' like a federal grand jury or criminal trial*" (additional emphasis added)); *United States v. Ramos*, 537 F.3d 439, 462-63 (5th Cir. 2008) (finding internal investigation by administrative agency into employee conduct not to be an official proceeding); *United States v. Puma*, 21-cr-454 (PLF), 2022 WL 823079, at *6 (D.D.C. Mar. 19, 2022) ("A number of decisions have construed the phrase 'a proceeding before a Federal Government agency which is authorized by law' in Section 1515(a)(1)(C) to refer to something more than law enforcement investigative activities or an agency's internal investigation" (citing *Sutherland*, *Ermoian*, and *Ramos*)); *Dunn*, 434 F. Supp. 2d at 1207 ("[T]he government suggests that the ATF investigation, standing alone, is an 'official proceeding' because it is a 'proceeding before a Federal Government agency,' 18 U.S.C. § 1515(a)(1)(C). This court has not identified a single case that supports this contention.").[5]

"[C]ourts, considering various statutory clues, have consistently held that 'proceeding' should be defined narrowly," *Sandlin*, 2021 WL 5865006, at *3, and throughout this case, the Government has never challenged Officer Riley's contention that an investigation cannot

---

[5] In prior cases, the Government has tried to argue that 18 U.S.C. § 1515(a)(1)(C) makes investigations "official proceedings" because they involve actions of Government agencies. Courts have rejected this argument because subsection (C) requires something more than an investigation by an agency and requires actions similar to a tribunal proceeding. *See Ermoian*, 752 F.3d at 1171 (defining an "official proceeding before a Federal Government agency" as "an agency sitting as a tribunal"); *Ramos*, 537 F.3d at 462-63 (defining the same as a "formal convocation of the agency in which parties are directed to appear, instead of any informal investigation conducted by any member of the agency"); *Sandlin*, 2021 WL 5865006, at *3 (interpreting "proceeding before a Federal Government agency which is authorized by law," "narrowly" and finding that "neither FBI investigations nor internal agency investigations" qualify as "official proceedings" because they "are not formal hearings conducted before official bodies" (citations and punctuation omitted)).

constitute an "official proceeding."[6]

Moreover, the Indictment in this case does not identify the official proceeding as a grand jury proceeding or identify the specific grand jury proceeding that was allegedly obstructed in this case. Even if the Government is permitted to go beyond the plain text of the Indictment, as confirmed by the Government, no grand jury was in existence on January 7, 2021 pertaining to Person 1 in the Indictment (*i.e.*, Jacob Hiles) or to any of the events of January 6, 2021. The first grand jury relating generally to the events of January 6, 2021 was not in existence until the earliest January 8, 2021, a full day after Officer Riley allegedly "knowingly" and "corruptly" attempted to obstruct a grand jury proceeding.[7]

As noted above, the Indictment alleges that Officer Riley's obstruction was solely the action of making records unavailable for "use in the federal investigation resulting from the

---

[6] *See* D.E. 25 at 10 (listing cases and stating, "[a]s counsel for Officer Riley noted in its discovery correspondence to the Government (Ex. 1 at 2), an FBI investigation cannot be the 'official proceeding' underlying a charge of obstruction"); D.E. 25-1 (Jan. 13, 2022 Ltr. at 3) (informing the Government that an investigation is not an official proceeding).

[7] As Officer Riley has consistently stated throughout this case, criminal liability can only be established under the Indictment if a defendant "knew *or* should have known" that a "(specify proceeding), was pending or was likely to be instituted." *See, e.g.*, Third Circuit Model Criminal Jury Instruction, No. 6.18.1512B (February 2021) (emphasis added), available at https://www.ca3.uscourts.gov/sites/ca3/files/2020%20Chap%206%20Obstruction%20revisions%20final.pdf, last visited May 16, 2022. *See also* Mot. to Compl. at 2 (D.E. 25) ("[T]he Government in its prosecution must prove beyond a reasonable doubt that Officer Riley knew there was a grand jury empaneled as to Mr. Hiles or had reason to know that one would be"); Reply Mot. to Compl. at 2 (D.E. 28) ("Evidence of actual knowledge of the grand jury investigation is one of two ways by which the Government can meet its burden of proof at trial on the element of knowledge. . . . The other avenue available to the Government, and the one on which the Government appears to be relying, is the reason-to-know theory of knowledge of a grand jury proceeding"). As there was no grand jury proceeding on January 7, 2021, whether specific to Mr. Hiles or an umbrella grand jury as to the events of January 6, 2021, Officer Riley *could not* have known there was an actual official proceeding he was allegedly obstructing. As discussed herein (*supra*, n.1), he also had no reason to know one would "likely" be "instituted" either.

