UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-628 (ABJ) |
| | : | |
| MICHAEL ANGELO RILEY, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS INDICTMENT

In his Motion to Dismiss Indictment, ECF No. 34 ("Def.'s Mot."), Defendant Michael Angelo Riley advances a straw man argument that the Indictment against him should be dismissed because it is not a violation of the statutes with which he is charged to obstruct only a law enforcement investigation. In order to do so, the Defendant ignores the plain language of the Indictment against him, which charges him not with obstructing only a law enforcement investigation, but with obstructing the grand jury investigation into the January 6, 2021, breach of the U.S. Capitol. Next, in order to claim that he does not have adequate notice of the allegations against him, the Defendant improperly attacks the sufficiency of the Government's evidence. The Defendant's Motion should be denied.

## BACKGROUND

On October 14, 2021, a federal grand jury in the District of Columbia returned an indictment charging the Defendant with two counts of obstruction in violation of 18 U.S.C. § 1512(b)(2)(B) and 18 U.S.C. § 1512(c)(1), respectively. Indictment, ECF No. 1. That six-page speaking Indictment clearly sets forth the elements of the offense with which the Defendant is charged and describes his conduct in detail.

Count One of the Indictment alleges that on January 7, 2021, the Defendant, in violation

1

of 18 U.S.C. § 1512(b)(2)(B),

> did knowingly corruptly persuade, and attempt to do so, with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding—that is, RILEY directed Person 1 to take down from Facebook records relating to his conduct at the U.S. Capitol on January 6, 2021, with the intent of making the records unavailable for use in the federal investigation resulting from the January 6 breach of the U.S. Capitol.

Indictment at ¶ 20.

Count One incorporates by reference (*id*. at ¶ 19) the Indictment's earlier definition of the phrase "federal investigation," to mean a grand jury investigation—"a criminal investigation, for which a federal grand jury was convened in the District of Columbia (the "federal investigation"). *Id*. at ¶ 2.

With respect to Count One, the Indictment does more than set forth the language and elements of Section 1512(b)(2)(B) and succinctly state how the Defendant allegedly violated it, as shown in the excerpt above—it provides extensive additional detail. According to the Indictment, on January 7, 2021—one day after the January 6 breach—the Defendant, a sworn U.S. Capitol Police Officer, initiated contact through a Facebook direct message with Person 1, who had posted on Facebook about having entered the U.S. Capitol the previous day. *Id*. at ¶¶ 1-7. In particular, the Defendant's initial message to Person 1 stated, "im a capitol police officer who agrees with your political stance. Take down the part about being in the building they are currently investigating and everyone who was in the building is going to charged. Just looking out!" *Id*. at ¶ 7. In additional messages to Person 1, the Defendant wrote, "The only thing I can see is if you went into the building and they have proof you will be charged. You could always articulate that you had no where to go, but thats for court" and "Dont sweat it, they might choose to only charge certain people and not everyone. Personally i dont know what they have decided, just know our

guys and the FBI are going through everything." *Id*.

Count Two of the indictment charges the Defendant with obstruction in violation of 18 U.S.C. § 1512(c)(1),

> did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempt to do so, with the intent to impair its integrity and availability for use in an official proceeding—that is, RILEY deleted his Facebook direct communications with Person 1 to impair their use in the federal investigation resulting from the January 6 breach of the U.S. Capitol.

Indictment at ¶ 22.

Like Count One, Count Two incorporates by reference the definition of the phrase "federal investigation" to mean a grand jury investigation. *Id*. at ¶ 21. And as with Count One, the Indictment's factual allegations provide extensive detail in addition to the charging language, elements of the offense of Section 1512(c)(1), and succinct statement as to how the Defendant allegedly violated it. According to the Indictment, this count stems from the Defendant's conduct when, approximately 11 days after counseling Person 1 to "take down the part about being in the building," and engaging in additional substantive communications, he learned from Person 1 that Person 1 had turned himself in to the FBI and informed agents that he had been communicating with the Defendant. *Id*. at ¶ 15. The Defendant then deleted all of his Facebook direct messages to and from Person 1. *Id*. at ¶ 16.

On May 16, 2022, the Defendant filed the instant Motion asking the Court to dismiss the Indictment for failure to allege obstruction of an official proceeding and failure to provide adequate notice of the charges against the Defendant. These claims are without merit, and the Defendant's motion should be denied.

