**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | No. 21-cr-628-ABJ |
| | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANGELO RILEY, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |
| | : | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S**
**OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS INDICTMENT**

In his Motion to Dismiss, Officer Michael Riley provided extensive case law in support of his arguments that the Indictment is defective because a law enforcement investigation — even one that leads to an official proceeding — is not an "official proceeding" under 18 U.S.C. § 1512 and because the Supreme Court (in order to establish the necessary element of intent) requires the identification of a particular and foreseeable official proceeding that has a "nexus" to the alleged obstructive conduct. In its Opposition, the Government makes two arguments. Neither can salvage its Indictment from dismissal.

*First*, the Government argues that the second paragraph of the Indictment defines "federal investigation" to include, besides an FBI and Capitol Police investigation, the convening of a grand jury — such that the absence of the words "grand jury" in Counts One and Two of the Indictment is not a defect because of authority that finds no constitutional infirmity where an indictment "alleges more crimes or other means of committing the same crime." Opp'n at 6 (quoting *United States v. Miller*, 471 U.S. 130, 136 (1985)). The problem is that Counts One and Two only use the words "federal investigation" (not grand jury). That plain language of the Counts of the Indictment

reveals that the grand jury could have found probable cause to believe that Officer Riley committed two offenses of obstruction of justice based upon his actions directed at a "federal investigation" — even though it is uncontested that such actions would *not* constitute a "crime[] or other means of committing the same crime." *Miller*, 471 U.S. at 136. It is even more pertinent now whether the grand jury was ever correctly instructed on the law and actually found probable cause for obstruction of a grand jury proceeding, *vis a vis*, a law enforcement investigation (which cannot establish criminal liability). Simply put, the grand jury could have indicted Officer Riley on something that is not a crime. That requires dismissal of the Indictment.

*Second*, the Government argues that the Indictment cannot be dismissed for lack of a "nexus" between the allegedly obstructive act and an "official proceeding" without going beyond the facts alleged in the Indictment. Not so. The Indictment alleges *no facts* that would allow a person to understand a relationship in "time, causation, or logic with the [official] proceeding[]" or to have "the natural and probable effect of interfering with the official proceeding." Opp'n at 7 (quoting *United States v. Ring*, 628 F. Supp. 2d 195, 223 (D.D.C. 2009)). The Government believes that it is enough to establish the required "nexus" by alleging that Officer Riley was a "veteran law enforcement officer who knew that the investigation of the January 6, 2021, breach was federal in nature" such that he "foresaw the imminent grand jury investigation." Opp'n at 7. The issue is not whether Officer Riley could foresee a federal grand jury investigation for the U.S. Capitol breach. Rather, the flaw in the Indictment is that there are no facts that establish a "nexus" between Officer Riley's communication with Jacob Hiles about taking down part of a Facebook post about Mr. Hiles being pushed into the U.S. Capitol — and a specific grand jury investigating the overarching events of the U.S. Capitol breach. Mr. Hiles' statements to Officer Riley did not rise to conduct subject to a felony grand jury prosecution. Even after Mr. Hiles' arrest, and with a truthful account

of his actions at the U.S. Capitol (which was unknown to Officer Riley on *January 7*, 2021), the Government never charged Mr. Hiles with a felony offense or presented his case to a grand jury. Mr. Hiles was arrested on misdemeanor offenses, and accordingly, was charged by *Information* less than five weeks after his arrest. There was never any particular grand jury proceeding investigating Mr. Hiles or his Facebook post. The Indictment itself alleges that, even as late as January 16, 2021, Mr. Hiles wrote to others and stated that he "had spoken to 'capitol police' and the charges against him were likely to involve only trespassing" — not a felony offense for which a grand jury would consider charges. Indictment, ¶ 13. In short, the Indictment on its face allows no person to find the required "nexus" between Officer Riley's actions and the overarching investigation into the U.S. Capitol breach.

At a minimum, an indictment must be legally sufficient, *i.e.*, it must assert facts that in law amount to an offense and that, if proven, would establish *prima facie* the accused's commission of that offense. The Indictment in this case fails because it is the product of the Government's mistaken belief that criminal liability under the statute can exist based on a law enforcement investigation — which it cannot — *or* be based on some umbrella grand jury proceeding, completely unconnected to any investigation of the relevant Facebook post that discussed conduct that never rose above the level of a misdemeanor.

