UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Action No. 21-0628 (ABJ) |
| MICHAEL ANGELO RILEY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

On May 16, 2022, defendant Michael Angelo Riley filed a motion to dismiss the two count indictment against him, which charged him with obstructing an official proceeding in violation of 18 U.S.C. § 1512(b)(2)(B) and 18 U.S.C. § 1512(c)(1). Indictment [Dkt. # 1]; *see* Def.'s Mot. to Dismiss Indictment [Dkt. # 34] ("Mot."). Defendant maintains that the case against him must be dismissed because (1) obstruction of a "criminal investigation" cannot constitute a violation of 18 U.S.C. § 1512 as a matter of law, Mot. at 8–12; and (2) the indictment does not identify the particular and foreseeable "official proceeding" that his actions were intended to obstruct. *See* Mot. at 13–16.

According to the Federal Rules of Criminal Procedure, an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment "need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018), quoting *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014); *see United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). "It is generally sufficient that an indictment set

forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974), quoting *United States v. Carll*, 105 U.S. 611, 612 (1882). While the language of the statute may be used to describe the offense, it should be accompanied with a statement of the facts and circumstances to inform the defendant of the specific offense being charged. *Id.*

A criminal defendant may move to dismiss an indictment before trial based on a "defect in the indictment," Fed. R. Crim. P. 12(b)(3)(B), including constitutional challenges. *See United States v. Eshetu*, 863 F.3d 946, 952 (D.C. Cir. 2017), *vacated in part on reh'g on other grounds*, 898 F.3d 36 (D.C. Cir. 2018). "When considering a motion to dismiss an indictment, a court assumes the truth of [the indictment's] factual allegations." *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015), citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). A dismissal of an indictment "is granted only in unusual circumstances," because "a court's 'use[ ] [of] its supervisory power to dismiss an indictment . . . directly encroaches upon the fundamental role of the grand jury.'" *Id.* at 148, quoting *Whitehouse v. U.S. Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995).

The indictment begins with 18 paragraphs – or more than four pages – of detailed factual allegations that spell out exactly what it is the defendant is alleged to have done. It then sets out the two counts, which incorporate all of the prior factual recitations. Count I charges obstruction

of an official proceeding in violation of 18 U.S.C. § 1512(b)(2)(B).[1] It does not merely recite the statutory language, but it focuses in on the specific date and event that forms the basis for the charge:

> On January 7, 2021, in the District of Columbia and elsewhere, the defendant, **MICHAEL ANGELO RILEY**, did knowingly corruptly persuade, and attempt to do so, with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding—that is, RILEY directed Person 1 to take down from Facebook records relating to his conduct at the U.S. Capitol on January 6, 2021, with the intent of making the records unavailable for use in the federal investigation resulting from the January 6 breach of the U.S. Capitol.

Indictment ¶ 20 (emphasis in original). Count II charges a violation of 18 U.S.C. § 1512(c)(1),[2] and it similarly goes beyond merely tracking the statutory language to identify the conduct underlying the charge:

> On January 20, 2021, in the District of Columbia and elsewhere, the defendant, **MICHAEL ANGELO RILEY**, did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempt to do so, with the intent to impair its integrity and availability for use in an official proceeding—that is, RILEY deleted his Facebook direct communications with Person 1 to impair their use in the federal investigation resulting from the January 6 breach of the U.S. Capitol.

Indictment ¶ 22 (emphasis in original). "Official proceeding" is a defined term; as used in section 1512, the phrase means, among other things, "a proceeding before a judge or court of the

---

[1] 18 U.S.C. § 1512(b)(2)(B) ("Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to-- . . . (2) cause or induce any person to-- . . . (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both.").

[2] 18 U.S.C. § 1512(c)(1) ("Whoever corruptly-- (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both.").

United States, . . . or a Federal grand jury." 18 U.S.C. §1515(a)(1)(A).  By citing section 1512 and specifically alleging an "intent to impair [the object's] integrity and availability for use *in an official proceeding*" in each count, Indictment ¶¶ 20, 22 (emphasis added), the indictment makes clear that the defendant is charged with attempting to obstruct the work of a grand jury, and not merely a "criminal investigation."

