UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-628 (ABJ) |
| | : | |
| MICHAEL ANGELO RILEY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OMNIBUS MOTION *IN LIMINE*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves *in limine* to preclude three categories of improper defense evidence and arguments. Specifically, the government moves to exclude the defense from introducing evidence, eliciting testimony, or making argument before the jury (1) related to any potential penalties or collateral consequences of conviction, (2) intended to elicit jury nullification, and (3) pertaining to prior good acts of the Defendant. As set forth below, any such claims are improper and inadmissible.

**I.   BACKGROUND**

On January 6, 2021, the Defendant was a sworn United States Capitol Police ("USCP") officer with more than 25 years of experience. Indictment, ECF No. 1, at ¶3. He was at work in his capacity as a USCP officer on January 6, 2021, when, in an attempt to interrupt and delay Congress' certification of the Electoral College vote, a large number of people forced entry into the U.S. Capitol by breaking windows, ramming open doors, and assaulting USCP and other federal officers, while others encouraged and assisted the forced entry. *Id.* at ¶1. Although not inside the U.S. Capitol itself during the attack, the Defendant was aware of the violence and strife at the U.S. Capitol that afternoon. *Id.* at ¶3. Immediately after the attack, the USCP and Federal

Bureau of Investigation ("FBI") launched a criminal investigation, for which a federal grand jury was convened in the District of Columbia. *Id.* at ¶2.

After the attack on the U.S. Capitol, the Defendant directed an individual, Person 1, to "take down" his Facebook posts relating to January 6, 2021. *Id.* at ¶20. Specifically, on January 7, 2021—one day after the January 6 breach—the Defendant initiated contact through a Facebook direct message with Person 1, who had posted on Facebook about having entered the U.S. Capitol the previous day. *Id.* at ¶¶1-7. The Defendant's initial message to Person 1 stated, "im a capitol police officer who agrees with your political stance. Take down the part about being in the building they are currently investigating and everyone who was in the building is going to charged. Just looking out!" *Id.* at ¶7. In additional messages to Person 1, the Defendant wrote, "The only thing I can see is if you went into the building and they have proof you will be charged. You could always articulate that you had no where to go, but thats for court" and "Dont sweat it, they might choose to only charge certain people and not everyone. Personally I don't know what they have decided, just know our guys and the FBI are going through everything". *Id.* at ¶8.

The Defendant then deleted his own Facebook communications with Person 1. *Id.* at ¶22. Specifically, approximately 11 days after counseling Person 1 to "take down the part about being in the building," and engaging in additional substantive communications, he learned that Person 1 had turned himself in to the FBI and informed them that he had been communicating with the Defendant. *Id.* at ¶15. After learning that the "fbi was very curious that I had been speaking to you if they haven't already asked you about me they are gonna. They took my phone and downloaded everything," the Defendant then deleted all of his Facebook direct messages to and from Person 1. *Id.* at ¶16.

Based on this conduct, on October 14, 2021, a federal grand jury in the District of Columbia returned an indictment charging the Defendant with two counts of obstruction in violation of 18 U.S.C. § 1512(b)(2)(B) and 18 U.S.C. § 1512(c)(1), respectively. ECF No. 1. Pursuant to the Court's Scheduling Order, trial in this matter is scheduled to commence on September 19, 2022. *See* ECF No. 33.

II. **ARGUMENT**

Only evidence that is relevant may be admitted at trial. *See* Fed. R. Evid. 402. And to be relevant, the evidence must have a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Sesay*, 313 F.3d 591, 599-600 (D.C. Cir. 2002). Even if a defendant can articulate *some* basis for believing that information is relevant to his defense, the Court "may exclude marginally relevant evidence and evidence posing an undue risk of confusion of the issues without offending a defendant's constitutional rights." *United States v. Alayeto*, 628 F.3d 917, 922 (7th Cir. 2010) (citing *Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006)). Thus, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Finally, the introducing party carries the burden to establish both relevancy and admissibility under the evidentiary rules. *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020). For the reasons below, the Court should exclude certain evidence and argument in the event that it is advanced by the Defendant.

### A. The Court Should Preclude Evidence and Argument Related to Any Potential Penalty.

First, this Court should prohibit the Defendant from attempting to introduce evidence or to argue about the potential penalties or collateral consequences associated with a conviction for the charged offenses.

