UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ANGELO RILEY,<br><br>    Defendant. | Case No. 21-CR-00628 (ABJ) |

### REPLY TO DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S OMNIBUS MOTION IN LIMINE

Defendant's Opposition to the Government's Omnibus Motion *in Limine*, ECF No. 42 ("Def.'s Opp'n") shows precisely what the Government already knew: that Defendant will seek to admit improper evidence and argument during the trial in this matter. Specifically, the Government moved to exclude Defendant from attempting to introduce evidence or argument (1) related to any potential penalties or collateral consequences of conviction, (2) intended to elicit jury nullification, and (3) pertaining to prior good acts of Defendant. Government's Omnibus Motion *in Limine*, ECF No. 39 ("Gov't's Mot."). While professing not to contest these fundamental principles of trial practice, Defendant nevertheless presses his entitlement to present irrelevant and extraneous information to the jury in order to mislead them as to the primary issues in the case and urge nullification based on his non-criminal conduct at other times.

As this Court is aware, this is a case about whether Defendant unlawfully obstructed justice on two occasions in January 2021. It is *not* a case about whether Defendant was a good police officer. It is also *not* about his non-criminal conduct and any purported good acts that he did either

before or after the relevant dates.  Accordingly, for the reasons set forth below, as well as in its original Motion, the Government's Motion should be granted. [1]

## I.  Good Acts Evidence is Irrelevant and Should Be Precluded

As an initial matter, Defendant mischaracterizes the Government's position as to evidence regarding Defendant's law enforcement career and actions on January 6.  *See* Def.'s Opp'n at 6 ("Granting the Government's motion would leave the jury with a blank slate . . . .").  The Government agrees that evidence of Defendant's training and experience as a law enforcement officer and his actions on January 6, 2021, limited to general information relevant to the charged conduct in this case, will be introduced at trial.  The Government will introduce such contextual evidence in its case-in-chief using, for example, Defendant's own statements on Facebook and general assignment and training information from the United States Capitol Police.  Defendant should be precluded, however, from going beyond mere context to present information regarding specific acts to the jury, which will only distract and mislead them as to the primary issues in the case, urge nullification, and create numerous unnecessary and confusing mini-trials regarding irrelevant issues.

Defendant seeks to selectively highlight and characterize as favorable certain information that has no place in this criminal trial.  For example, Defendant references his intent to introduce

---

[1]  In addition to responding to the substantive matters raised in Defendant's Opposition, the Government must also correct a misleading factual assertion made therein.  Specifically, Defendant has told the Court that the Government "initially refused to provide relevant video" from January 6, 2021, and that Defendant was "forced" to go to FBI. Def.'s Opp'n at 12.  In fact, the Government on December 8, 2021, offered to identify photos or videos showing Defendant and requested assistance from the defense in doing so.  Following the Court's ruling on Defendant's Motion to Compel, Defendant requested certain categories of video.  The Government provided numerous videos and other evidence in response to that request.  Later, the Government informed Defendant that investigators had identified further possibly responsive video (but not Defendant within it) and offered to review it with him at the FBI.  Thereafter, on August 1, 2022, the parties met at the FBI's Washington Field Office to review such evidence for several hours.  Notably, none of the evidence reviewed is admissible in the trial in this matter.

purported evidence of his "heroic acts," and training as an "emergency medical technician," his "noble law enforcement actions on January 6, 2021, and continuing until his retirement," and his "assignment to sensitive security missions," and "exemplary service" after January 2021 "with absolutely no concern by the Government that Officer Riley posed danger to anyone or had the ability or intent to obstruct anything." *Id*. at 2, 10, 13.  Defendant must be precluded from supporting these sweeping, irrelevant characterizations with improper and misleading good acts evidence.[2]

