# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ANGELO RILEY,<br><br>Defendant. | Case No. 21-CR-628 (ABJ) |

### PROPOSED JURY INSTRUCTIONS

The parties hereby propose the following jury instructions outlined below, subject to issues that arise during trial or additional pretrial motions and orders. Instructions found in the Redbook are listed below only by citation. Instructions other than those found in the Redbook are listed below, identified by an asterisk, and included in their entirety on the subsequent pages. The Government and the Defendant were unable to reach agreement on the two final instructions, which are not found in the Redbook, and one Redbook instruction as noted below. The Government and Defense proposals for the two final instructions are provided in full, with citation to authority, below.

**Proposed Instructions from the Standardized
Criminal Jury Instructions for the District of Columbia**

- Instruction No. 1.102 (Preliminary Instructions Before Trial)
- Instruction No. 1.105 (Notetaking by Jurors)
- Instruction No. 1.107 (Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed)
- Instruction No. 1.202 (Cautionary Instruction on the Use of the Internet and Publicity)
- Instruction No. 2.100 (Furnishing the Jury with a Copy of the Instructions)
- Instruction No. 2.101 (Function of the Court)
- Instruction No. 2.102 (Function of the Jury)
- Instruction No. 2.103 (Jury's Recollection Controls)
- Instruction No. 2.104 (Evidence in the Case—Judicial Notice, Stipulations) (if applicable)

- Instruction No. 2.105 (Statements of Counsel)
- Instruction No. 2.106 (Indictment Not Evidence)
- Instruction No. 2.107 (Burden of Proof—Presumption of Innocence)
- Instruction No. 2.108 (Reasonable Doubt)
- Instruction No. 2.109 (Direct and Circumstantial Evidence)
- Instruction No. 2.110 (Nature of Charges not to be Considered)
- Instruction No. 2.112 (Inadmissible and Stricken Evidence)
- Instruction No. 2.200 (Credibility of Witnesses)
- Instruction No. 2.207 (Law Enforcement Officer's Testimony)
- Instruction No. 2.208 (Right of Defendant Not To Testify) (if applicable)
- Instruction No. 2.209 (Defendant as Witness) (if applicable)
- Instruction No. 2.216 (Evaluation of Prior Inconsistent Statement of Witness) (if applicable)
- Instruction No. 2.217 (Evaluation of Prior Consistent Statement of Witness) (if applicable)
- Instruction No. 2.218 (Impeachment by Proof of Conviction of a Crime—Witness) (if applicable)
- Instruction No. 2.219 (Impeachment by Proof of Pending Case, Probation or Parole—Witness) (if applicable)
- Instruction No. 2.307 (Motive)
- Instruction No. 2.310 (Transcript of Tape Recordings) (if applicable)
- Instruction No. 2.402 (Multiple Counts, One Defendant)
- Instruction No. 2.405 (Unanimity—General)
- Instruction No. 2.407 (Verdict Form Explanation)
- Instruction No. 2.500 (Redacted Documents and Tapes)
- Instruction No. 2.501 (Exhibits During Deliberations)
- Instruction No. 2.502 (Selection of Foreperson, Redbook)
- Instruction No. 2.508 (Cautionary Instruction on Publicity, Communication, and Research)
- Instruction No. 2.509 (Communication Between Court and Jury During Jury's Deliberations)
- Instruction No. 2.510 (Attitude and Conduct of Jurors in Deliberations)
- Instruction No. 2.511 (Excusing Alternate Jurors)
- Instruction No. 3.101 (Proof of State of Mind)
- Instruction No. 3.102 (Willfully Causing an Act To Be Done)
- Instruction No. 3.103 ("On or About" or "In or Around" Proof)
- Instruction No. 7.101 (Attempt)[1]
- **Count 1: Obstruction of Justice (18 U.S.C. § 1512(b)(2)(B))***
- **Count 2: Obstruction of Justice (18 U.S.C. § 1512(c)(1))***

---

[1] The Defendant objects to this instruction but would agree to providing the jury with a definition of "attempt."

