IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> : No.: 21-cr-628-ABJ <br> : |
| v. | : <br> : |
| MICHAEL ANGELO RILEY, | : <br> : |
| *Defendant*. | : <br> : <br> : |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Michael Angelo Riley, through his undersigned counsel, provides this brief notice of supplemental authority concerning Defendant's proposed Jury Instructions that will be addressed at the parties' pretrial conference on September 12, 2022.

While the parties have come to an agreement on a number of proposed jury instructions, there is still a dispute on the instructions that pertain to the charged obstruction offense. Officer Riley has requested — consistent with the Supreme Court's decision in *Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005) — that the jury be instructed that the Government must prove a "nexus" between the defendant's conduct and the specific official proceeding that was pending or foreseen. The Government has objected to such an instruction. In support of his requested instruction, Officer Riley cites as authority: *United States v. Quattrone*, 441 F.3d 153 (2d Cir. 2006) (analyzing district court's instruction to the jury that "[t]o establish that the defendant acted with corrupt intent, the government must also prove something called the existence of a nexus between the defendant's conduct, should you find it, and the pending grand jury proceeding. That is to say, the government must prove some relationship in time, causation or logic, between the defendant's actions and the grand jury proceeding so that his action or actions

may be said to have the natural and probable effect of interfering with that proceeding. That is nexus."

Officer Riley is also in the process of obtaining the transcript from the district court's jury instructions in *United States v. William Jefferson*, no. 07-cr-209 (TSE) (E.D. Va.). In that case, the defense raised nearly identical proposed jury instructions on the charge of obstruction of an official proceeding as Officer Riley has in this case (see Exhibit 1, attached hereto), noticeably, an instruction on the requirement of a "nexus" (*id.* at Ins. 102), and a definition of an "official proceeding" that excludes law enforcement "investigations" and requires the identification of a "particular" proceeding (*id.* at 100). Upon receipt of the transcript, Officer Riley plans to supplement his submission.

Dated: September 11, 2022              Respectfully submitted,

                                                                                             SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

                                                             /s/ Christopher Macchiaroli
                                          Christopher Macchiaroli (D.C. Bar No. 491825)
                                          1750 K Street, NW, Suite 810
                                          Washington, D.C. 20006
                                          Telephone: (202) 539-2444
                                          Facsimile:  (410) 547-2432
                                          Email: cmacchiaroli@silvermanthompson.com