# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:07CR209 (TSE)** |
| | ) | |
| **WILLIAM J. JEFFERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Local Criminal Rule 30, Defendant William J. Jefferson respectfully submits his initial proposed jury instructions to the court. The defendant reserves his right to supplement this submission with other instructions, including his theory of the defense instructions (which will be affected by the presentation of the evidence, the court's rulings during the trial, and the outcome of the government's motion in limine) as well as possible additional instructions related to the bribery statute which the court has indicated will be addressed after the evidence is presented at trial. *See* Memorandum Opinion dated May 22, 2009, Dkt. # 400, at 16.

Respectfully submitted,

/s/ Robert P. Trout

_____

Robert P. Trout
(Va. Bar No. 13642)
rtrout@troutcacheris.com
Attorney for William J. Jefferson
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax:  (202) 464-3319

/s/ Amy Berman Jackson

_____

Amy Berman Jackson
(Va. Bar No. 25919)
ajackson@troutcacheris.com
Attorney for William J. Jefferson
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax:  (202) 464-3319

/s/ Gloria B. Solomon

_____

Gloria B. Solomon
(Admitted *pro hac vice*)
gsolomon@troutcacheris.com
Attorney for William J. Jefferson
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax:  (202) 464-3319

**<u>Certificate of Service</u>**

I hereby certify that on this 26th day of May, 2009, I electronically filed the Defendant's Proposed Jury Instructions with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Mark Lytle
mark.lytle@usdoj.gov
Rebeca H. Bellows
becky.bellows@usdoj.gov
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314

Charles E. Duross
charles.duross@usdoj.gov
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005

/s/ Robert P. Trout
_____
Robert P. Trout
(Va. Bar No. 13642)
rtrout@troutcacheris.com
Attorney for William J. Jefferson
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

# COUNT FIFTEEN

**Defendant's Proposed Jury Instruction No. 98**

**<u>Nature of Offense Charged – Count Fifteen: Obstruction of Justice</u>**

In Count Fifteen, the indictment alleges that on or about August 3, 2005, in New Orleans, Louisiana, the defendant knowingly and corruptly concealed a document with the intent of impairing its integrity and availability for use in an investigation being conducted in the Eastern District of Virginia when he allegedly attempted to conceal a fax during the FBI's search of his home.

The defendant has entered a plea of not guilty to this charge. The government, therefore, assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offense charged in Count Fifteen of the indictment.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.01 (5th ed. 2000), revised.

## Defendant's Proposed Jury Instruction No. 99

### Essential Elements of the Crime Charged – Obstruction of Justice

In order to sustain its burden of proof for the crime of obstruction of justice as charged in Count Fifteen of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

*One:*  That the defendant corruptly altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so;

*Two:*  That the defendant did so with the intent to impair the object's availability for use in an official proceeding; and

*Three:*  That the defendant knew that his conduct was likely to affect the official proceeding.

**Authority:**

18 U.S.C. § 1512 (c)(1); 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §48.03 (5th ed. 2000), revised; *United States v. Matthews,* 505 F. 3d 698, 708 (7th Cir. 2007) (proof of "nexus," or knowledge that the conduct was likely to affect a pending or foreseeable official proceeding is required for 18 U.S.C. §1512 (c)(1)); *United States v. Ortiz,*  2007 WL 841616 (2nd Cir. 2007) (nexus required for  18 U.S.C. §1512 (c)(1)), citing *United States v. Aguilar,* 515 U.S. 593 (1995) and *Arthur Anderson LLP v. United States,* 544 U.S. 696 (2005); *United States v. Makham,* 2005 WL 3533263 (D. Or.).

**Defendant's Proposed Jury Instruction No. 100**

**<u>Obstruction of Justice – Official Proceeding</u>**

The term "official proceeding" used in this instruction means a proceeding before a judge or court of the United States, a United States magistrate judge, or a federal grand jury.

For purposes of this offense, the official proceeding need not be pending or about to be instituted at the time of the defendant's actions. But the government must prove beyond a reasonable doubt that a particular official proceeding was foreseen or contemplated by the defendant, and that the defendant corruptly concealed or attempted to conceal the record with the intent to impair its availability for use in the particular official proceeding he had in mind.

**Authority:**

18 U.S.C. §1515 (a)(1)(A); 18 U.S.C. §1512 (f)(1); *Arthur Anderson LLP v. United States*, 544 U.S. 696, 707 (2005).

### Defendant's Proposed Jury Instruction No. <u>101</u>
### <u>Obstruction of Justice - Corruptly</u>

The government must prove beyond a reasonable doubt that the defendant altered, destroyed or concealed a record "corruptly." To act "corruptly" as that word is used in this instruction means to act with a dishonest, wrongful or immoral intent to improperly influence, obstruct, or interfere with the administration of justice.

**Authority:**

18 U.S.C. § 1512 (c)(1); 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §48.04 (5th ed. 2000), revised; *Arthur Anderson LLP v. United States,* 544 U.S. 696, 705-6 (2005); *United States v. Quattrone,* 441 F.3d 153, 173 (2nd Cir. 2006).

**Defendant's Proposed Jury Instruction No. 102**

## Obstruction of Justice – Nexus

To establish that the defendant acted with corrupt intent, the government must prove a connection, or nexus, between the defendant's conduct and the official proceeding that was pending or foreseen. That is, the government must prove that the defendant's action had some relationship in time, causation, or logic with the official proceeding, and that his action had the natural and probable consequence of interfering with the due administration of justice.

**Authority:**

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §48.04 (5th ed. 2000); *United States v. Aguilar,* 515 U.S. 593, 599 (1995); (*Arthur Anderson LLP v. United States,* 544 U.S. 696 (2005); *United States v. Quattrone,* 441 F.3d 153, 177 (2nd Cir. 2006); *United States v. Reich,* 479 F.3d 179, 185 (2nd Cir. 2007).