IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> :     No. 21-cr-628-ABJ <br> : |
| v. | : <br> : |
| MICHAEL ANGELO RILEY, | : <br> : |
| *Defendant.* | : <br> : <br> : |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MEMORANDUM
REGARDING SEPTEMBER 13, 2022 MINUTE ORDER AND RELATED MOTION
<u>*IN LIMINE* TO PRECLUDE TESTIMONY OF PROPOSED DEFENSE WITNESSES</u>**

It was not so long ago, where a criminal defendant had the right to appear at trial and examine the Government's witnesses, present his own witnesses, and move into evidence any information or document that was admissible and relevant to his defense. That time has apparently passed. Now, without consulting the defense, the Government files a motion *in limine* seeking to prohibit the defense from calling law enforcement officers with knowledge of the facts in this case and a civilian witness whose communications with the Defendant form the basis of the Government's prosecution. To be clear, a criminal defendant has no legal requirement or duty to preview for the Government every question he will ask of his witnesses in his defense, every argument he will make to the jury, and every factual assertion he will argue that undermines the Government's evidence at trial. While the Government can limit its order of proof to *one* law enforcement witness if it so chooses, no such reciprocal obligation is imposed on the defense.

The Government's motion *in limine* should be denied. *First*, separate and apart from the legal argument of whether a party can impeach its own witness — which existing precedent and the Federal Rules of Evidence permit — Officer Riley has made clear that he intends to elicit non-

impeachment information during his examination of Jacob Hiles, and Officer Riley's *ex parte*, in camera submission to the Court rebuts the Government's speculation otherwise. *Second*, to highlight how unpersuasive the Government's exclusion request is, Special Agent ("SA") Brandon Merriman was the initial FBI case officer in this case, he opened the FBI's investigation into Officer Riley at the U.S. Attorney's Office request, he came up with the action plan for the investigation, he was present during interviews, and he gathered evidence relevant to this case. He was also identified as "the case agent on [Mr.] Hiles." To provide an example of why his knowledge as a witness is relevant, as discussed below, discovery produced *after* the Pretrial Conference revealed that SA Merriman was aware of a Capitol Police officer relating a report of civilians observing Mr. Hiles on Facebook from inside the U.S. Capitol (and issued a formal FBI-302 on the matter), even though the Government's trial witness FBI SA Stephen Hart, inquired of Capitol Police in *October* 2021, to determine whether anyone from Capitol Police had reported Mr. Hiles. The defense has every right to question SA Merriman about his investigation before leaving the FBI and the Government cannot curtail that right by relegating its presentation of evidence to a single law enforcement officer. *Finally*, the Government has stated that both of its FBI agents that it seeks to exclude as defense witnesses are available to testify at trial if called by the defense. Clearly, the Government can follow the normal process of criminal trials and raise objections during direct examination, when and to the extent the Government believes the question or information sought is either improper or irrelevant. The Government is not entitled to an advance copy of Officer Riley's defense, especially when it is the Government that bears the burden of proof at trial.

**ARGUMENT**

I. **Officer Riley's Right to Call Jacob Hiles as a Witness at Trial.**

Notwithstanding the extent to which the Government intends for the jury to hear *about* Mr. Hiles, the Government seeks to prevent the jury from hearing *from* Mr. Hiles, whose communications with Officer Riley are the centerpiece of the Government's prosecution in this case. As discussed in Officer Riley's pretrial legal memorandum (D.E. 51 at 1-3), a party can impeach its own witness and the Federal Rules of Evidence and existing case law confirm that change in the law from the previous prohibition. The Government's motion omits recent case law interpreting *United States v. Johnson*, 802 F.2d 1459 (D.C. Cir. 1986), as creating no such blanket prohibition on a party's impeachment of its own witness. *See*, *e.g.*, *United States v. Slatten*, 395 F. Supp. 3d 45, 81 (D.D.C. 2019). But that is not at issue here, and Officer Riley's *ex parte*, in camera submission to the Court rebuts the Government's claim, admittedly based on its "speculation," that Officer Riley sought to call Mr. Hiles solely to "paint him as a biased government witness" (Mot. at 4). *Clearly*, that is not the case.

