UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ANGELO RILEY,<br><br>Defendant. | Case No. 21-CR-628 (ABJ) |

### GOVERNMENT'S SUPPLEMENT TO PROPOSED JURY INSTRUCTIONS

The United States of America hereby propose the following modified jury instructions for the elements as to Counts One and Two, as outlined below, to replace those previously provided in the Joint Pretrial Statement (*See* ECF No. 45, Exhibit B, Proposed Jury Instructions, pp. 5-6, 8-9).  Changes to the language of the Government's proposed instructions are denoted in bold and were provided to defense prior to the instant filing.  The Government and the Defendant remain unable to reach agreement on the instructions as to Counts One and Two, which are not found in the Redbook.

## INSTRUCTION:

### Count One: The Elements[1]

In order to find the defendant guilty of Count One of the Indictment, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly corruptly persuaded another person, or attempted to do so;

Second, that the defendant acted with intent to cause or induce the other person to withhold a record or document from an official proceeding; or acted with intent to cause or induce the other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or was likely to be instituted, **and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding; and**

Fourth, that the official proceeding was a federal proceeding.

Definitions

You are instructed that the "official proceeding" that the Indictment alleges that the defendant obstructed is a federal grand jury investigation. The law does not require that the federal proceeding be actually pending or about to be instituted at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect

---

[1] Authority: Mod. Crim. Jury Instr. 3rd Cir. (2021), Instruction 6.18.1512B "Obstruction of Justice – Witness Tampering Through Intimidation, Threats, or Corrupt Persuasion" (18 U.S.C. § 1512(b)(1) and (2))"; *United States v. Robertson*, 21-CR-00034-CRC, 2022 WL 969546 (D.D.C. March 31, 2022) (ECF No. 76) (defining to act "corruptly"); ***United States v. Reffitt*, 21-CR-00032-DLF(D.D.C. March 7, 2022) (ECF No. 119) (final jury instructions incorporating causation language via "natural and probable effect").**

the proceeding. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. In addition, the government does not have to prove that defendant knew that the grand jury investigation was a federal (as opposed to a local) proceeding.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

**INSTRUCTION:**

**Count Two: The Elements**[2]

In order to find the defendant guilty of Count Two of the Indictment, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant altered (*or* destroyed *or* mutilated *or* concealed) any record, document or tangible object, as alleged in the indictment;

Second, the defendant acted with the intent to impair the object's integrity or availability in an official proceeding;

**Third, that the defendant knew or should have known that the official proceeding was pending or was likely to be instituted, and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding; and**

**Fourth, that the official proceeding was a federal proceeding; and**

**Fifth, that the defendant acted corruptly.**

Definitions

As you were previously instructed, the "official proceeding" that the Indictment alleges that the defendant obstructed is a federal grand jury investigation. The law does not require that the federal proceeding be actually pending or about to be instituted at the time of defendant's

---

[2] Authority: 2 Modern Federal Jury Instructions 46.10, Instruction 46-64 through 46-67 "Destruction or Alteration of Evidence in Official Proceeding (18 U.S.C. 1512(c)(1))" "Elements of the Offense"; *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *United States v. Akiti, 701 F.3d 883* (8th Cir. 2012); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2005);*United States v. Townsend,* 630 F.3d 1003 (11th Cir. 2011); *United States v. Gordon,* 710 F.3d 1124 (10th Cir. 2013); *United States v. Ahrensfield,* 698 F.3d 1310 (10th Cir. 2012); *United States v. Friske,* 640 F.3d 1288 (11th Cir. 2011); *United States v. Mintmire,* 507 F.3d 1273 (11th Cir. 2007); **United States v. Reffitt, 21-CR-00032-DLF(D.D.C. March 7, 2022) (ECF No. 119) (final jury instructions incorporating causation language via "natural and probable effect").**

actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. In addition, the government does not have to prove that defendant knew that the grand jury investigation was a federal (as opposed to a local) proceeding.

     As you were previously instructed, to act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.