UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Action No. 21-0628 (ABJ) |
| MICHAEL ANGELO RILEY, | ) ) ) | |
| Defendant. | ) ) | |

### ORDER

Following the pretrial conference conducted on October 13, 2022, and for the reasons stated on the record at the conference, the Court hereby **ORDERS** the following:

### Testimony of FBI Special Agents

At the pretrial conference, the defense advised the Court that it had filed a response to the government's motion to exclude the testimony of Federal Bureau of Investigation ("FBI") Special Agents ("SA") Charles Neilsen and Brandon Merriman that detailed the anticipated scope of their testimony. Given the way the submission, Def.'s Resp. to the Gov't's Mem. Regarding Sept. 13, 2022 Min. Order and Related Mot. in Lim. to Preclude Test. of Proposed Def. Witnesses [Dkt. # 56] ("Def.'s Resp.") had been summarily described on the docket, the Court previously failed to appreciate that it was a response to the *government's* response to an order of the Court, Gov't's Resp. to the Ct.'s Sept. 13 Min. Order Requiring Briefing and Related Mot. in Lim. to Preclude Test. of Proposed Def. Witnesses [Dkt. # 50] ("Gov't's Submission"), as opposed to a response by the defendant to a more recent order of the Court. The Court has now reviewed the submission, and in the event any aspect of it was not covered during the pretrial conference, the Court will identify those portions of the proposed testimony that will be excluded.

The submission explained:

> As to SA Charles Neilsen, he was the individual who handled the initial interview of Mr. Hiles and who, arguably, so as to be able to conduct that interview, had detailed information regarding Mr. Hiles's conduct on January 6, 2021 and how he was identified, including the reports from civilians and law enforcement officers who identified Mr. Hiles to the FBI and Capitol Police within days of January 6, 2021. Clearly, SA Neilsen

> would be in a position to testify as to his knowledge of Mr. Hiles's actions, the information that led to his arrest, the *purported* existence of a grand jury proceeding regarding Mr. Hiles'[s] Facebook post and his communications with Officer Riley, and any statements made by Mr. Hiles that could corroborate or impeach his testimony at trial, including, the absence of any mention of Officer Riley.

Def.'s Resp. at 4 (emphasis in original). With respect to SA Merriman, it noted, "discovery produced *after* the Pretrial Conference revealed that SA Merriman was aware of a Capitol Police officer relating a report of civilians observing Mr. Hiles on Facebook from inside the U.S. Capitol (and issued a formal FBI-302 on the matter), even though the Government's trial witness FBI SA Stephen Hart, inquired of Capitol Police in *October* 2021, to determine whether anyone from Capitol Police had reported Mr. Hiles." *Id.* at 2 (emphasis in original); *see also id.* at 3–4 ("SA Brandon Merriman was the initial case officer in this case, he opened the FBI's investigation into Officer Riley at the U.S. Attorney's Office request, he came up with the action plan for the investigation, he was present during interviews, and he gathered evidence sought to be introduced at trial. He was also identified as the chief agent in the prosecution of Mr. Hiles. It should be no surprise to anyone that a recurring theme throughout this case will be that Mr. Hiles's Facebook communications relating to January 6 were known to hundreds of individuals, many of whom reported him to law enforcement, which included multiple Capitol Police Officers, and no portion of any Facebook post, was removed from the purview of any grand jury proceeding purportedly relating to those posts.")

The defendant will be permitted to call SA Neilsen and SA Merriman to elicit relevant, admissible, factual information, such as the fact that when they presented defendant Riley with a warrant for his cell phone, he turned it over promptly and provided his password. They may also testify that the information defendant Riley allegedly directed Mr. Hiles to excise from his January 7 Facebook post was not in fact removed or otherwise unavailable to the grand jury. But whatever information SA Neilsen had at any point – particularly information he gathered *after* January 7 – as to "Mr. Hiles's conduct on January 6, 2021 and how he was identified, including the reports from civilians and law enforcement officers who identified Mr. Hiles to the FBI and Capitol Police within days of January 6, 2021," or "Mr. Hiles's actions [and] the information that led to his arrest," is not relevant in this case as it does not shed light on defendant *Riley's* state of mind on January 7, 2021. Similarly, whether SA Merriman was aware that some other Capitol

2

Police officer had received and reported information available on Facebook about Mr. Hiles is not relevant to defendant Riley's state of mind.

Nor will SA Neilsen be permitted to testify to out of court statements made by Mr. Hiles; Mr. Hiles may be cross-examined with prior statements that are inconsistent with his in-court testimony, if necessary, but the only prior inconsistent statements that are themselves admissible under Fed. R. Evid. 801(d)(1)(A) are those given under penalty of perjury at a trial, hearing, or other proceeding.

