Elements of the Offense Instructions

**<u>Count One</u>**

There are two counts in this case for you to consider, and both charge the defendant with obstruction of justice.

Count One alleges that on January 7, 2021, the defendant knowingly corruptly persuaded, or attempted to persuade another person to alter, destroy, mutilate, or conceal an object with the intent to impair the object's integrity and availability for use in an official proceeding — that is, that on that date, defendant Riley directed Jacob Hiles to take down the portion of a Facebook post concerning his presence inside the U.S. Capitol on January 6, 2021, with the intent of making that record unavailable for use in a federal grand jury proceeding related to the January 6 breach of the U.S. Capitol.

In order to find the defendant guilty of Count One, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly corruptly persuaded another person, or attempted to do so;

Second, that the defendant acted with intent to cause or induce the other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or was likely to be instituted and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding; and

Fourth, that the official proceeding was in fact a federal proceeding.

I will now define some of the terms I just used in more detail.

I've told you in connection with the first element that the government must prove that defendant "knowingly" "corruptly" persuaded or attempted to persuade another person to act. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

As to the second and third elements, the statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count One is a federal grand jury proceeding related to the breach of the Capitol on January 6. The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time.

In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive persuasion or attempt and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

And finally, while the fourth element is that the proceeding allegedly obstructed has to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal (as opposed to a local) proceeding.

**Count 2**

Count Two also charges obstruction of justice. It alleges that on January 20, 2021, the defendant himself corruptly altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so, with the intent to impair its integrity or availability for use in an official proceeding – that is, that on that date, defendant Riley deleted his Facebook direct communications with Jacob Hiles to impair their use in the federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

The elements of this offense, each of which the government must prove beyond a reasonable doubt are:

First, that the defendant altered or destroyed or mutilated or concealed any record;

Second, the defendant acted with the intent to impair the record's integrity or availability in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or likely to be instituted and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding;

Fourth, that the defendant acted corruptly;

Fifth, that the official proceeding was a federal proceeding.

The definitions I gave you in connection with Count One must be followed here as well.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

The statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count Two is a federal grand jury proceeding. The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time. In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive act and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

While the proceeding involved does have to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal (as opposed to a local) proceeding.

# Government's Revisions

**DRAFT**

Elements of the Offense Instructions

**<u>Count One</u>**

There are two counts in this case for you to consider, and both charge the defendant with obstruction of justice.

Count One alleges that on January 7, 2021, the defendant knowingly corruptly persuaded, or attempted to persuade another person to alter, destroy, mutilate, or conceal an object with the intent to impair the object's integrity and availability for use in an official proceeding — that is, that on that date, defendant Riley directed Jacob Hiles to take down statements in a Facebook post concerning his presence inside the U.S. Capitol on January 6, 2021, with the intent of making those records unavailable for use in a federal grand jury proceeding related to the January 6 breach of the U.S. Capitol.

> **Deleted:** hat record [or
> **Deleted:** ]

In order to find the defendant guilty of Count One, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly corruptly persuaded another person, or attempted to do so;

Second, that the defendant acted with intent to cause or induce the other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or was likely to be instituted, and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding; and

> **Deleted:** [
> **Deleted:** add gov't language re: natural and probable consequences here?]; and

Fourth, that the official proceeding was in fact a federal proceeding.

I will now define some of the terms I just used in more detail.

1

**DRAFT**

I've told you in connection with the first element that the government must prove that defendant "knowingly" "corruptly" persuaded or attempted to persuade another person to act. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

As to the second and third elements, the statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count One is a federal grand jury proceeding related to the breach of the Capitol on January 6. The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending or about to be instituted at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time.

> **Deleted:** [insert natural and probable consequences language here?]

In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive persuasion or attempt and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

> **Deleted:** [
> **Deleted:** ]

And finally, while the fourth element is that the proceeding allegedly obstructed has to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal (as opposed to a local) proceeding.

