**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-CR-628 (ABJ)** |
| **MICHAEL ANGELO RILEY,** | |
| **Defendant.** | |

<u>**GOVERNMENT'S RESPONSE TO COURT'S OCTOBER 27, 2022, ORDER**</u>
<u>**REGARDING JURY NOTE**</u>

The United States of America, in accordance with the Court's order issued orally and by minute entry on October 27, 2022, hereby submits the following authority regarding the taking of partial verdicts and its position on instructing the jury following the notes received on October 26, 2022, ECF No. 67, and October 27, 2022, ECF No. 69.

The defense has requested that the Court take the partial verdict on the count for which the jury has indicated unanimity and declare a mistrial on the remaining count. ECF No. 71. The Government requests that the Court take the partial verdict on one count and then instruct the jury to continue deliberations on the remaining count. The Government defers to the Court as to which anti-deadlock instruction to provide to the jury upon resuming deliberations.

Rule 31(b)(2) of the Federal Rules of Criminal Procedure provides, "If the jury cannot agree on all counts as to any defendant, the jury may return a verdict on those counts on which it has agreed." The D.C. Circuit recognizes a District Court's authority to enter a jury's verdict on certain counts in a multi-count case while continuing deliberations on any remaining counts. *See United States v. Black*, 843 F.2d 1456 (D.C. Cir. 1988). In *Black*, the trial judge received a note from the jury indicating it was "hopelessly deadlocked." *Id.* at 1463. The judge inquired whether

1

the jury was deadlocked with respect to both defendants and every count in the case.  Receiving a

response "in the negative," the judge "inform[ed] the jury it could return a verdict concerning only

one of the defendants or covering less than all the charges" and then "asked the jury to continue

its deliberations."  *Id.*  The D.C. Circuit concluded this was "an entirely proper and non-coercive

request" by the trial judge.  *Id.*

The jury then "asked whether they could turn in the partial verdict or whether they were

obligated to continue deliberating on the other charges."  *Id.*  The trial judge "informed the jury

that if they returned a partial verdict, they would continue to deliberate on the remaining charges."

*Id.* (quotation marks omitted).  The D.C. Circuit concluded that the trial judge's "instruction that

the jury would continue to deliberate after returning a partial verdict was proper."  *Id.* (citing

*United States v. Burke,* 700 F.2d 70, 78–81 (2d Cir.), *cert. denied,* 464 U.S. 816 (1983); *United

States v. Gordon,* 817 F.2d 1538, 1542–43 (11th Cir. 1987); and *United States v. Ross,* 626 F.2d

77, 81 (9th Cir. 1980)).

The next day, the jury "informed the court by note that they had reached a decision on as

many counts as possible, and were hopelessly deadlocked on all other counts."  *Id.*  The trial judge

gave the *Thomas* charge for the first time.  A day and a half later, the jury returned a partial verdict.

The D.C. Circuit rejected the argument that the court's instructions were "plainly coercive and

prejudicial."  *Id.* at 1463–64.

Accordingly, the D.C. Circuit in *Black* approved of instructing the jury on taking a partial

verdict and then continuing deliberations on the remaining counts.  While the trial judge in *Black*

did not take a partial verdict before giving an anti-deadlock instruction, the instant case differs

from *Black* in that the jury has affirmatively indicated twice that it has reached a verdict on one of

the case's two counts, as well as that it intends to continue deliberations despite a "deadlock" on

2

one of the counts.  ECF Nos. 67, 69.  Moreover, while the defense and the Government do not agree as to the appropriateness of declaring a mistrial on the remaining count at this time, both parties have requested taking the partial verdict on the count as to which the jury has reached unanimity.  ECF No. 71.  Accepting the partial verdict would avoid, at least as to one count, the practical risks to the jury inherent in continuing deliberations.

Recently, the D.C. Circuit recognized the taking of partial verdicts in a single-defendant, multi-count case.  *See United States v. Driscoll*, 984 F.3d 103 (D.C. Cir. 2021).  The Circuit reversed the conviction due to the likely coercive effect of non-standard instructions, the last of which was given by the trial judge instead of taking a partial verdict as requested by the parties. Specifically, the Circuit noted that "both the Government and [the defendant] asked the District Court to take a partial verdict rather than issue this last instruction."  *Id.* at 113.  Accordingly, *Driscoll* counsels in favor of taking a partial verdict in the circumstances here.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Mary L. Dohrmann*
MARY L. DOHRMANN
Assistant United States Attorney
NY Bar No. 5443874
601 D Street N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035

*/s/ Anne P. McNamara*
ANNE P. MCNAMARA
Assistant United States Attorney
DC Bar No. 1006550

601 D Street N.W.
Washington, DC 20530
Anne.McNamara2@usdoj.gov
(202) 809-3502