UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,           )
                                    )
        v.                          )      Criminal Action No. 21-0628 (ABJ)
                                    )
MICHAEL ANGELO RILEY,               )
                                    )
              Defendant.            )
                                    )

## FINAL JURY INSTRUCTIONS

Leave to file **GRANTED**

_____   10/28/2022
Amy B. Jackson            Date
United States District Judge

Furnishing The Jury With A Copy Of The Instructions

I have provided you with a copy of the instructions I am about to read. It is completely up to you whether you would prefer to read along or to listen without reading. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

<u>Notetaking By Jurors</u>

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

<u>Function Of The Court</u>

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## Function Of The Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

### Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

Evidence In The Case

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of the following fact:  a federal grand jury was empaneled in the District of Columbia on January 8, 2021, and it considered matters related to the events at the United States Capitol on January 6, 2021. When I take judicial notice of a particular fact, you may regard that fact as proven evidence but you are not required to do so.

During the trial, you were told that the parties had stipulated--that is, agreed--to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

Statements Of Counsel

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

If I sustained an objection to a question asked by a lawyer, the question was withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question was asked and answered, and I then ruled that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations.

<u>Redacted Documents</u>

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, the irrelevant parts of the exhibit were blacked out or deleted. Thus, if when you examine any exhibit, you notice that there appears to be an omission, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

## Indictment Not Evidence

An indictment is merely the formal way of accusing a person of a crime. You must not consider the fact that the defendant was indicted as evidence of any kind--you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

Nature Of Charges Not To Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

Possible Punishment Not Relevant

      The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## Burden Of Proof--Presumption Of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find him not guilty of that offense.

## Direct And Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case--direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Credibility Of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any inconsistencies or discrepancies between what the witness says now and what the witness may have previously said. You may also consider any inconsistencies between the witness's testimony and any other evidence that you credit, such as the testimony of another witness. You should consider whether any inconsistencies are the result of different individuals seeing, hearing, or recollecting things differently, are the result of actual forgetfulness, are the result of innocent mistakes, or are the result of intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

<u>Law Enforcement Officer's Testimony</u>

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he is a police officer.

<u>Defendant As Witness</u>

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

<u>Character of Defendant</u>

Michael Angelo Riley has introduced testimony that he has a good reputation in the community for truthfulness and for being law abiding, and that in the witness's opinion, Mr. Riley is a truthful and law abiding person. Such evidence may indicate to you that it is unlikely that a truthful or law abiding person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case, including evidence that contradicts Mr. Riley's character evidence, and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. Riley is guilty of the crime charged, it is your duty to find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

<u>Reasonable Doubt</u>

The government has the burden of proving Michael Angelo Riley guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason--a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Multiple Counts

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on one count of the indictment should not influence your verdict with respect to the other count of the indictment.

Elements of the Offense

Count One

There are two counts in this case for you to consider, and both charge the defendant with obstruction of justice.

Count One alleges that on January 7, 2021, the defendant knowingly corruptly persuaded, or attempted to persuade, another person to alter, destroy, mutilate, or conceal an object with the intent to impair the object's integrity and availability for use in an official proceeding – that is, that on that date, defendant Riley directed Jacob Hiles to take down the portion of a Facebook post concerning his presence inside the U.S. Capitol on January 6, 2021, with the intent of making that record unavailable for use in a federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

In order to find the defendant guilty of Count One, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly corruptly persuaded another person, or attempted to do so;

Second, that the defendant acted with intent to cause or induce the other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or was likely to be instituted and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding; and

Fourth, that the official proceeding was in fact a federal proceeding.

I will now define some of the terms I just used in more detail.

I've told you in connection with the first element that the government must prove that defendant "knowingly" "corruptly" persuaded or attempted to persuade another person to act. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must act with "consciousness of wrongdoing," which means with an understanding or awareness that what he is doing is wrong or unlawful.

Also, in connection with the first element, I told you that the government had to prove that the defendant knowingly, corruptly persuaded another person or that he "attempted" to do so. Attempt means that the defendant had the intent to do the act and took a substantial step towards completing it.

As to the second and third elements, the statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count One is a federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time.

