UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ANGELO RILEY,<br><br>Defendant. | Case No. 21-CR-628 (ABJ) |

**GOVERNMENT'S RESPONSE TO COURT'S NOVEMBER 8, 2022, ORDER REGARDING DEFENDANT'S MOTION FOR EXTENSION OF TIME**

The United States of America, in accordance with the Court's minute order issued on November 8, 2022, hereby submits its objections to the Defendant's Motion to Extend the Time to File Defendant's Motion for New Trial ("Def.'s Mot."), ECF No. 83.

Under the Federal Rules of Criminal Procedure, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Rule 33's timing requirement is jurisdictional, though a Court may act to extend the deadline. *See, e.g., United States v. Marquez*, 291 F.3d 23, 26 (D.C. Cir. 2002); Fed. R. Crim. P. 33, Comm. Notes – 2005 Amend. The Defendant requests that the Rule's timing requirement be extended to an undetermined future date "ten days after the Court rules on the Defendant's pending motion for judgment of acquittal" under Rule 29. Def.'s Mot. at 2. As grounds for the extension, the Defendant asserts that the pending Rule 29 motion "has the potential of rendering moot any motion for new trial." *Id.*

But a post-trial motion for judgment of acquittal is not a tolling device as to Rule 33's timing requirement. *See, e.g., United States v. Beran*, 546 F.2d 1316, 1319 n.2 (8th Cir. 1976). There is no reason under the Rules or otherwise that the two cannot proceed in parallel, or, indeed,

1

as a combined single motion. The Defendant chose not to combine his Rule 29 and Rule 33 motions and has instead opted to proceed separately. Nevertheless, the Government has an interest in finality and resolving this case in a timely manner. Accordingly, the Government objects to delaying, to an undetermined future date, the filing of a new trial motion, and, consequently, the further delaying of the anticipated sentencing in this matter.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Mary L. Dohrmann*
MARY L. DOHRMANN
Assistant United States Attorney
NY Bar No. 5443874
601 D Street N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035

*/s/ Anne P. McNamara*
ANNE P. MCNAMARA
Assistant United States Attorney
DC Bar No. 1006550
601 D Street N.W.
Washington, DC 20530
Anne.McNamara2@usdoj.gov
(202) 809-3502