January 6 breach of the U.S. Capitol." Indictment, ¶¶ 20, 22. There is no evidence that the grand jury, when considering the specific reference to an investigation in the Indictment — which allegedly arose from a USCP and FBI "investigation" (*id.* at ¶ 2) — was instructed that an investigation could not constitute the official proceeding underlying the Indictment. There is no evidence that the grand jury was informed of the specific grand jury that purportedly constituted the official proceeding that Officer Riley allegedly obstructed.[8] Thus, the grand jury that returned the Indictment against Officer Riley could not have assessed Officer Riley's awareness of the grand jury proceeding he allegedly obstructed, an element of the crime charged.

For all these reasons, the Indictment in this case should be dismissed.

## II.     The Indictment Must be Dismissed Because It Does Not Put the Defendant on Notice as to a Particular and Foreseeable "Official Proceeding."

In *Arthur Andersen L.L.P. v. United States* — a prosecution brought under § 1512(b)(2) — the Supreme Court held that the Government must establish a nexus between the defendant's acts and a particular official proceeding:

> [a] 'knowingly . . . corrup[t] persaude[r]'cannot be someone who persuades others to shred documents under a document retention policy when he does not have in contemplation any particular official proceeding in which those documents might be material.

544 U.S. at 708 (citations omitted).

The "nexus" requirement in *Arthur Andersen* flows from the Supreme Court's decision in *United States v. Aguilar*, 515 U.S. 593 (1995). In *Aguilar*, the defendant was convicted of lying to an FBI agent "who might or might not testify before a grand jury." *Id*. at 600. In the Supreme

---

[8] If Officer Riley had provided false testimony to the federal agents when they interviewed him surreptitiously, he could have been subject to prosecution pursuant to 18 U.S.C. § 1001. He did not. If Officer Riley had obstructed a "judicial proceeding" that "was pending" and "had knowledge of the judicial proceeding," he could have been subject to prosecution pursuant to 18 U.S.C. § 1503. He engaged in no such conduct.

13

Court's view, that uncertainty was too attenuated to give rise to criminal liability because an obstructive act must "have a relationship in time, causation, or logic" to a specific official proceeding. *Id*. at 599-600. The Supreme Court held that "if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct." *Id*. at 599; *accord Guertin*, 2022 WL 203467, at *9 (citing *Arthur Andersen* as "requiring that the defendant have "knowledge that his actions are likely to affect [a] judicial proceeding" to have the "requisite intent to obstruct").

The Government in *Arthur Andersen* relied on 18 U.S.C. § 1512(e)(1), the predecessor to § 1512(f), "which states that an official proceeding 'need not be pending or about to be instituted at the time of the offense.'" *Arthur Anderson*, 544 U.S. at 707. Observing that "[i]t is . . . one thing . . . to say that a proceeding 'need not be pending or about to be instituted at the time of the offense,'" the Supreme Court found it "quite another to say a proceeding need not even be foreseen." *Id*. at 707-08. The Court concluded that to satisfy the elements of § 1512(b), the Government must prove beyond a reasonable doubt that the defendant "ha[d] in contemplation [a] particular official proceeding" when he or she attempted to interfere with evidence or a witness. *Id.* at 708; *accord Young*, 916 F.3d at 386 (instructing that a defendant must have "contemplated a particular, foreseeable proceeding, and that the contemplated proceeding constituted an official proceeding" (citation punctuation omitted)).

Stated another way, "the touchstone for the nexus requirement," "is an act taken that would have the natural and probable effect of interfering with a judicial or grand jury proceeding that constitutes the administration of justice; that is, the act must have a relationship in time, causation, or logic with the judicial proceedings." *United States v. Vampire Nation*, 451 F.3d 189, 205-06 (3d Cir. 2006) (quoting *United States v. Quattrone*, 441 F.3d 153, 171 (2d Cir. 2006))); *accord United*

14

*States v. Lonich*, 23 F.4th 881, 905 (9th Cir. 2022) (requiring a "showing of nexus," namely that "(1) the obstructive conduct be connected to a specific official proceeding . . . that was (2) either pending or was reasonably foreseeable to [the defendant] when he engaged in the conduct" (citation and punctuation omitted)).The nexus requirement applies equally to all the provisions of Section 1512 that relate to official proceedings, including Count II of the Indictment, which alleges a violation of § 1512(c)(1). *See United States v. Matthews*, 505 F.3d 698, 708 (7th Cir. 2007) (holding that *Arthur Anderson* applies to prosecutions under § 1512(c)(1) because that subsection also "speaks in terms of the relationship between obstructive acts and a proceeding").