## **ARGUMENT**

The Fifth Amendment of the Constitution requires that the prosecution of a criminal defendant facing a felony charge "be begun by indictment" by a grand jury. *Stirone v. United States*, 361 U.S. 212, 215 (1960). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Cr. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Put another way, "[s]ufficiency [of an indictment] depends upon whether it clearly informs the defendant of the precise offense of which he is accused so that he may prepare his defense" and "is not a question of whether it could have been more definite and certain." *United States v. Conlon*, 628 F.2d 150, 156 (D.C. Cir. 1980) (quotations omitted). It need not "set forth all the evidence the Government plans to present" at trial. *United States v. Palfrey*, 499 F. Supp. 2d 34, 45 (D.D.C. 2007).

In evaluating a motion to dismiss an indictment, courts ask "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012) (citing *United States v. Bowdoin,* 770 F.Supp.2d 142, 146 (D.D.C.2011)). In answering that question, "the court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *Id.* (internal quotation marks and emphasis omitted). The Court "'assumes the truth of [the government's] factual allegations.'" *United States v. Knowles*, 197 F. Supp. 3d 143, 149 (D.D.C. 2016) (quoting *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015)), *aff'd sub nom. United States v. Oral George Thompson*, -- F.3d --, 2019 WL 1768931 (D.C. Cir. Apr. 23,

2019). A motion to dismiss an indictment "is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000).

The Defendant's Motion asks the Court to ignore language in the Indictment, apply inapposite legal standards, and evaluate the sufficiency of the government's evidence. It should be denied. The Government addresses the Defendant's arguments in turn below.[1]

### I. The Indictment Properly Alleges Obstruction of an Official Proceeding

First, the Defendant contends that the Indictment charges him with obstructing only a "law enforcement investigation," and argues that such an investigation—standing alone—does not constitute an "official proceeding" under the 18 U.S.C. § 1512. Def.'s Mot. at 8–11. He sets forth at length the uncontested and irrelevant principle that a law enforcement investigation alone is not an "official proceeding" for the purposes of obstruction in violation of 18 U.S.C. § 1512. *Id*. at 10-12. The Defendant concedes, as he must, that a grand jury investigation is an "official proceeding" under § 1512, but asserts that the Indictment fails to allege the existence of a grand jury investigation. He is wrong.

Both counts of the Indictment charge the Defendant with obstruction of the grand jury investigation of the January 6, 2021, breach of the U.S. Capitol. Each count states that the Defendant obstructed "the federal investigation resulting from the January 6 breach of the U.S. Capitol," Indictment at ¶ 20, 22, which the Indictment defines as a "criminal investigation, for which a federal grand jury was convened in the District of Columbia." *Id.* at ¶ 2. The fact that the Indictment defines the official proceeding as a grand jury proceeding before the charged counts is

---

[1] Throughout his Motion, the Defendant makes extraneous factual assertions and arguments that are irrelevant to any motion to dismiss the Indictment. The Government responds here only to assertions and arguments relevant to the resolution of the instant Motion.

of no moment; "the indictment must be viewed as a whole and the allegations must be accepted as true . . . ." *Bowdoin*, 770 F.Supp.2d at 145. Accordingly, the Indictment alleges an "official proceeding" as defined by the Defendant in his own Motion.

To the extent the Defendant's Motion seeks to strike the Indictment's language discussing a "federal investigation" connected to the grand jury investigation, there is no basis for such relief. Where an indictment "fully and clearly" charges an offense's elements, no constitutional infirmity arises if that indictment "alleges more crimes or other means of committing the same crime." *United States v. Miller*, 471 U.S. 130, 136 (1985). And as the Defendant is aware, a grand jury proceeding is often a component of a criminal investigation. At trial, the Government will be entitled to prove the existence of the larger federal investigation referenced in the Indictment. Indeed, the D.C. Circuit has noted the inherent relationship between criminal investigations and grand jury proceedings in affirming convictions under 18 U.S.C. §§ 1505 and 1512. *See United States v. Kelley,* 36 F.3d 1118, 1128 (D.C. Cir. 1994) ("Because [the defendant] was well aware that his activities were under investigation by the Inspector General, a jury could reasonably infer that [the defendant] knew a criminal investigation, including a grand jury proceeding, might well be forthcoming . . . ."). Consequently, the Defendant's argument that the Indictment does not allege obstruction of an official proceeding fails.

**II.    The Defendant's Challenges to the Sufficiency of the Evidence and the Grand Jury's Probable Cause Determination Provide No Basis for Dismissing the Indictment**

Next, the Defendant asserts the Indictment is defective because the "first grand jury relating generally to the events of January 6, 2021 was not in existence until the earliest January 8, 2021, a full day after Officer Riley allegedly 'knowingly' and 'corruptly' attempted to obstruct a grand jury proceeding." Def.'s Mot. at 12. In so doing, the Defendant selectively reads the obstruction

6

statute with which he is charged and improperly asks the Court to assess the sufficiency of the Government's evidence.