If the Government wants to seek an appropriate Indictment, consistent with existing precedent and with appropriate legal instructions to the grand jury on what permissibly constitutes an official proceeding, it should be permitted to do so, but it cannot proceed with the defective Indictment it has brought in this case.

Accordingly, Officer Riley's Motion to Dismiss should be granted.

## FACTUAL BACKGROUND

**(i)**    **Procedural History**

On October 14, 2021, Officer Michael Riley was charged with two counts of obstructing an "official proceeding" pursuant to 18 U.S.C. § 1512. Count One of the Indictment alleges that on January 7, 2021, he directed Jacob Hiles "to take down from Facebook records relating to his conduct at the U.S. Capitol on January 6, 2021, with the intent of making the records unavailable for use in the federal investigation resulting from the January 6 breach of the U.S. Capitol." Indictment, ¶ 20 (D.E. 1). Count Two of the Indictment alleges that on January 20, 2021, Officer Riley "deleted his Facebook direct communications" with Jacob Hiles "to impair their use in the federal investigation resulting from the January 6 breach of the U.S. Capitol." *Id.* ¶ 22. In its Indictment, the Government defines the "federal investigation" as a "U.S. Capitol Police (USCP) and the Federal Bureau of Investigation (FBI)" "criminal investigation," "launched" following the events of January 6, 2021, "for which a federal grand jury was convened in the District of Columbia." *Id.* ¶ 2.

On August 5, 2021, the FBI issued a request for approval to open a full investigation against Officer Riley based on "allegations [that] he obstructed justice when he instructed an individual who was inside the U.S. Capitol on January 6, 2021 to remove incriminating Facebook posts about being inside the U.S. Capitol *in an attempt to avoid being charged with a crime*." USA-000001 (emphasis added). Nowhere in that opening FBI report was there any reference to an investigation of obstruction of a grand jury proceeding by the removing of information from the purview of the grand jury. In its report, the FBI also notes that the matter was "brought to the FBI by the D.C. U.S. Attorney's Office." *Id.*

On April 29, 2022, this Court held a hearing on Officer Riley's motion to compel discovery

4

and issued an oral ruling on the record that was subsequently supplemented with a Minute Order

dated May 1, 2022. The Court stated at the hearing:

> So I think you are entitled to know when any grand jury that he is ***alleged to have obstructed corruptly or alleged to have tried to make a document unavailable for use in existed***.

Apr. 29, 2022 Tr. at 23-26 (emphasis added). In its Minute Order, the Court ordered the

Government to produce "records showing the date any grand jury that is the subject of Count One

was empaneled as well as any records, if any, showing when the U.S. Capitol Police was notified

that such a grand jury had been convened." May 1, 2022 Min. Ord. at 1.

After receiving no discovery from the Government, Officer Riley sent a letter to the

Government advising it of the discovery obligations pursuant to the Court's Order. *See* May 9,

2022 Ltr. at 1 (D.E. 34-1). In a May 13, 2022 letter, the Government stated:

> [W]ith respect to the Court's order that the Government produce records showing the date that any grand jury that is the subject of Count One was empaneled, we attach an indictment that was returned by the grand jury that was empaneled immediately after January 6, 2021, ***on January 8, 2021, largely for the purpose of considering Capitol attack cases***.

May 13, 2022 DOJ Ltr. at 1 (emphasis added). The Government's disclosure did not identify when

this referenced grand jury was actually notified by the Government that it was tasked with

investigating the events of January 6, 2021. The exemplar indictment produced by the Government

in discovery was returned on January 29, 2021, some 21 days after being empaneled. Regardless,

a review of publicly available indictments establishes that sometime between January 8 and

January 11, 2021, the empaneled grand jury began hearing matters relating to the U.S. Capitol

breach.[1]  Additionally, to date, the Government has produced no documents establishing

---

[1] *See United States v. Mark Jefferson Leffingwell*, 21-cr-5-ABJ (D.E. 6) (Indictment - January 11, 2021); Press Release, https://www.justice.gov/usao-dc/pr/seven-charged-federal-court-following-events-united-capitol, last visited June 6, 2022.

notification to the Capitol Police by the U.S. Attorney's Office of an open grand jury proceeding; rather, the Government has produced only public announcements regarding an "investigation."