Nonetheless, defendant maintains that the indictment is deficient because it does not even *allege* that he obstructed an official proceeding.  *See* Mot. at 8 ("According to the plain text of the Indictment, Officer Riley is alleged to have on January 7, 2021, obstructed an investigation that subsequently resulted in a grand jury being convened.").[3]  This contention is based upon the disingenuous suggestion that the indictment appears to charge only the obstruction of a criminal investigation and to prove his point, defendant highlights the language in paragraphs 20 and 22 of the indictment that summarize the counts:

> Count One specifically alleges that on January 7, 2021, Officer Riley:
>
>> did knowingly corruptly persuade . . . with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding—that is, RILEY directed Person 1 to take down from Facebook records relating to his conduct at the U.S. Capitol on January 6, 2021, with the intent of making the records unavailable for use in the ***federal investigation resulting from the January 6 breach of the U.S. Capitol***.
>
> . . .
>
> Count Two specifically alleges that on January 20, 2021, Officer Riley:

---

3   *See also* Mot. at 2 ("[W]ell-settled law makes clear that a *criminal investigation* (even one that ultimately leads to an official proceeding) is not an 'official proceeding' as defined by Congress and therefore cannot be the basis of criminal liability under the obstruction statutes charged in this case.") (emphasis in original); Mot. at 10 ("The law is clear that a law enforcement investigation is not an official proceeding, even one that leads to an official proceeding.").

> did corruptly alter, destroy, mutilate, and conceal a record, document, and other object . . . with the intent to impair its integrity and availability for use in an official proceeding—that is, RILEY deleted his Facebook direct communications with Person 1 to impair their use in the ***federal investigation resulting from the January 6 breach of the U.S. Capitol***.

Mot. at 9 (emphasis in original) (citations omitted). But paragraph 20 is not the first time the term "federal investigation" appears in the charging document, and a review of the indictment reveals that it too is a defined term, defined on the very first page of the document to refer specifically to a federal grand jury.

> Immediately following [the events of January 6, 2021], the U.S. Capitol Police (USCP) and the Federal Bureau of Investigation (FBI) launched a criminal investigation, for which a federal grand jury was convened in the District of Columbia (the "federal investigation").

Indictment ¶ 2. Thus, there is no lack of clarity here, and the indictment plainly alleges the obstruction of an official proceeding: a grand jury investigation.

Moreover, if the defendant was truly confused about the nature of the charges against him, he could have filed a motion for a bill of particulars under Federal Rule of Criminal Procedure 7(f). *See United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (an indictment should be "stated with enough precision" to allow the defendant to understand the charges and prepare a defense, and if it is not, a bill of particulars may be required); *see also United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (the court should grant such motions when "necessary to prevent unfair surprise at trial").

But defendant Riley did not do that, and that is because he knew exactly what he was charged with.

The notion that defendant has not been on notice that he was charged with obstructing a grand jury investigation, as opposed to an FBI investigation, and that he remains in the dark to this

day is belied by his own motion for discovery, filed on January 13, 2022. *See* Def.'s Mot. to Compel Disc. [Dkt. # 25] ("Disc. Mot."). In it , he stated:

> While individuals and social media platforms have either removed (or have suggested the removal) of postings relating to the U.S. Capitol on January 6, 2021, Officer Riley is now subject to criminal prosecution for allegedly engaging in that same conduct. Specifically, in its Indictment, the Government alleges that on January 7, 2021, Officer Riley obstructed an "official proceeding" (*i.e.*, a grand jury investigation) by allegedly suggesting that Mr. Hiles take down part of a Facebook post . . . .
>
> . . .
>
> [T]he Government in its prosecution must prove beyond a reasonable doubt that Officer Riley *knew* there was a grand jury empaneled as to Mr. Hiles or had *reason to know* that one would be.