It is well-settled that arguments or evidence regarding punishment are improper because the potential penalties faced by a defendant are irrelevant to the jury's determination of guilt or innocence. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed'") (quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975)); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict"); *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991) (the "question of punishment should never be considered by the jury in any way in deciding the case"). The D.C. Circuit has also recognized that generally "the jury has no concern with the consequences of a verdict, either in the sentence, if any, or the nature or extent of it, or in probation." *Lyles v. United States*, 254 F.2d 725, 728 (D.C. Cir. 1958), *overruled in part on other grounds by United States v. Brawner*, 471 F.2d 969 (D.C. Cir. 1972); *United States v. Patrick*, 494 F.2d 1150, 1154 (D.C. Cir. 1974) (reversing and remanding with instructions to properly instruct the jury that "[i]t is the jury's responsibility to determine guilt or innocence on the basis of the evidence that has been presented. You are not to consider the question of punishment in arriving at your verdict. If you find the defendant guilty the Court will determine the appropriate sanction.").

The analysis applies equally to the collateral penalties associated with a felony conviction, such as being prohibited from certain types of employment and losing the rights to possess firearms and vote. *See United States v. Muentes*, 316 F. App'x 921, 926 (11th Cir. 2009) ("A defendant is

not entitled to an instruction informing the jury of the consequence of a guilt or innocence finding in terms of punishment"); *United States v. Thigpen*, 4 F.3d 1573, 1578 (11th Cir. 1993) ("We ... hold that the general rule against informing jurors of the consequences of a verdict governs such cases"); *see, e.g., also* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person ... who has been convicted [of a felony to] possess ... any firearm or ammunition").

The rationale for excluding penalty evidence is plain—the penalties associated with a conviction are not probative of guilt or innocence. Instead, evidence relating to the punishment and the collateral effects of a conviction serve only to compromise the verdict, confuse the jury, or invoke sympathy for the defendant. *See McDonald*, 935 F.2d at 1222.

As a result, the United States moves to preclude the Defendant from arguing or introducing evidence regarding the potential penalties he faces upon conviction, including: (a) the maximum penalties associated with the charged offenses; (b) that if convicted, the defendant could be sentenced to prison; (c) that the defendant will be prohibited from obtaining certain types of jobs, including jobs in law enforcement and the military, if convicted; and (d) that the defendant may no longer be able to vote or possess a firearm if convicted. *See Rogers*, 422 U.S. at 40 ("the jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed") (citations omitted).

### B. The Court Should Preclude Argument or Evidence that Encourages Jury Nullification.

Second, the Court should prohibit the Defendant from making arguments or introducing evidence that encourages jury nullification. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant.").

By way of example, the government moves to preclude evidence or arguments related to:

(1) a claim that the Defendant has been unfairly singled out for prosecution;[1] *see United States v. King*, 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009) ("The Court will therefore exclude any evidence or argument as to selective prosecution at trial."); *United States v. Kott*, 2007 WL 2670028, at *1 (D. Alaska Sept. 10, 2007) (where defendant, in response to government's expressed concern that defendant might use challenged evidence to claim selective prosecution at trial, the defendant "abjured any effort to" to make such a claim, "[t]he court will enforce that promise").

(2) sympathy for the Defendant; *see United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim … is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

---

[1] The Defendant previously moved for discovery on the ground of selective prosecution due to his "status as a United States Capitol Police Officer." Def.'s Mot. Compel, ECF No. 25, at 15. The Court denied that request, finding the defendant had not made the required showing for such a claim. *See* Min. Order Regarding Apr. 29, 2022, Hr'g on Def.'s Mot. Compel, dated May 1, 2022.

(3) the Defendant's work life or any family hardships; *see United States v. Perez*, 459 F. App'x 191, 198 (3d Cir. 2012) (family and work life not relevant and "pose[d] an improper risk of jury nullification"); *United States v. Copeland*, 291 F. App'x 94, 97 (9th Cir. 2008) (evidence of defendant's hardship excluded because "possible prejudice to the government of jury nullification based on sympathy").[2]

(4) the Defendant's religious beliefs; *see Wallace v. Davis*, 362 F.3d 914, 921 n.2 (7th Cir. 2004) (Williams, J., concurring) ("mitigation strategies which seek the 'equivalent of jury nullification' on the basis of religious beliefs are unreasonable").