"Evidence of a[n] . . . other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).  Moreover, even relevant evidence may be excluded if its probative value is "substantially outweighed by a danger of" unfair prejudice, confusing the issues, and misleading the jury, among others.  Fed. R. Evid. 403.  Here, Defendant seeks to back-door evidence of purported good acts by claiming they go to his intent to obstruct under the statute.  The problem with this argument is that it is precluded by Rule 404(b) and Rule 403.  Given the anticipated relevant and admissible evidence, Defendant may be able to argue to the jury that the Government never showed that Defendant otherwise obstructed justice (besides as charged in this case) or generally failed to do his job.  But he is forbidden under the Rules from seeking the jury's sympathy, confusing them, and misleading them by attempting to prove that he is otherwise "heroic" or that there was "absolutely no concern by the Government that Officer Riley posed danger to anyone or had the ability or intent to obstruct anything."   This is because whether Defendant has acted "heroic[ally]" and whether "the Government" had "concern[s]" is irrelevant

---

[2] Were the Government to insinuate during trial that Defendant committed other bad acts unsubstantiated by the evidence, perhaps Defendant would be entitled to rebut such evidence with his own.  However, the Government has no intention of admitting such improper evidence.

to his guilt or innocence of the charged offenses and, even worse, is prejudicial and misleading to the jury.

Relatedly, Defendant apparently intends to introduce evidence and argument about the "consequences to his employment, his legacy as a Capitol Police officer, and his ability to provide for his family." Def.'s Opp'n at 10 n.5. Again, Defendant seeks to back-door improper evidence about collateral consequences intended to elicit sympathy from the jury under the guise of intent evidence. Defendant is not unique; under his theory, any criminal defendant could introduce collateral consequences as a dis-incentive to committing crime. This is improper and must be precluded as well.

## II.     Defendant Should be Precluded from Suggesting Selective Prosecution

In a related vein, despite the Court's prior rulings, Defendant nonetheless persists in falsely claiming that he was selectively prosecuted and makes clear that at trial he intends to back-door evidence and argument of selective prosecution. *See* Def.'s Opp'n at 7 (stating Defendant's "every intention of challenging the Government's investigation; the reasons and statements made by law enforcement as to why he was interviewed and surreptitiously recorded; and the manner in which this case was referred to the FBI for investigation"). While the substance of the Government's investigation may be challenged to the extent it is relevant to Defendant's guilt or innocence, Defendant may not suggest that the investigation was improperly motivated, which obviously does not go to guilt or innocence.[3] Further, Defendant's improper suggestions of impropriety would be

---

[3] In support of his argument, Defendant primarily relies on *United States v. Sager*, a case in which the lead agent testified multiple times, in an inconsistent fashion, about whether an eyewitness to the fraud had confidently identified the defendant from a photo display. 227 F.3d 1138, 1142 (9th Cir. 2000). When defense sought to cross-examine the agent about the inconsistencies and apparent failures to pursue certain leads and corroborate certain evidence, the judge granted a government objection and instructed the jury not to "grade" the investigation. *Id.* at 1143. The Ninth Circuit determined the court had erred because it had prevented the jury from considering the apparent problems in the agent's investigation and testimony, and it was a circumstance in which "the probative force of evidence depends on the circumstances in which it was obtained and

baseless; the Court has already determined in its ruling on Defendant's Motion to Compel that Defendant could not make out even a facial case of selective prosecution. Defendant's proposal is thus improper and must be precluded.

## CONCLUSION

WHEREFORE, for the foregoing reasons the Government respectfully requests that the Court grant its Motion, and preclude Defendant from introducing evidence, eliciting testimony, or arguing before the jury with respect to the matters addressed in the Government's Motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Mary L. Dohrmann*
MARY L. DOHRMANN
Assistant United States Attorney
NY Bar No. 5443874
601 D Street N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035

*/s/ Anne P. McNamara*
ANNE P. MCNAMARA
Assistant United States Attorney
DC Bar No. 1006550
601 D. Street N.W.
Washington, DC 20530
Anne.McNamara2@usdoj.gov
(202) 809-3502

---

those circumstances raise a possibility of fraud." *Id*. at 1145. That is, in *Sager,* whether the agent had conducted a thorough investigation, testified accurately, was an issue probative of defendant's guilt or innocence—including whether the agent had identified the right suspect. Clearly, in the instant case, Defendant's reliance on *Sager* is misplaced, has nothing to do with purported improper motivation for prosecution, and only serves to reiterate the Government's point.