3

**GOVERNMENT PROPOSAL:**

**INSTRUCTION:**

**Count One: The Indictment and the Statute[2]**

Count One of the Indictment charges the defendant with obstruction of justice. The indictment reads: On January 7, 2021, in the District of Columbia and elsewhere, the defendant Michael Angelo Riley, did knowingly corruptly persuade, and attempt to do so, with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding—that is, Riley directed Person 1 to take down from Facebook records relating to his conduct at the U.S. Capitol on January 6, 2021, with the intent of making the records unavailable for use in the federal investigation resulting from the January 6 breach of the U.S. Capitol.

The relevant statute on this subject is 18 U.S.C. § 1512(b)(2)(B). It provides: Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—cause or induce any person to—alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; … shall be [guilty of a crime]."

---

[2] Authority: Indictment, Count One; 18 U.S.C. § 1512(b)(2)(B).

**INSTRUCTION:**

**Count One: The Elements[3]**

In order to find the defendant guilty of Count One of the Indictment, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly corruptly persuaded another person, or attempted to do so;

Second, that the defendant acted with intent to cause or induce the other person to withhold a record or document from an official proceeding; or acted with intent to cause or induce the other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or was likely to be instituted.

Fourth, that the official proceeding was a federal proceeding.

Definitions

You are instructed that the "official proceeding" that the Indictment alleges that the defendant obstructed is a federal grand jury investigation. The law does not require that the federal proceeding be actually pending or about to be instituted at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to

---

[3] Authority: Mod. Crim. Jury Instr. 3rd Cir. (2021), Instruction 6.18.1512B "Obstruction of Justice – Witness Tampering Through Intimidation, Threats, or Corrupt Persuasion" (18 U.S.C. § 1512(b)(1) and (2))"; *United States v. Robertson*, 21-CR-00034-CRC, 2022 WL 969546 (D.D.C. March 31, 2022) (ECF No. 76) (defining to act "corruptly").

the defendant. In addition, the government does not have to prove that defendant knew that the grand jury investigation was a federal (as opposed to a local) proceeding.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

## INSTRUCTION:

## Count 2: The Indictment and the Statute[4]

The defendant is charged in Count Two of the Indictment with obstruction of justice.  The Indictment reads:  On January 20, 2021, in the District of Columbia and elsewhere, the defendant Michael Angelo Riley, did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempt to do so, with the intent to impair its integrity and availability for use in an official proceeding – that is, Riley deleted his Facebook direct communications with Person 1 to impair their use in the federal investigation resulting from the January 6 breach of the U.S. Capitol.

The relevant statute on this subject is 18 U.S.C. § 1512(c)(1). It provides: "Whoever corruptly alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding … shall be [guilty of a crime]."

---

[4] Authority: Indictment, Count Two; 18 U.S.C. § 1512(c)(1).

**INSTRUCTION:**

**Count Two: The Elements[5]**

In order to find the defendant guilty of Count Two of the Indictment, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant altered (*or* destroyed *or* mutilated *or* concealed) any record, document or tangible object, as alleged in the indictment;

Second, the defendant acted with the intent to impair the object's integrity or availability in an official proceeding; and

Third, that the defendant acted corruptly.

Definitions

As you were previously instructed, the "official proceeding" that the Indictment alleges that the defendant obstructed is a federal grand jury investigation. The law does not require that the federal proceeding be actually pending or about to be instituted at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. In addition, the government does not have to prove that defendant knew that the grand jury investigation was a federal (as opposed to a local) proceeding.

---

[5] Authority: 2 Modern Federal Jury Instructions 46.10, Instruction 46-64 through 46-67 "Destruction or Alteration of Evidence in Official Proceeding (18 U.S.C. 1512(c)(1))" "Elements of the Offense"; *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *United States v. Akiti, 701 F.3d 883* (8th Cir. 2012); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2005);*United States v. Townsend,* 630 F.3d 1003 (11th Cir. 2011); *United States v. Gordon,* 710 F.3d 1124 (10th Cir. 2013); *United States v. Ahrensfield,* 698 F.3d 1310 (10th Cir. 2012); *United States v. Friske,* 640 F.3d 1288 (11th Cir. 2011); *United States v. Mintmire,* 507 F.3d 1273 (11th Cir. 2007).