II. **Officer Riley's Right to Call Law Enforcement Witnesses at Trial.**

Again, the defense is under no duty or obligation to preview any questions it intends to ask of its witnesses or what facts it will elicit to undermine the Government's charges in this case. In its motion, the Government does not even claim that Officer Riley's request to have FBI agents as defense witnesses is the product of harassment. The Government has already confirmed that these witnesses are available to testify at trial, without any hardship on the witnesses or the Government.

As discussed above, SA Brandon Merriman was the initial case officer in this case, he opened the FBI's investigation into Officer Riley at the U.S. Attorney's Office request, he came up with the action plan for the investigation, he was present during interviews, and he gathered

3

evidence sought to be introduced at trial. He was also identified as the chief agent in the prosecution of Mr. Hiles. It should be no surprise to anyone that a recurring theme throughout this case will be that Mr. Hiles's Facebook communications relating to January 6 were known to hundreds of individuals, many of whom reported him to law enforcement, which included multiple Capitol Police Officers, and no portion of any Facebook post, was removed from the purview of any grand jury proceeding purportedly relating to those posts.

Only recently, after the Pretrial Conference, did the defense, and apparently the prosecution team, learn that the Capitol Police had notified the FBI in January 2021 that citizens viewed Mr. Hiles on Facebook from the U.S. Capitol, separate and apart from another Capitol Police officer who informed Officer Riley that he reported Mr. Hiles on or before January 9, 2021. This notification confirms that multiple individuals reported Mr. Hiles after seeing his post on Facebook relating to January 6, 2021. As to SA Charles Neilsen, he was the individual who handled the initial interview of Mr. Hiles and who, arguably, so as to be able to conduct that interview, had detailed information regarding Mr. Hiles's conduct on January 6, 2021 and how he was identified, including the reports from civilians and law enforcement officers who identified Mr. Hiles to the FBI and Capitol Police within days of January 6, 2021. Clearly, SA Neilsen would be in a position to testify as to his knowledge of Mr. Hiles's actions, the information that led to his arrest, the *purported* existence of a grand jury proceeding regarding Mr. Hiles' Facebook post and his communications with Officer Riley, and any statements made by Mr. Hiles that could corroborate or impeach his testimony at trial, including, the absence of any mention of Officer Riley. As for the Government's position that the interview was recorded, the report from that interview states that the beginning of the interview was not recorded "due to an issue with the recording equipment."

Apparently, the Government is under the mistaken belief that Officer Riley can ask questions only of the single FBI witness that the Government presents to discuss its investigation of Officer Riley. That is not how the criminal justice process operates, or what the Rules of Procedure and Rules of Evidence contemplate.[1]

## CONCLUSION

For all these reasons, Officer Riley respectfully requests that the Government's motion *in limine* for the blanket exclusion of defense witnesses be denied.

Dated: October 6, 2022

Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

/s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile: (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Emma J. Mulford (Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-6249
Facsimile: (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Michael Angelo Riley*

---

[1] In its motion *in limine*, the Government takes the position that the defense is precluded from asking *any* questions to elicit the fact that FBI agents went to Officer Riley's home to speak with him; he agreed to speak with them; and, at the conclusion of the meeting, they presented him a warrant for his phone, he voluntarily handed over his phone, and he voluntarily agreed to unlock the phone to allow the agents easier access to the information contained therein. *Nothing*, in that anticipated inquiry implicates any hearsay from Officer Riley subject to preclusion under the Federal Rules of Evidence, and this line of questioning is relevant, as it bears on Officer Riley's actions before, during, and after the charged conduct, particularly as to whether he believed that he committed a criminal act and/or obstructed or intended to obstruct a grand jury proceeding.