Also, absent some as-yet-unidentified hearsay exception, SA Neilsen will not be permitted to testify about "his communications with Officer Riley," as defendant's effort to offer his own statements to the agents as evidence would be barred under the hearsay rule.

Finally, there is no need for testimony concerning the "*purported* existence of a grand jury proceeding regarding Mr. Hiles'[s] Facebook post" as there is no assertion in this case of the existence of a grand jury proceeding "regarding Mr. Hiles'[s] Facebook post," and, as the Court explained at the pretrial conference, it is not necessary for the government to prove that the defendant contemplated the initiation of a grand jury proceeding regarding the Facebook post.

### Testimony of Proposed Defense Witness

Upon consideration of the parties' submissions, *see* Gov't's Submission; Def.'s Pretrial Mem. [Dkt. # 51], and for the reasons stated on the record during the October 13, 2022 pretrial conference, the Court ruled at the pretrial conference that the defendant may call Jacob Hiles as a witness at trial. As the Court advised the defense at the conference, though, it may not elicit testimony from Mr. Hiles regarding: the defendant's state of mind or Mr. Hiles's state of mind regarding whether he was facing felony charges; the actual charges brought or judgments rendered against Mr. Hiles for his conduct on January 6, 2021;[1] and the admissibility of any statements by the defendant to Mr. Hiles will be governed by the Federal Rules of Evidence, including the rule barring the admissibility of a party's own out of court statements for the truth of the matters asserted therein.

---

1   If there comes a time when the witness's credibility is at issue and the defense seeks to establish bias with the terms of his plea agreement, the defense may seek permission outside the presence of the jury before initiating questioning on those matters. The Court notes, though, that counsel has repeatedly insisted that the defendant is calling Mr. Hiles to elicit facts relevant to the defense and not for the sole purpose of impeaching him and introducing the charges and plea agreement that are otherwise irrelevant.

**Updated Exhibit Lists**

For the reasons stated on the record during the October 13, 2022 pretrial conference, the Court made the following additional rulings on government exhibits ("GEX"):

GEX 201a was **ADMITTED** as a summary exhibit, assuming that a witness with personal knowledge is able to authenticate the exhibit and explains its connection to GEX 201, but the "reactions" on the bottom of the post, including the emojis, comments, shares, and views, must be redacted.

GEX 202a was **ADMITTED** as a summary exhibit, assuming that a witness with personal knowledge is able to authenticate the exhibit and explains its connection to GEX 202.

GEX 202.7 was **EXCLUDED**.

GEX 303 was **ADMITTED** to show the exchange between the defendant and an individual named Mary Inman; the exchanges with other individuals must be redacted.

GEX 304a was **ADMITTED** as a summary exhibit, assuming that a witness with personal knowledge is able to authenticate the exhibit and explains its connection to GEX 304.

GEX 306a was **ADMITTED** as a summary exhibit, assuming that a witness with personal knowledge is able to authenticate the exhibit and explains its connection to GEX 306.

GEX 307 was **ADMITTED** with the comments from other users within the exhibit redacted and assuming that a witness with personal knowledge is able to authenticate the exhibit.

GEX 401a was **ADMITTED** as a summary exhibit, assuming that a witness with personal knowledge is able to authenticate the exhibit and explains its connection to GEX 306.

GEX 401.1 was **ADMITTED**.

GEX 402a was **ADMITTED** as a summary exhibit, assuming that a witness with personal knowledge is able to authenticate the exhibit and explains its connection to GEX 402, but the screenshot of the letter from the U.S. Capitol Police Office of Professional Responsibility must be redacted.

GEX 402.1 was **EXCLUDED**.

GEX 402.2 was **ADMITTED**.

4

The government withdrew GEX 103, 104, and 202.6.

With respect to defendant's exhibits ("DEX"), DEX 19 was **ADMITTED**. The Court has reviewed the exhibit for a second time and was able to hear the sound captured on the body worn camera in the second portion of the video, and its ruling stands: the probative value of the exhibit is not outweighed by any potential prejudice.

DEX 23 was **ADMITTED**, and DEX 22 and 24 were **EXCLUDED**. The defendant withdrew DEX 20.

### Case Agent at Counsel Table

For the reasons stated on the record during the October 13, 2022 pretrial conference, and in accordance with Fed. R. Evid. 615(c), it is hereby **ORDERED** that FBI Special Agent Stephen Hart may be seated at the government's counsel table during the trial.

All rulings made orally at the pretrial conference remain in force even if not specifically memorialized in this Order.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  October 15, 2022