DRAFT

## Count 2

Count Two also charges obstruction of justice. It alleges that on January 20, 2021, the defendant himself corruptly altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so, with the intent to impair its integrity or availability for use in an official proceeding – that is, that on that date, defendant Riley deleted his Facebook direct communications with Jacob Hiles to impair their use in the federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

The elements of this offense, each of which the government must prove beyond a reasonable doubt are:

First, that the defendant altered or destroyed or mutilated or concealed any record;

Second, the defendant acted with the intent to impair the record's integrity or availability in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or likely to be instituted, and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding;

Fourth, that the defendant acted corruptly; and

Fifth, that the official proceeding was a federal proceeding.

The definitions I gave you in connection with Count One must be followed here as well.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

Margin comments (tracked changes):
- Deleted: [, document, or tangible object]
- Deleted: object's [
- Deleted: ]
- Deleted: and
- Deleted: [
- Deleted: ]

3

**DRAFT**

The statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count Two is a federal grand jury proceeding. The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending or about to be instituted at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time. In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive act and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

While the proceeding involved does have to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal (as opposed to a local) proceeding.

[Place the instruction requiring the jurors to consider each count separately next]

4

# Defendant's Revisions

**DRAFT**

Elements of the Offense Instructions

**<u>Count One</u>**

There are two counts in this case for you to consider, and both charge the defendant with obstruction of justice.

Count One alleges that on January 7, 2021, the defendant knowingly corruptly persuaded, or attempted to persuade another person to alter, destroy, mutilate, or conceal an object with the intent to impair the object's integrity and availability for use in an official proceeding — that is, that on that date, defendant Riley directed Jacob Hiles to take down a statement in a Facebook post concerning his presence inside the U.S. Capitol on January 6, 2021, with the intent of making that record unavailable for use in a federal grand jury proceeding related to the January 6 breach of the U.S. Capitol.

In order to find the defendant guilty of Count One, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly corruptly persuaded another person, or attempted to do so;

Second, that the defendant acted with intent to cause or induce the other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or was likely to be instituted, and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding; and

Fourth, that the official proceeding was in fact a federal proceeding.

I will now define some of the terms I just used in more detail.

1

**DRAFT**

I've told you in connection with the first element that the government must prove that defendant "knowingly" "corruptly" persuaded or attempted to persuade another person to act. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

As to the second and third elements, the statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count One is a federal grand jury proceeding related to the breach of the Capitol on January 6. The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time.

> **Deleted:** or about to be instituted at the time of the defendant's conduct
>
> **Deleted:** [insert natural and probable consequences language here?]
>
> **Deleted:** [
>
> **Deleted:** ]

In addition, the law requires that there be a connection or relationship in time, causation, or logic, between the obstructive persuasion or attempt and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

And finally, while the fourth element is that the proceeding allegedly obstructed has to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal proceeding.

> **Deleted:** (as opposed to a local)

2

**DRAFT**

### Count 2

Count Two also charges obstruction of justice. It alleges that on January 20, 2021, the defendant himself corruptly altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so, with the intent to impair its integrity or availability for use in an official proceeding – that is, that on that date, defendant Riley deleted his Facebook direct communications with Jacob Hiles to impair their use in the federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

The elements of this offense, each of which the government must prove beyond a reasonable doubt are:

First, that the defendant altered or destroyed or mutilated or concealed any record;

Second, the defendant acted with the intent to impair the record's integrity or availability in an official proceeding; and

Third, that the defendant knew or should have known that the official proceeding was pending or likely to be instituted, and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding;

Fourth, that the defendant acted corruptly;

Fifth, that the official proceeding was a federal proceeding.

The definitions I gave you in connection with Count One must be followed here as well.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

3

**DRAFT**

The statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count Two is a federal grand jury proceeding. The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time. In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive act and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

While the proceeding involved does have to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal proceeding.

[Place the instruction requiring the jurors to consider each count separately next]

4