In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive persuasion or attempt and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

The defendant is not charged with obstructing an FBI investigation. The government must prove that he acted with intent to cause or induce another person to alter or conceal a record with intent to impair its integrity or availability for use in a grand jury proceeding. However, a person may act with more than one intention. The government is not required to show that the defendant's sole intent was to impair the record's availability for a grand jury proceeding.

Finally, while the fourth element is that the proceeding allegedly obstructed has to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal (as opposed to a local) proceeding.

If those elements are established, it is not necessary for the government to establish that the communications in question were sent from or received in the District of Columbia.

You have heard testimony in this case regarding whether the defendant, as a police officer, reported information that came to his attention to others. While, as I will instruct you in a moment, you may consider all of the facts and circumstances that you find relevant in determining whether

the government has established the elements of each offense charged beyond a reasonable doubt, the failure to report is not a charge in this case. To find the defendant guilty, you must find that he acted with intent to cause or induce the other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding.

Count 2

Count Two also charges obstruction of justice. It alleges that on January 20, 2021, the defendant himself corruptly altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so, with the intent to impair its integrity or availability for use in an official proceeding – that is, that on that date, defendant Riley deleted his Facebook direct communications with Jacob Hiles to impair their use in the federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

The elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

First, that the defendant altered or destroyed or mutilated or concealed any record;

Second, the defendant acted with the intent to impair the record's integrity or availability in an official proceeding;

Third, that the defendant knew or should have known that the official proceeding was pending or likely to be instituted and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding;

Fourth, that the defendant acted corruptly;

Fifth, that the official proceeding was a federal proceeding.

The definitions I gave you in connection with Count One must be followed here as well.

To act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

The statute requires that the obstructive conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count Two is a federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

The law does not require proof that the official proceeding was actually pending, or underway, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time. In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive act and the proceeding; that is, the government must

show that the defendant had knowledge that his actions were likely to affect the proceeding. As I said earlier, the official proceeding must be a grand jury proceeding, not simply an FBI investigation. But the government is not required to show that the defendant's sole intent was to impair the object's availability for a foreseeable grand jury proceeding.

While the proceeding involved does have to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal (as opposed to a local) proceeding.

If those elements are established, it is not necessary for the government to establish that the communications in question were sent from or received in the District of Columbia.

The Grand Jury

Grand juries are convened by the United States District Court, and they consist of 16 to 23 citizens. Their functions include determining whether criminal charges should be brought and investigating federal crimes at the request of federal prosecutors.

To perform those functions, grand jurors have the authority to gather evidence by issuing subpoenas for documents and testimony, and they may hear testimony from and ask questions of the witnesses.

Grand juries determine what charges should be brought by voting on charges that are presented to them by federal prosecutors. Grand juries can vote to bring felony charges, misdemeanor charges, or both, or they may vote to bring no charges at all.

The Constitution requires that a grand jury must return an indictment in order to charge a person with a felony. That is not necessary for a misdemeanor; a prosecutor may charge an individual with misdemeanor offenses through the use of a document called an information.

## Proof Of State Of Mind

Ordinarily, someone's intent or state of mind cannot be proved directly, because there is no way of knowing what a person is actually thinking. But you may infer someone's intent or state of mind from the surrounding circumstances. You may consider any statement made or acts done or not done by Michael Angelo Riley, and all other facts and circumstances received in evidence which indicate his intent or state of mind.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally performed. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Riley acted with the necessary state of mind.

<u>Motive</u>

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

Unanimity--General

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict(s) must be unanimous.

## Cautionary Instruction On Publicity, Communication And Research

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the Internet or in another way.

Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict(s). Please keep in mind that any exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

<u>Selection Of Foreperson</u>

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

### Attitude And Conduct Of Jurors In Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

<u>Communications Between Court And Jury During Jury's Deliberations</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person--not the clerk, the marshal or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter--for example, 6-6 or 7-5 or 11-1, or in any other fashion--whether the vote is for conviction or acquittal or on any other issue in the case.

<u>Verdict Form Explanation</u>

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats 13 and 14.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.