The Indictment in this case is deficient on its face. Besides alleging obstruction of an investigation that resulted in a grand jury proceeding, which cannot be an "official proceeding," it does not allege obstruction of a "particular, foreseeable proceeding." *See Young*, 916 F.3d at 386.

Courts have routinely found that the failure to identify the "official proceeding" in a Section 1512 indictment should result in dismissal of the count for failure to adequately apprise the defendant of the charges. *See, e.g.*, *United States v. McGarity*, 669 F.3d 1218, 1238-40 (11th Cir. 2012) (dismissing 1512(c)(2) count where indictment failed to specify any official proceeding); *Murphy*, 762 F.2d at 1154-55 (finding indictment defective for failing to specify any official proceeding in 1512(a)(1) case); *United States v. Peterson*, 544 F. Supp. 2d 1363, 1376-77 (M.D. Ga. 2008) (dismissing count under 1512(c)(2), where indictment only alleged interference with a "federal investigation" and failed to otherwise allege any specific official proceeding that was obstructed); *see also United States v. Shively*, 927 F.2d 804, 810-13 (5th Cir. 1991) (reversing 1512(b)(1) witness intimidation conviction and noting that the indictment had failed to apprise the defendants of the charges by not specifying the official proceeding).

If the Government does not know the specific date the "official proceeding" referenced in

the Indictment commenced, and Jacob Hiles was never the subject of that "official proceeding," how was Officer Riley supposed to have anticipated it, especially when it was not even in existence on January 7, 2021, the date the alleged obstruction occured. Moreover, how was the grand jury properly instructed on what constituted an official proceeding when the Government is not aware of the actual date of the official proceeding and the Indictment itself references obstruction of an FBI investigation, which cannot be an "official proceeding." The Government's disclosure on the eve of Officer Riley's motions deadline also further confirms that there was no official proceeding specific to Mr. Hiles and his Facebook posts.

Specifically, on May 13, 2022, the Government notified Officer Riley that the first grand jury that heard information relating to January 6, 2021 was empaneled "on January 8, 2021, largely for the purpose of considering Capitol attack cases." The Government's disclosures provide more questions than answers. For example, when was a case opened before that empaneled grand jury that provided authorization for the Government to issue grand jury subpoenas relating to January 6, 2021, on January 8, 2021, or sometime between January 8 and the return of the first indictment on January 11, 2021, or never at all. The Indictment is silent on this issue and it is unclear how the Government intends to establish the existence of the official proceeding referenced in the Indictment in this case at trial. What is clear, however, is that the Indictment fails to "sufficiently apprise [Officer Riley] of what he must be prepared to meet" at trial (*Russell*, 369 U.S. at 763) when precedent establishes that the Government cannot proceed with either a general USCP/FBI investigation or an umbrella grand jury proceeding (*Arthur Andersen*, 544 U.S. at 707-08) as the "official proceeding" underlying the charges in this case.

Accordingly, the Indictment in this case must be dismissed.

16

## CONCLUSION

For all these reasons, Officer Riley respectfully requests an Order dismissing the Indictment in this matter.

Dated: May 16, 2022　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

　　　　　　　　　　　　　　　　　　　　  /s/ Christopher Macchiaroli
　　　　　　　　　　　　　　　　　　　　Christopher Macchiaroli (D.C. Bar No. 491825)
　　　　　　　　　　　　　　　　　　　　1750 K Street, NW, Suite 810
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 539-2444
　　　　　　　　　　　　　　　　　　　　Facsimile: (410) 547-2432
　　　　　　　　　　　　　　　　　　　　Email: cmacchiaroli@silvermanthompson.com

　　　　　　　　　　　　　　　　　　　　Andrew C. White (Federal Bar No. 08821)
　　　　　　　　　　　　　　　　　　　　M. Evan Corcoran (D.C. Bar No. 440027)
　　　　　　　　　　　　　　　　　　　　400 East Pratt Street, Suite 900
　　　　　　　　　　　　　　　　　　　　Baltimore, Maryland 21202
　　　　　　　　　　　　　　　　　　　　Telephone: (410) 385-2225
　　　　　　　　　　　　　　　　　　　　Facsimile: (410) 547-2432
　　　　　　　　　　　　　　　　　　　　Email: awhite@silvermanthompson.com
　　　　　　　　　　　　　　　　　　　　Email: ecorcoran@silvermanthompson.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*