As an initial matter, the grand jury that the Defendant obstructed need not have been empaneled at the time of his obstructive acts for them to have constituted obstruction—Section 1512 explicitly states so. *See* 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—an official proceeding need not be pending or about to be instituted at the time of the offense"). At trial, in order to prove the Defendant's obstruction of the grand jury proceeding, the Government will have to show that it was foreseeable, or that there was a "nexus" between the Defendant's obstructive acts and the contemplated grand jury proceeding. *See United States v. Ring*, 628 F. Supp. 2d 195, 223 (D.D.C. 2009) (to establish obstruction of an official proceeding, government must show "obstructive conduct had a relationship in time, causation, or logic with the [official] proceedings; in other words, the endeavor must have [had] the natural and probable effect of interfering with the official proceeding.") (citations and internal quotations omitted); *Arthur Andersen LLP v. United States,* 544 U.S. 696, 707-708 (stating jury instructions erred because they did not require any nexus or that defendant "have in contemplation any particular official proceeding"). And the government will do so by establishing that the Defendant, a veteran law enforcement officer who knew that the investigation of the January 6, 2021, breach was federal in nature, foresaw the imminent grand jury investigation.

But that is an issue for trial—not for this, the motion to dismiss stage. With his argument regarding the timing of the grand jury empanelment, the Defendant "is essentially asking the Court to make a factual determination that the government cannot prove a nexus between the allegedly obstructive act and the various federal investigations." *Ring*, 628 F. Supp. 2d at 223 (D.D.C. 2009) (quotations and alterations omitted). Such a request "conflates pleading with proof" and provides

no basis for dismissing the Indictment. *Id.* (quoting *United States v. Triumph Capital Group, Inc.*, 260 F.Supp.2d 470, 475 (D. Conn. 2003)); *see also United States v. Huet*, 665 F.3d 588, 597 (3d Cir. 2012) (finding district court erred where "it impermissibly expanded the scope of its review at the Rule 12 stage and evaluated the sufficiency of the evidence") (*abrogated on other grounds by Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019)).

The Defendant claims, while citing no case law, that "[t]here is no evidence that the grand jury . . . was instructed that an investigation could not constitute the official proceeding" or "was informed of the specific grand jury" in question. Def.'s Mot. at 13. As explained above, however, the Indictment is facially valid and states that the Defendant obstructed a grand jury investigation. The Defendant's challenges to the grand jury's determination ignore the precept that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)). Accordingly, there is no "authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the" grand jury's "finding" of probable cause "was founded upon sufficient proof." *Costello v. United States*, 350 U.S. 359, 362-363 (1956) (internal quotation and citation omitted). Put another way, "[t]he grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Kaley v. United States*, 571 U.S. 320, 328 (2014). Thus, the Defendant has again failed to state a basis upon which the Indictment could be dismissed.

**III.  The Indictment Provides Ample Notice of the Charges Against the Defendant**

The Defendant further argues the Indictment is "deficient on its face" because "it does not allege obstruction of a particular, foreseeable proceeding," and thus fails to "adequately apprise

the defendant of the charges." Def.'s Mot. at 15 (quotation marks omitted). But the Defendant is wrong again—the indictment provides the Defendant with notice that he is charged with obstructing the grand jury investigation into the January 6, 2021, breach of the U.S. Capitol. *See* Indictment at ¶¶ 2, 20, 22.

As described above, the Indictment recites the language of the statute and elements of the offenses with which the Defendant is charged; describes in detail his alleged criminal conduct; and identifies the specific official proceeding at issue. Specifically, the Indictment alleges that the Defendant obstructed and attempted to obstruct "the federal investigation resulting from the January 6 breach of the U.S. Capitol," defined as a "criminal investigation, for which a federal grand jury was convened in the District of Columbia." Indictment at ¶¶2, 20, 22. In identifying the specific official proceeding at issue, the Indictment supplements the language of the statute such that, unquestionably, "it clearly informs the defendant of the precise offense of which he is accused." *Conlon*, 628 F.2d at 155.