On May 19, 2022, Officer Riley sought "clarification" of the Government's disclosures in its May 13, 2022 letter. Specifically, Officer Riley inquired of the Government as to "when was the grand jury that you assert constitutes the 'official proceeding' referenced in the Indictment advised that they would be considering charges relating to the events of January 6, 2021 at the U.S. Capitol." *See* May 19, 2022 Ltr. at 3 (attached hereto as Exhibit 1). Officer Riley also inquired as to the relevance, if any, of the Government's "production of an Indictment returned on January 29, 2021 by a grand jury empaneled on January 8, 2021, if the first Indictments returned by that empaneled grand jury occurred on January 11, 2021." *Id.* Finally, Officer Riley reiterated his previous inquiry from the May 9, 2022 letter — which went unanswered by the Government — as to whether the Government "instructed the grand jury (that you assert constitutes the 'official proceeding' referenced in the Indictment) that it could not rely on an FBI or USCP investigation when evaluating whether Officer Riley obstructed an 'official proceeding' as charged in the Indictment." *Id.* at 4. The Government still has not responded to these inquiries.

Adding to the existing confusion, at the parties' most recent hearing on April 29, 2022, counsel for Officer Riley advised the Court that "we just want to know what was the official proceeding that [Officer Riley]'s accused of attempting to interfere with in some way." Apr. 29, 2022 Tr. at 26-27. Apparently regarding the official proceeding, the Government explained at the hearing that the first possible grand jury that heard January 6, 2021 related cases was empaneled on January 8, 2021. *Id.* at 23-24. Now, the Government, for the first time in this case, is asserting that Officer Riley is being charged with obstructing not only an investigation, but also a grand jury proceeding. Opp'n at 1 (D.E. 35). If the Government's understanding of the "official proceeding"

is unclear, how could the grand jury have been clear when returning the Indictment in this case, or Officer Riley have known about or foreseen the purported official proceeding prior to its existence. Regardless, as discussed in extensive detail in his Motion to Dismiss, Officer Riley did not intend to obstruct any official proceeding. *See* Def.'s Mot. at 4 n.1 (D.E. 34).

**(ii)     Officer Riley's Motion to Dismiss**

Officer Riley moved to dismiss the Indictment, providing extensive case law to support the arguments that a law enforcement investigation — even one that leads to an official proceeding — is not an "official proceeding" under 18 U.S.C. § 1512 and that the Supreme Court (in order to establish the necessary element of intent) requires the identification of a particular and foreseeable official proceeding that has a "nexus" to the alleged obstructive conduct.

In its Opposition, the Government does not dispute that: (i) a law enforcement investigation does not constitute an "official proceeding" pursuant to 18 U.S.C. § 1512; (ii) Officer Riley is not alleged to have obstructed a particular grand jury proceeding relating to Jacob Hiles or his Facebook post (as required by the Supreme Court's decision in *Arthur Andersen L.L.P. v. United States*, 544 U.S. 696 (2005)), but rather a general umbrella grand jury investigating the events of January 6, 2021; (iii) there was never a specific grand jury investigation of Mr. Hiles; and (iv) the Government has still not advised Officer Riley as to the specific date the official proceeding commenced (which is relevant to the foreseeability of a proceeding that occurred *after* the date of the alleged obstruction) and whether the grand jury was properly instructed that obstruction of an investigation *cannot* establish criminal liability under 18 U.S.C. § 1512. Moreover, the Government did not address the fact that Mr. Hiles falsely told Officer Riley that he entered the U.S. Capitol solely to avoid being trampled and upon entry complied with officer instructions and that Officer Riley advised Mr. Hiles that he was terminating all communication with him because

Mr. Hiles lied to him about his actions inside the U.S. Capitol on January 6, 2021.

Rather, the Government now claims — *seven* months since its Indictment was issued — that Officer Riley is charged "not with obstructing **only** a law enforcement investigation, **but with** obstructing the grand jury investigation into the January 6, 2021, breach of the U.S. Capitol." Opp'n at 1 (D.E. 35) (emphasis added). This is news to Officer Riley because obstruction of a "law enforcement investigation" is not a violation of 18 U.S.C. § 1512.