Disc. Mot. at 1–2 (emphasis in original).[4] Based on that assertion – which was legally incorrect, *see* 18 U.S.C. § 1512(f)(1) ("For the purposes of this section . . . an official proceeding need not be pending or about to be instituted at the time of the offense . . . .") – defendant requested information about exactly when the grand jury was empaneled.[5]

---

[4] *See also* Disc. Mot. at 10 ("[P]roof beyond a reasonable doubt would be required that Officer Riley knew or had reason to know of a grand jury investigation (*i.e.*, the 'official proceeding') . . . .").

[5] In his motion to dismiss, defendant continues to complain that there is no evidence that a grand jury had been convened to investigate either Person 1 in the indictment or the events of January 6 as of the date of his alleged criminal conduct on January 7, 2022. *See* Mot. at 12; *id.* at 12 n.7 ("As there was no grand jury proceeding on January 7, 2021, whether specific to Mr. Hiles or an umbrella grand jury as to the events of January 6, 2021, Officer Riley *could not* have known there was an actual official proceeding he was allegedly obstructing."); *see also* Mot. at 13 ("Thus, the grand jury that returned the Indictment against Officer Riley could not have assessed Officer Riley's awareness of the grand jury proceeding he allegedly obstructed, an element of the crime charged."). But he does not explicitly move to dismiss on those grounds, and his objection on this point seems to relate more to the sufficiency of the anticipated evidence than the facial validity of the indictment.

Thus, as of January 2022 at the latest, defendant Riley understood the charges against him perfectly. Indeed, the government had taken pains to dispel any confusion. *See* Disc. Mot. at 10 n.2 ("The Government has confirmed in writing that it considers the 'official proceeding' referenced in its Indictment to be a grand jury proceeding."); *see also* Def.'s Reply to the Gov't's Opp. to Def.'s Mot. to Compel Disc. [Dkt. # 28] at 1 n.1 ("[T]he Government has acknowledged in discovery that it considers the 'official proceeding' referenced in the Indictment to have been a 'grand jury' proceeding."). This obviated the need for a motion for bill of particulars. *See United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) ("[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required.").

The Court reiterated the point in its ruling on the record granting the motion for discovery in part and denying it in part. Min. Order (May 1, 2022) ("The request for materials related to the 'official proceeding' issue . . . was GRANTED in part; the government must produce records showing the date *any grand jury* that is the subject of Count One was empaneled as well as any records, if any, showing when the U.S. Capitol Police was notified that such *a grand jury* had been convened . . . .") (emphasis added).

Defendant's second theory for why the indictment should be dismissed is based primarily on the Supreme Court's ruling in *Arthur Andersen L.L.P v. United States*, 544 U.S. 696 (2005), and *United States v. Young*, 916 F.3d 368 (4th Cir. 2019):

> The Court concluded that to satisfy the elements of § 1512(b), the Government must prove beyond a reasonable doubt that the defendant "ha[d] in contemplation [a] particular official proceeding" when he or she attempted to interfere with evidence or a witness. [*Arthur Andersen*, 544 U.S.] at 708; *accord Young* at 386 (instructing that a defendant must have "contemplated a particular, foreseeable proceeding, and that the contemplated proceeding constituted an official proceeding[.]").

7

Mot. at 14.  But the indictment clearly alleges that the defendant acted with the intent to make evidence unavailable to a specific official proceeding – the federal grand jury convened to investigate activities on January 6 – and the real gravamen of defendant's motion is that the government will be unable to prove the requisite level of knowledge or intent at trial.

> The Supreme Court held that "if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct." [*Arthur Andersen*, 544 U.S.] at 599; *accord Guertin*, 2022 WL 203467, at *9 (citing *Arthur Andersen* as "requiring that the defendant have "knowledge that his actions are likely to affect [a] judicial proceeding" to have the "requisite intent to obstruct").

Mot. at 14.  This will be a question to be resolved after the evidence has been introduced, and not on the face of the indictment.

For these reasons, while the indictment could have been drafted with more precision, the defendant is well-prepared to mount his defense, and his motion for the extraordinary remedy of dismissal is **DENIED**.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  June 29, 2022