(5) the suggestion that the jury should apply community standards or principles of democracy over the law; *see United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) (holding defendant had no right to an instruction informing the jury of its power to engage in nullification if it found her conduct not culpable or morally blameworthy under prevailing community standards); *United States v. Dougherty*, 473 F.2d 1113, 1133-34 (D.C. Cir. 1972) ("This so-called right of jury nullification is put forward in the name of liberty and democracy, but its explicit avowal risks the ultimate logic of anarchy.").

In sum, such evidence and argument is not relevant to the issues at trial, could promote jury nullification, and should be excluded. Should the Defendant seek to raise other arguments targeted at the jury's sympathies rather than the question of guilt or innocence, those arguments should likewise be excluded.

---

[2] Such information may also be excludable as impermissibly referencing collateral consequences of criminal prosecution or prior good character or acts. For example, in various court filings, the Defendant has emphasized his retirement from USCP since being charged in this case. *See* Def.'s Mot. Compel, Ex. 3, ECF No. 25-3. He should be precluded from introducing any such evidence or argument at trial for the reasons set forth herein.

7

### C. The Court Should Preclude Evidence or Argument Regarding Any Prior Good Acts of the Defendant, including Official Actions on January 6, 2021.

Finally, the Court should preclude the Defendant from offering evidence of specific instances of prior good conduct, including any actions taken in the course of his official duties on or before January 6, 2021, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a). Indeed, Rule 404(a) of the Federal Rules of Evidence prohibits either party from offering evidence of character to prove that a person acted in conformity therewith on any particular occasion. The rule applies to prior good acts as well as prior bad acts of the defendant. As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014). In other words, "evidence of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (internal citation omitted).

The Rule contains one exception governing the admissibility of evidence of a defendant's character. Fed. R. Evid. 404(a)(2)(A). Such evidence is admissible only if it relates to a "pertinent" or relevant character trait. *Id.* Consistent with Rule 405, "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). While "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct," there is no such essential element in this case. Fed. R. Evid. 405(b). Accordingly, the Court should preclude any such evidence or argument.

Specifically, whether the Defendant otherwise acted in accordance with his official duties in relation to January 6, 2021, is not probative of his state of mind in directing Person 1 to remove

8

inculpatory information from Facebook or in deleting his own Facebook messages. Put differently, his alleged non-obstructive character is not an element of the obstruction offenses charged in this case. *See United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (affirming district court's exclusion of evidence of defendant-police officer's prior commendations in prosecution of bribes-for-drug-security scheme because the officer's "'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged"); *Dimora*, 750 F.3d at 630 (affirming district court's exclusion of evidence that defendant-public official assisted constituents who had not bribed him because conduct "in situations unrelated to the charges" was not probative of intent, and "prior 'good acts' generally may not be used to show a predisposition not to commit crimes"); *Ellisor*, 522 F.3d at 1270-71 (affirming district court's exclusion of evidence that defendant had actually put on prior events, in prosecution for fraudulently selling tickets to an event that did not occur, because "evidence of good conduct is not admissible to negate criminal intent" (internal quotation marks and citation omitted)); *United States v. Marrero*, 904 F.2d 251, 259-60 (5th Cir. 1990) ("The fact that [the defendant] did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in the indictment."). Just as the fact that a person did not rob a bank on one day is irrelevant to determining whether he robbed a bank on another, whether the Defendant did not obstruct justice in every way imaginable with respect to the events of January 6, 2021, is irrelevant to determining whether he unlawfully obstructed justice as alleged in this case here.

### III.  CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court preclude the Defendant from introducing evidence, eliciting testimony, or arguing before the jury (1) any matters relating to or implicating potential penalties or the collateral impact of a conviction on the Defendant, as well as his family, reputation, or career; (2) that the jury should disregard the applicable law or nullify a proper verdict based on the facts and the law; or (3) relating to prior good acts evidence or argument, as described above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Mary L. Dohrmann*
MARY L. DOHRMANN
Assistant United States Attorney
NY Bar No. 5443874
601 D Street N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035

*/s/ Anne P. McNamara*
ANNE P. MCNAMARA
Assistant United States Attorney
DC Bar No. 1006550
601 D. Street N.W.
Washington, DC 20530
Anne.McNamara2@usdoj.gov
(202) 809-3502