As you were previously instructed, to act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

**DEFENSE PROPOSAL:**

**Count One: Obstruction of Justice
(18 U.S.C. § 1512(b)(2)(B))**

Count One alleges that the Defendant obstructed justice by directing Jacob Hiles to take down from Facebook a "part" of a Facebook post referencing Mr. Hiles' presence in the United States Capitol on January 6, 2021 with the intent of making that part of the Facebook post unavailable in a grand jury proceeding.

In order to find the defendant guilty of Count One, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, that the defendant knowingly corruptly persuaded Jacob Hiles, or knowingly corruptly attempted to persuade Jacob Hiles;

*Second*, that the defendant acted with the intent to cause or induce Jacob Hiles to alter, destroy, mutilate, or conceal a part of Mr. Hiles' Facebook post with the intent to impair its integrity or availability for use in an official proceeding.

*Third*, that the defendant knew an official proceeding was pending or should have known that one was likely to be instituted.

*Fourth*, that the defendant had in contemplation a particular official proceeding when he undertook his actions and that he knew his actions would likely affect the specific official proceeding, such that his act had a relationship in time, causation, or logic with the specific official proceeding and there existed a nexus between the obstruction and the specific official proceeding.[6]

---

[6] *See Arthur Andersen L.L.P. v. United States*, 544 U.S. 696, 707-08 (2005); *United States v. Lonich*, 23 F.4th 881, 905 (9th Cir. 2022); *United States v. Vampire Nation*, 451 F.3d 189, 205-06 (3d Cir. 2006); *United States v. Quattrone*, 441 F.3d 153, 171 (2d Cir. 2006));
Third Circuit Criminal Jury Instructions, 6.18.1512, comments (2020).

Definitions:

An official proceeding can be a grand jury proceeding. An official proceeding cannot be a law enforcement investigation, even one that leads to a grand jury proceeding.[7] The official proceeding need not be pending at the time of the act, but must be reasonably foreseeable to the defendant when he engaged in the conduct underlying the alleged obstruction.[8]

To "corruptly persuade" means to corrupt another person by persuading the person to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.[9]

---

[7] *See United States v. Sandlin*, No. 21-cr-88-DLF, 2021 WL 5865006, at *3 (D.D.C. Dec. 10, 2021); *United States v. Guertin*, No. 21-cr-262 (TNM), 2022 WL 203467, at *9 (D.D.C. Jan. 24, 2022); *United States v. Sutherland*, 921 F.3d 421, 425-26 (4th Cir. 2019); *United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013); *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019); *United States v. Simpson*, No. 3:09-cr-249, 2011 WL 2880885, at *25-28 (N.D. Tex. Jul. 15, 2011); *United States v. Ramos*, 537 F.3d 439, 462-63 (5th Cir. 2008); *United States v. Puma*, 21-cr-454 (PLF), 2022 WL 823079, at *6 (D.D.C. Mar. 19, 2022); *United States v. Dunn*, 434 F. Supp. 2d 1203, 1207 (M.D. Ala. 2006).

[8] Ninth Circuit Jury Instructions, 19.5, Obstruction of Justice-Official Proceeding (18 U.S.C. § 1512(c)), https://www.ce9.uscourts.gov/jury-instructions/node/1193.

[9] Third Circuit Criminal Jury Instructions, 6.18.1512, comments (2020).

## Count Two: Obstruction of Justice
### (18 U.S.C. § 1512(c)(1))

Count Two alleges that the Defendant obstructed justice by deleting his Facebook messages with Jacob Hiles with the intent of making those Facebook messages unavailable in a grand jury proceeding.

In order to find the defendant guilty of Count Two, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, that the defendant altered, destroyed, mutilated or concealed his Facebook communications with Jacob Hiles with the intent to impair there use in an official proceeding;

*Second*, that the defendant acted corruptly; and

*Third*, that the defendant had in contemplation a particular official proceeding when he undertook his actions and that he knew his actions would likely affect the specific official proceeding, such that his act had a relationship in time, causation, or logic with the specific official proceeding and there existed a nexus between the obstruction and the specific official proceeding.

Definitions

The Definitions identified above as to Count I apply equally as to Count II and should govern your deliberations as to both charges.