The Defendant argues that courts "have routinely found that the failure to identify 'the official proceeding' in a Section 1512 indictment should result in dismissal" (Def's Mot. at 15), but a careful reading of the case law he cites reveals that it demonstrates, rather than undermines, the sufficiency of the Indictment in this case. In all of the cases that he marshals for support, the indictments specified no official proceeding at all. *See United States v. Murphy,* 762 F.2d 1151, 1154 (1st Cir. 1985) (Section 1512 indictment "parrot[ed] the statute" and provided the date of the alleged offense, but "[w]hat the [official] proceeding was, or was to be, was in no way indicated"— in other words, it "did not identify *any* proceeding.") (emphasis in original); *United States v. McGarity*, 669 F.3d 1218, 1238–40 (11th Cir. 2012) (indictment merely tracked Section 1512 statutory language and never identified any specific official proceeding); *United States v. Shively*,

9

927 F.2d 804, 810-813 (5th Cir. 1991) (reversing conviction and noting that indictment had not identified official proceeding); *United States v. Peterson*, 544 F. Supp. 2d 1363, 1376 (M.D. Ga 2008) ("the indictment does not allege the official proceeding that the Defendant was indicted for obstructing."). By contrast, the Indictment of the Defendant specifically identifies the grand jury investigation as that the Defendant obstructed. The inapposite cases to which the Defendant cites thus fail to support dismissal of the Indictment.

In connection with the same argument, the Defendant cites the Supreme Court's holding in *Arthur Andersen* that 18 U.S.C. § 1512 requires a "'nexus' between the obstructive act and the proceeding" in question. 544 U.S. 696, 707–08; Def.'s Mot. at 13–15. But here, the Defendant is again improperly challenging the sufficiency of the Government's trial evidence in the form of a motion to dismiss. As a different Court in this District has noted, *Arthur Andersen* addressed the sufficiency of evidence after a conviction at trial, not of an indictment. *See Ring*, 628 F. Supp. 2d at 223. Even more critically, *Arthur Andersen* did not "hold that the nexus requirement . . . is an element that must be alleged in the indictment." *Id.* (quotations and alterations omitted). The Defendant's argument regarding the sufficiency of the Government's evidence regarding "nexus" presents no basis to dismiss the Indictment.

Nonetheless, even though nexus allegations are not required, the Indictment provides the Defendant with notice of some of these facts. The Indictment cites the Defendant's more than 25 years of experience as a U.S. Capitol Police Officer. Indictment at ¶ 3. It further contains the Defendant's own statements reflecting knowledge of investigation and charging decisions relating to the January 6 breach. *Id.* at ¶¶ 7–8. These include several on January 7 to Person 1 asserting that "they are currently investigating and everyone that was inside the building is going to [be] charged"; "if you went inside the building you will be charged"; and "they might choose to only

10

charge certain people and not everyone . . . just know our guys and FBI are going through everything." *Id*. The Indictment further alleges that, after learning that Person 1 had been charged and informed the FBI of his contact with the Defendant, the Defendant deleted all Facebook messages between them. *Id.* at ¶¶ 15–16.

Finally, the Defendant appears to argue that the Indictment must allege an official proceeding that involves only the immediate beneficiary of the Defendant's attempted obstructive conduct in Count 1, that is, Person 1, to survive a motion to dismiss the indictment for lack of notice. *See* Def.'s Mot at 2-3, 15–16. In the same vein, throughout his Motion, the Defendant repeatedly refers to the grand jury investigation into the events of January 6, 2021, as an "umbrella grand jury proceeding" that cannot support a prosecution under § 1512, citing *Arthur Andersen LLP v. United States*. *Id*. The Defendant's argument appears to be that an investigation of the January 6 investigation's scope cannot be particular and foreseeable, as required by *Arthur Andersen* and related precedents. The Defendant cites no case law in support of this claim, and his logic is unsound; a large investigation is no less particular than a small one, and, in this instance, certainly no less foreseeable. Furthermore, *Arthur Andersen* created no pleading requirement that would provide a basis for a motion to dismiss an indictment. *See Ring*, 628 F. Supp. 2d at 223. But more to the point, that precedent nowhere suggests that the scope of an investigation bears any relevance to the Government's ability to prove the required nexus at trial. The Defendant's claims that the Indictment does not provide him with adequate notice are without merit.

## CONCLUSION

The Indictment properly charges the Defendant with two counts of obstruction of an official proceeding, and provides him with adequate notice that the official proceeding in question is the grand jury investigation of the January 6, 2021, breach of the U.S. Capitol. The Defendant's

11

challenges to the sufficiency of the Government's trial evidence are misplaced. Accordingly, the Defendant's challenges to the sufficiency of the Indictment fail and his motion should be denied.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Molly Gaston*
        Molly Gaston
        Assistant United States Attorney
        VA Bar No. 78506
        601 D Street, N.W.
        Washington, DC 20530
        Molly.Gaston@usdoj.gov
        (202) 252-7803

        */s/ Mary L. Dohrmann*
        Mary L. Dohrmann
        Assistant United States Attorney
        NY Bar No. 5443874
        601 D Street, N.W.
        Washington, DC 20530
        Mary.Dohrmann@usdoj.gov
        (202) 252-7035