In order to salvage its Indictment, the Government asks this Court to brush aside the allegations relating to a "federal investigation" and focus on the words "federal grand jury." The problem with that approach is: (i) there was no specific federal grand jury investigation as to Jacob Hiles or his Facebook post (which was allegedly removed from the grand jury's purview); and (ii) because no grand jury was in existence on January 7, 2021 — the date of the alleged obstruction — the Government must prove that Officer Riley had reason to know his conduct would be removing evidence from a particular grand jury connected to that conduct. But, as set forth in his Motion to Dismiss, Mr. Hiles' statements to Officer Riley did not rise to conduct subject to a felony grand jury prosecution. Even after Mr. Hiles' arrest, and with a truthful account of his actions at the U.S. Capitol (which was unknown to Officer Riley on *January 7*, 2021), the Government never charged Mr. Hiles with a felony offense or presented his case to a grand jury. Mr. Hiles was arrested on misdemeanor offenses, and accordingly, was charged by *Information* less than five weeks after his arrest.

The Government does not even allege facts in its speaking Indictment as to why Officer Riley should have anticipated a grand jury investigation as to Jacob Hiles' Facebook post, and grand jury transcripts provided in discovery establish that no evidence was presented to the grand jury on this issue. This is consistent with the Government's discovery confirming that there was

no notification by the U.S. Attorney of an open "grand jury proceeding" to the United States Capitol Police.

The Government's cavalier response to Officer Riley's Motion is that this is not an issue to discuss now, but an issue to be raised and decided at trial. As if the Court should wait until trial when it ultimately has to instruct a jury that an investigation is not an official proceeding (when the Indictment alleges that conduct as part of the charged obstruction) and that the Supreme Court requires a nexus between the obstructive conduct and the official proceeding (which is specifically missing from the Government's Indictment, as well as its case). At present, the Government only tells us (since it is nowhere in its Indictment) that there was an open grand jury on January 8, 2021, which mostly heard matters relating to January 6, 2021, but was not dedicated solely to the investigation of the events of January 6, 2021. As discussed below, this will not suffice.

## ARGUMENT

Notwithstanding the Government's assertions otherwise, the "operative question" still remains "whether the[ ] allegations [in the Indictment], if proven, are sufficient to permit a jury to find that the crimes charged were committed." *United States v. Guertin*, No. 21-cr-262 (TNM), 2022 WL 203467, at *1 (D.D.C. Jan. 24, 2022) (quoting *United States v. Payne*, 382 F. Supp. 3d 71, 74 (D.D.C. 2019)). In other words, "[t]he accusation must be legally sufficient, *i.e.*, it must assert facts which in law amount to an offense and which, if proved, would establish *prima facie* the accused's commission of that offense." *United States v. Miller*, --- F. Supp. 3d ----, No. 21-cr-119, 2022 WL 1718984, at *3 (D.D.C. May, 27, 2022) (quoting *United States v. Hillie*, 227 F. Supp. 3d 57, 71-72 (D.D.C. 2017)). Limited to the four corners of the Indictment, the Government has not made a *prima facie* showing.

I.    **Obstruction of a Criminal Investigation – As Alleged in the Indictment –
       Is Not Obstruction of Justice as a Matter of Law Under 18 U.S.C. § 1512.**

The "Court is bound by the language in the indictment. Adherence to the language of the

indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited

to the unique allegations of the indictments returned by the grand jury." *United States v. Saffarinia*,

424 F. Supp. 3d 46, 70–71 (D.D.C. 2020) (citations omitted).

As then-District Court Judge Ketanji Brown Jackson explained:

> A subsequent statement by the government in the form of a bill of particulars does
> not guarantee that the formal charges brought against the defendant adhere to the
> facts that the grand jury considered. And to permit the omission of a material fact
> to be cured by a bill of particulars would be to ***allow the grand jury to indict with
> one crime in mind and to allow the U.S. Attorney to prosecute by producing
> evidence of a different crime***; which would, in essence, usurp the function of the
> grand jury and, in many cases, would violate due process by failing to give the
> accused fair notice of the charge he must meet.

*Miller*, 2022 WL 1718984, at *6-7 (quoting *Hillie*, 227 F. Supp. 3d at 71–72) (citations,

parentheticals, and punctuation omitted) (emphasis added).

According to the Indictment, immediately following the events of January 6, 2021, "the

U.S. Capitol Police (USCP) and the Federal Bureau of Investigation (FBI) launched a criminal

investigation, for which a federal grand jury was convened in the District of Columbia (the 'federal

investigation')." Indictment, ¶ 2. According to the plain text of paragraph 2 of the Indictment,

Officer Riley is alleged to have, on January 7, 2021, obstructed an investigation that subsequently

resulted in a grand jury being convened.

In its Opposition (at 1), the Government asserts that "the Defendant ignores the plain

language of the Indictment against him, which charges him not with obstructing only a law

enforcement investigation, but with obstructing the grand jury investigation into the January 6,

2021, breach of the U.S. Capitol." Thus, the Government now claims that the grand jury voted on

an Indictment charging two events as the basis for obstruction. In his Motion to Dismiss, Officer Riley presented legal authority — unrefuted by the Government — that a criminal investigation, even one that leads to an official proceeding, is not an official proceeding and therefore cannot form the basis of criminal liability under the charged statute or sustain a criminal indictment. *See* Def.'s Mot. at 10-11 (D.E. 34) (listing cases). Accordingly, the Government sought an Indictment on conduct that falls outside of the charged obstruction statute. This is exactly why Officer Riley requested that the Government confirm that it properly instructed the grand jury that obstruction of an investigation cannot form the basis for the charges in this case. *See* Ex. 1 at 3-4; May 9, 2022 Ltr. at 1 (D.E. 34-1).

Given it is completely unclear whether the grand jury based its Indictment impermissibly on obstruction of an investigation, rather than of a grand jury proceeding, the Indictment should be dismissed. To allow it to proceed would run the risk of "allow[ing] the grand jury to indict with one crime in mind and to allow the U.S. Attorney to prosecute by producing evidence of a different crime." *Miller*, 2022 WL 1718984, at *7 (quoting *Hillie*, 227 F. Supp. 3d at 71-72).

In its Opposition (at 6), the Government mistakenly relies on *United States v. Kelley*, 36 F.3d 1118, 1128 (D.C. Cir. 1994), to blur the lines between an investigation and grand jury proceeding to save its deficient Indictment. *See*, *e.g.*, *Guertin*, 2022 WL 203467, at *8 n.7 ("As the Government's own summary of the case concedes, *Kelley* interpreted the statutory phrase 'pending proceeding' in § 1505 and merely assumed without deciding that § 1505 and § 1512(c)(2) would have comparable meanings," which they do not as "§ 1505 contains none of the above-mentioned indicia limiting its applicability to formal tribunals"); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, *8 (D.D.C. Dec. 28, 2021) ("The D.C. Circuit's decision in *United States v. Kelley*, is even less on point. The relevant discussion in that case concerns a

11

different statute—Section 1505—and different language."); *United States v. Ermoian*, 752 F.3d 1165, 1171 n.5 (9th Cir. 2013) ("Although the government cites to two different out-of-circuit decisions in an effort to convince us that the term 'official proceeding' in the obstruction of justice statute should be read broadly to include criminal investigations, we are not persuaded by their reasoning. The first, *Kelley*, did not even analyze the meaning of the term 'official proceeding' as used in the obstruction of justice statute. Instead, the court 'assume[d] that the AID Inspector General's investigation was a proceeding under § 1512 . . .' based on an agreement between the parties. This assumption carries no persuasive weight." (citations omitted)). *See also* Def.'s Mot. at 10-11 (D.E. 34) (listing cases holding that investigations are not "official proceedings" under § 1512).

Even if *Kelley* addressed the same statute in this case (which it does not), the facts of *Kelley* are completely inapposite. In *Kelley*, the defendant was aware he was under investigation and the person the defendant was alleged to have corrupted was told by the "Inspector General official investigating the case" that he planned to "pass the case to the grand jury." 36 F.3d at 1128. This is completely distinct from a defendant allegedly obstructing an investigation of a third-party as to conduct that did not rise to the level of a felony subject to a grand jury proceeding.

Additionally, the Government's assertion (Opp'n at 6) that "a grand jury proceeding is often a component of a criminal investigation," is simply not accurate. The vast majority of investigations do not result in felony prosecutions, including the more than 500 individuals charged with misdemeanor offenses relating to the events of January 6, 2021 and the thousands of protestors arrested, but never indicted, on U.S. Capitol grounds and at the Supreme Court prior to January 6, 2021. This is especially true as to Mr. Hiles, whose statements and actions did not rise

to felony conduct, and who was never the subject of a grand jury proceeding, nor was the portion

of his single Facebook post at issue here the subject a grand jury proceeding.

## II.   The Indictment Must be Dismissed Because It Does Not Put the Defendant on Notice of a Particular and Foreseeable "Official Proceeding."

In its Indictment and through discovery, the Government still refuses to identify the

particular and foreseeable "official proceeding" that Officer Riley allegedly obstructed, as required

by the Supreme Court's decision in *Arthur Andersen*. 544 U.S. at 707-08. Presently, we know that

it apparently occurred after the date of the charged offense, January 7, 2021. In response to the

Court's Order to Compel, the Government stated:

> [W]ith respect to the Court's order that the Government produce records showing the date that any grand jury that is the subject of Count One was empaneled, we attach an indictment that was returned by the grand jury that was empaneled immediately after January 6, 2021, ***on January 8, 2021, largely for the purpose of considering Capitol attack cases***.

May 13, 2022 DOJ Ltr. at 1 (emphasis added). From the single indictment produced, the

Government identifies a grand jury empaneled on January 8, 2021 that heard evidence at some

time relating to the events of January 6, 2021 at the U.S. Capitol. At this point, Officer Riley still

does not know what is the "particular official proceeding" that the Government claims will meet

*Arthur Andersen*'s nexus requirement. The Government cannot meet its notice requirement by

identifying an empaneled grand jury that mostly handled January 6, 2021 Capitol cases. *See United

States v. Young*, 916 F.3d 368, 386 (4th Cir. 2019) (instructing that a defendant must have

"contemplated a particular, foreseeable proceeding, and that the contemplated proceeding

constituted an official proceeding" (citation and punctuation omitted)).

The Government also seeks to undermine the legal authority cited in Officer Riley's

Motion to Dismiss by claiming that, unlike other cases where the official proceeding was not

"specified" "at all" (Opp'n at 9), here the Government identified the "official proceeding." The

Government simply misses the point. *First*, it identifies two separate events, an investigation and a grand jury proceeding, that underly the obstruction charges. *Second*, it provides no notice as to when the official proceeding occurred, absent that some general umbrella grand jury was empaneled and primarily heard cases relating to January 6, 2021, which was the vast majority of all cases brought by the Government in the last two years, through multiple, different empaneled grand juries. *Finally*, the Supreme Court requires more than a general umbrella grand jury proceeding, but rather, a specific link between the obstructed material — a portion of a single Facebook post — and a grand jury proceeding. In this case, no such specific and particular proceeding is identified, or according to discovery, ever occurred.

The Government also asks this Court (Opp'n at 10) to disregard *Arthur Anderson* because that case addressed the Government's proof *at trial* and not what is required to be in an Indictment. Again, the Government simply misses the point. The Government has not even put Officer Riley on notice of what constitutes the particular official proceeding that has a nexus to the alleged obstruction of a Facebook post that would sustain a conviction. If the Government cannot even provide the basic notice to "establish" a "*prima facie*" showing of "the accused's commission of that offense," *see Miller*, 2022 WL 1718984, at *3; *Hillie*, 227 F. Supp. 3d at 71-72, how can it possibly establish its case beyond a reasonable doubt at trial. If the Government has evidence, it should identify it. If it does not, this case should be dismissed.

## CONCLUSION

For all these reasons, Officer Riley respectfully requests an Order dismissing the Indictment in this matter.

Dated: June 6, 2022                                  Respectfully submitted,

                                                   **SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

                                                    /s/ Christopher Macchiaroli
                                              Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Andrew C. White (Federal Bar No. 08821)
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street, Suite 900
Baltimore, Maryland  21202
Telephone: (410) 385-2225
Facsimile:  (410) 547-2432
Email: awhite@silvermanthompson.com
Email: ecorcoran@silvermanthompson.com

*Counsel for Defendant*