IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : : | No. 21-cr-628-ABJ |
| v. | : : : |  |
| MICHAEL ANGELO RILEY, | : : : |  |
| *Defendant.* | : : : |  |

**DEFENDANT'S REPLY TO THE
GOVERNMENT'S OPPOSITION TO DEFENDANT'S WRITTEN
SUPPLEMENT TO HIS ORAL MOTION FOR JUDGMENT OF ACQUITTAL**

The Government's twenty-page Opposition does not change the fact that the Government failed to present sufficient evidence upon which a reasonable trier of fact could find beyond a reasonable doubt that Officer Michael Riley *intended* to obstruct a *grand jury proceeding* resulting from the *January 6 breach of the U.S. Capitol* and *knew* that his actions would *affect* that *specific* grand jury proceeding.

As an initial matter, the Government asks this Court to evaluate Officer Riley's motion for judgment of acquittal as a *post-verdict* motion, contrary to the procedures set forth in the Federal Rules of Criminal Procedure and this Court's own statements on the record that the Court is to evaluate the motion on the basis of the evidence at the moment the Court "reserves" its decision. This Court should reject the Government's invitation to incorrectly apply a "very high" "burden" of proof for Officer Riley in evaluating the Government's evidence (or lack thereof) when deciding Officer Riley's pending motion for judgment of acquittal.

The Government also now argues that Officer Riley engaged in obstructive conduct *outside* of what was specifically charged in the Indictment and *outside* of what the jury was instructed to

consider. This Court should equally reject the Government's invitation to expand the scope of the Indictment at this late hour and to draw inferences from evidence that even the Government, as recently as the Pretrial Conference in this case, did not believe constituted obstructive conduct. *See* Sept. 12, 2022 Tr. at 47-48.

Most troubling, the Government argued at trial that Count Two of the Indictment was based on Officer Riley trying to protect *himself* from being indicted by the grand jury resulting from the January 6 breach of the U.S. Capitol. The Government claimed that the grand jury charged in the Indictment encompassed Officer Riley's allegedly obstructive conduct in deleting his own Facebook records, even though there was no evidence in the record to support such a broad scope for a grand jury "resulting from" the "breach of the U.S. Capitol." Indeed, the Government's sole witness on the issue, FBI Special Agent ("SA") Stephen Hart, had no personal knowledge of the specific grand jury, an event that prompted the Government to seek an eleventh-hour judicial notice on the issue. The problem with the Government's theory on Count Two is that Officer Riley was *never* indicted by the grand jury investigating the January 6 breach of the U.S. Capitol (contrary to the uninformed testimony of SA Hart). In fact, Officer Riley was indicted by a totally separate grand jury that was empaneled on August 11, 2021 — not on January 8, 2021, as was the grand jury charged in the Indictment and referenced by the Government at trial.

In response to this point, on the second to last page of its Opposition, the Government asserts that Officer Riley is simply "confus[ing]" the issues and "shift[ing] the focus away from his conduct" because all the Government "must prove" is "that a grand jury proceeding was reasonably foreseeable to [him] and that he intended to impair the evidence's availability in that proceeding." Reverting back in time and ignoring the jury instructions (for which the parties spent hours litigating), the Government asks this Court to abandon the "nexus" requirement and permit

2

a guilty verdict based on a grand jury *not charged* in the Indictment. If the Government's lead law enforcement officer was not aware that the charged grand jury proceeding did not investigate Officer Riley, nor was the Government when it tried to expand criminal liability under Count Two of the Indictment, how was Officer Riley to have known that *his own* direct messages would impair that grand jury, or to have intended such a result? He did not and he could not, especially when his direct messages were not evidence of a crime, Hiles already had been reported by multiple individuals and arrested and charged with misdemeanor offenses, and the Government already had in its possession the contents of Hiles's cellphone.[1]

Finally, while in one-way disappearing the nexus requirement, the Government also seeks to resurrect its assertion that Officer Riley is criminally liable for purportedly obstructing an investigation. *See* Gov't Opp'n at 13 (D.E. 85) ("[T]his does nothing to **negate Defendant's intent to affect a federal criminal investigation that he knew would include the grand jury**."); *id.* at 12-13 ("Here, the evidence established that Defendant was a veteran law enforcement officer who knew that a massive federal criminal investigation into the events related to January 6 was underway at the time he sent his message."). As this Court stated at the Pretrial Conference, and was required to instruct the jury in light of the Government's improper arguments at trial, Officer Riley was *not* charged with obstruction of an investigation, but rather, a grand jury proceeding.[2]

---

[1] In its Opposition, the Government expands its unsupported claim that Officer Riley did not know that the direct messages were in the Government's possession and that the Government actually needed another search warrant to obtain the messages from Hiles (evidence and argument not raised at trial). The Government's own cross-examination of Officer Riley and arguments to the jury that Officer Riley deleted his messages because he could no longer control who had access to them are completely inapposite to the Government's contentions here.

[2] The Government had access to extensive resources and over a year to prepare for trial, but chose to present absolutely no evidence about the grand jury that was allegedly obstructed, how Officer Riley intended to obstruct that grand jury, or knew his actions would affect that grand jury. To date, the Government has still not produced any evidence surrounding the empaneling of the grand

*See* Sept. 12, 2022 Tr. at 35:13-36:4 ("So I am not sure that you can, on the one hand, say, We're not talking about the FBI investigation; and say, A federal investigation including a grand jury investigation, whence you have hung your hat on the fact that you are talking about the grand jury investigation."); Jury Instructions at 22 (D.E. 81) ("The defendant is not charged with obstructing an FBI investigation."); *id.* at 25 ("[T]he official proceeding must be a grand jury proceeding, not simply an FBI investigation.").

The Government cannot change theories, facts, or charges at this late hour to salvage its case. Accordingly, this Court should enter a judgment of acquittal on both counts of the Indictment.

## ARGUMENT

**I.   The Government Improperly Asks This Court to Employ the Wrong Standard of Review on Defendant's Motion for Judgment of Acquittal.**

While claiming that Officer Riley is "ask[ing] the Court to flip the Rule 29 standard on its head" (at 1), the Government urges this Court to apply the wrong standard of review and evaluate the sufficiency of the evidence of Count Two of the Indictment *post-verdict*:

> When considering a Rule 29 motion after a verdict, such as was the case here in Count Two, the Court 'must view the evidence in the light most favorable to the verdict and must presume that the jury has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences. A defendant's Rule 29 burden at the post-verdict stage is 'very high,' in part because evidence to support a conviction does 'not need to be overwhelming.' Indeed, the Court owes 'tremendous deference to a jury verdict.'

---

jury charged in this case, absent: (i) an Indictment returned by a grand jury sworn in on January 8, 2021 for assault with a weapon (knife) and trespassing offenses resulting from the January 6, 2021 breach of the U.S. Capitol; (ii) an Indictment from that same grand jury for assaulting officers, robbery of Government property, and trespassing offenses regarding January 6; and (iii) a January 3, 2022 Order extending that grand jury because its work "on a large-scale matter" was not complete. In evaluating Officer Riley's motion here, there remains nothing in the trial record to establish the scope of the grand jury that the Government describes in its Opposition as purportedly supporting its charges in this case.

4

*See* Gov't Opp'n at 7 (citations omitted).[3]

This Court already stated on the record that if it reserved its decision on Officer Riley's motion for acquittal, which it did, it "still must decide it based on the state of the record now and not whether new information comes in that moves me one way or the other during the defense case. I understand that's my obligation." Oct. 20, 2022 Tr. at 26-27. The Court's analysis was based on the language of Rule 29(b) itself, which states, "If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

Accordingly, this Court must first look at the record as it was when the Government rested its case, the time at which the Court first reserved ruling on Officer Riley's motion for judgment of acquittal. Then, assuming sufficient evidence was presented by the Government, the Court must reexamine the record as it stood at the close of the defense case, the time at which the motion was reraised and the Court again reserved ruling. What the Court is not permitted to do, as the Government invites, is treat Officer Riley's motion as a *recently filed* post-verdict motion (*see* Gov't Opp'n at 6 ("On *November 4*, 2022, Defendant filed the instant Motion . . . ." (emphasis added))) and then apply a "very-high" "burden" and give unnecessary deference to either the Government's deficient trial evidence or the jury's verdict. *See id*. at 7 ("Indeed, the Court owes 'tremendous deference to a jury verdict.'" (citation omitted)).

As discussed below, the Government did not provide sufficient evidence at trial.

---

[3] In crafting its proposed standard of review, the Government cites only to cases in which courts considered either motions for judgment of acquittal made after a jury verdict or discharge, under Rule 29(c), or appeals from convictions. Here, Officer Riley made his motion for judgment of acquittal before the case was submitted to the jury, under Rule 29(a), and the Court reserved its decision, pursuant to Rule 29(b).

**II. No Reasonable Trier of Fact Could Find Beyond a Reasonable Doubt That Officer Riley *Intended* to Obstruct a Grand Jury Resulting from the January 6 Breach of the U.S. Capitol and *Knew* That His Actions Would Affect That Grand Jury.**

In its Opposition (at 8, 16), the Government purports to list the elements of the charged obstruction offenses pursuant to 18 U.S.C. § 1512, but omits the language this Court incorporated into the jury instructions to follow the Supreme Court's admonitions requiring a "nexus" between the obstructive conduct and the specific proceeding at issue. *See Arthur Andersen L.L.P. v. United States*, 544 U.S. 696, 707-08 (2005). After much argument and extensive revisions, this Court instructed the jury that:

> the statute requires that the obstructive conduct be connected to a ***specific official proceeding***. The official proceeding that is alleged to be the object of Count One [and Count Two] is a federal grand jury proceeding ***resulting from the January 6 breach of the U.S. Capitol.***
>
> . . .
>
> In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive persuasion or attempt and the proceeding; that is, the government must show that the ***defendant had knowledge that his actions were likely to affect the proceeding***.

Jury Instructions at 21-25 (D.E. 81) (emphasis added).

*Nowhere* in the Government's twenty-page Opposition does the Government point to *any* evidence that Officer Riley *intended* to obstruct a grand jury proceeding resulting from the January 6 breach of the U.S. Capitol or *knew* that his actions, in either sending a message regarding a portion of Hiles's public Facebook post or deleting his own Facebook messages, would affect that grand jury, let alone, evidence sufficient that a reasonable trier of fact would be able to find such facts beyond a reasonable doubt.

Rather, the Government continues to argue that the evidence at trial "made clear that the criminal investigation into January 6 would be one of the largest in history, involving multiple law enforcement agencies and the use of every tool available to the government, including the grand

jury" and Officer Riley "was a veteran law enforcement officer who knew that a massive federal criminal investigation into the events related to January 6 was underway at the time he sent his message." *See* Gov't Opp'n at 5, 12-13. Officer Riley was not charged with obstructing an "investigation," and yet, the Government continues to act as if he was, or if such conduct establishes liability under the charged statutes, which it does not. *See id.* at 13 (emphasis added) ("[T]his does nothing to negate Defendant's ***intent to affect a federal criminal investigation*** that he knew ***would include the grand jury***.").

The Government can read, recite, and highlight in perpetuity Officer Riley's direct messages with Hiles (the "rioter," as the Government described him before the jury) exchanged after Hiles's arrest for misdemeanor offenses as evidence of conduct unbecoming of a Capitol Police officer, but that does not establish evidence of the charged offenses in this case. Absent the direct message to take down a part of a public Facebook Post, viewed and shared by hundreds, reported to the FBI within hours, and subject to Facebook preservation requests, and the deletion of his own Facebook communications when terminating his contact with Hiles, the Government has not alleged that Officer Riley engaged in any obstructive conduct.

**A.    Count One – Partial Facebook Post.**

As for Count One of the Indictment, the Government failed to present sufficient evidence that, on January 7, 2021, Officer Riley knew that, by telling Hiles to "take down" a *part* of a public Facebook post — which described at best non-intentional conduct, and at worst misdemeanor trespassing, and was viewed, reposted, and reported by numerous individuals — he would affect a grand jury proceeding. The Government again attempts to equate statements by Officer Riley regarding intentional assaults of officers, destruction of property, and breaking into the building — conduct that would not be charged as misdemeanors or result in citations — to evidence that

7

Officer Riley knew Hiles's post, which essentially described non-intentional trespassing, would be the subject of a grand jury proceeding and/or result in felony charges. Even when according the Government the benefit of all *legitimate* inferences, the evidence presented in the record is not sufficient to establish the requisite intent.

The Government also conflates throughout its Opposition the terms "charged" and "federal court" as used by Officer Riley with felonies or matters that would be before a grand jury. On January 7, 2021, the sole date on which Officer Riley's intent is evaluated when considering Count One of the Indictment, Officer Riley's direct message to Hiles stated: "everyone who was in the building is going to [be] charged." Gov't Ex. 202a at USA-004431. That statement does not implicate felony offenses, or contemplate a grand jury proceeding; as Officer Riley and other Capitol Police officers testified at trial, unlawful protestor offenses for non-violent trespassing are "charged" as misdemeanors or result in the issuance of citations. Nor does Office Riley's public post on Facebook on January 7, 2021 evidence knowledge that felony offenses alone would be charged arising from January 6, 2021: "Every protester that assaulted an officer yesterday, commited property damage, and broke in to the Capitol building should be charged federally in District Court." Am. Gov't Ex. 307. That is the conduct that Officer Riley, on January 7, 2021, believed should be subject to federal prosecutions, as did the other Capitol Police officers who testified on this point. Moreover, federal prosecutions involve both misdemeanor and felony charges and Hiles's conduct, as described in his Facebook post (Gov't Ex. 201a.), would *not* be the conduct encompassed by Officer Riley's post because Hiles did not describe assaulting officers, committing property damage, or breaking into the U.S. Capitol.

Additionally, the Government again attempts to argue that the use of the word "charges" implies awareness of a grand jury because only prosecutors can charge individuals. That argument

8

is without factual or legal merit, as officers charge individuals when making arrests. Even the paperwork the Government used to question Officer Riley during his cross-examination had a section titled "police charges" (Gov't Ex. 600), which Officer Riley testified was what he was referring to in his discussion of "charges." Capitol Police officers also testified to making arrests on misdemeanor charges for non-violent protestors, without the existence of any grand jury.

The Government's representation in its Opposition (at 3) that the "evidence established that Defendant knew that individuals involved in the Capitol breach would be charged federally with felonies" is equally disingenuous. The Government relies in part on Officer Riley's message from January 16, 2021 that "theyre all being charged federally with felonies," but the statement was within the context of those "engaged in violent acts, or destruction of property." *See* Gov't Ex. 202a at USA-004478.[4] The Government also points to a message from January 20, 2021 that discussed "everyone . . . getting charged with felonies" (*see* Gov't Ex. 306a at USA-4488), but Officer Riley sent that message after his initial Facebook post on January 7, 2021, and the conduct described was still inconsistent with Hiles's actions, since Hiles had not attacked officers or destroyed property. To this same point, when Officer Riley discussed individuals being charged with "felonies" with Ben Shepherd (*id.*), that occurred *after* Officer Riley had been informed that Hiles was charged with misdemeanors (*see* Gov't Ex. 202a at USA-004478). Hiles's conduct as described in his post (and his actual conduct, as charged by the Government) was merely misdemeanor trespassing. The messages sent on and around January 7, 2021, the relevant date for

---

[4] The Government relies heavily on Officer Riley's direct message sent on January 16, 2021 as to his intent on January 7, 2021 because the Government implies that Officer Riley must have included the "or" to include anyone who went inside the U.S. Capitol, regardless of whether they were assaultive or destructive. That message should be read consistent with Officer Riley's other statements (*see* Am. Gov't Ex. 307) (and his testimony at trial and the testimony of the other Capitol Police officers) that those inside the U.S. Capitol who assaulted officers or destroyed property would be charged differently than those who were just trespassers.

9

Officer Riley's intent, show that Officer Riley's knowledge at that time did not contemplate felony conduct regarding Hiles.

As further confirmation that the Government's reliance on Officer Riley's statements is misplaced, the Government initially at the Pretrial Conference wanted to move into evidence Hiles's communications where he indicated that he learned from the Capitol Police on January 16, 2021 that he would likely be charged with "*trespassing*." Gov't Exs. 103-104 (emphasis added) (withdrawn by the Government at the Pretrial Conference after the Court indicated that the hearsay exhibits — which the Defense admittedly strategically did not object to — would not be very helpful to the Government).

The Government also asserts that the "Defendant's quick action" "show[ed] his awareness that persuading the rioter to take down the evidence would obstruct or impede the grand jury's investigation of the January 6 breach." Gov't Opp'n at 10. The entirety of Hiles's post was visible to hundreds; was liked, reposted, and commented upon; and was subject to FBI preservation requests to Facebook. To the extent Hiles entered the U.S. Capitol, his presence would have been seen on cameras that captured every inch inside the building. Moreover, Officer Riley did not tell Hiles to take down his entire post, which described his perception of and participation in the events of January 6, 2021, but simply to take down the part of being inside the U.S. Capitol. The first-person narrative would be available to everyone on Facebook and the grand jury (if it so wanted to call him as a witness to other felony conduct committed by rioters as he described in the post).[5]

---

[5] Contrary to the Government's Opposition (at 2), it was never established that Officer Riley watched any video of Hiles prior to sending him a direct message on January 7, 2021. The Government chose not to even ask Officer Riley that question on cross-examination when it was learned during SA Hart's testimony that Hiles had indicated to Officer Riley that Facebook had previously taken his videos down after he received Officer Riley's direct message minutes earlier and there was insufficient time for Officer Riley to have watched all the videos sent by Hiles in response to Officer Riley's direct message. *See* Gov't Ex. 202a at USA-4432-4433. Moreover,

10

Officer Riley also took no further action as to Hiles's post after the direct message, especially after learning that Hiles had been reported by another Capitol Police officer. Based on the record, with his limited knowledge on January 7, 2021 as to Hiles, Officer Riley would not have known that his actions would impair a grand jury investigating the breach of the U.S. Capitol. The Government also claims that Officer Riley's "theory [is that] he was apparently aware that he was obstructing an official proceeding — just a court, not grand jury proceeding." Gov't Opp'n at 12. It is unclear what the Government is asserting here because it is the Government that charged Officer Riley with obstructing a grand jury proceeding (not an investigation or court proceeding), of which its evidence at trial was legally insufficient.

Finally, the Government posits that the "Defendant, as a police officer, was not the decisionmaker as to what charges would ultimately be brought against any individual, and that he of course was aware of that fact." Opp'n at 12. This contention contradicts the Government's prior contention that Officer Riley knew that those involved with the U.S. Capitol breach would be charged with felonies, particularly where Officer Riley's sole knowledge of Hiles (at 1:35 pm on January 7, 2021) derived solely from Hiles's post, which did not describe any conduct consistent with breaching the U.S. Capitol, assaulting officers, or destroying property. *See* Gov't Ex. 202a at USA-004431. While the Government cross-examined Officer Riley on why he should not have relied upon what Hiles claimed in his message, any negligence, or poor judgment, does not translate into criminal liability or an "intent" to obstruct. The Government chastises (at 12) Officer Riley for not letting the grand jury "investigate, and consider rioters' statements about their

---

while the Government read from its typed closing that Ben Shepherd stated that he discussed with Officer Riley Hiles' video on September 9, 2021, Mr. Shepherd denied any conversation occurred absent from what was contained in his Facebook messages with Officer Riley and testified that he never asked Officer Riley to take any action regarding Hiles and considered Officer Riley to be like a father to him.

11

conduct at the Capitol on January 6," but that is not what Officer Riley did in this case, as Officer Riley did not request that Hiles delete his Facebook post, his presence on Facebook, or his lengthy discussion of what occurred at the U.S. Capitol, and took no action further after Hiles did not take down a portion of his Facebook post.

### B.  Count Two – Officer Riley's Own Facebook Direct Communications.

This Court instructed the jury that Count Two alleged that,

> on January 20, 2021, the defendant himself corruptly altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so, with the intent to impair its integrity or availability for use in an official proceeding – that is, that on that date, defendant Riley *deleted his Facebook direct communications* with Jacob Hiles to *impair* their *use* in the federal *grand jury proceeding resulting from the January 6 breach of the U.S. Capitol*.

Jury Instructions at 24 (emphasis added).

At trial, the Government completely altered its charged theory, that Officer Riley's actions were taken to remove evidence from a grand jury investigating the "January 6 breach of the U.S. Capitol," to rather, a grand jury investigating Officer Riley *himself* for conduct that did not occur on January 6, 2021 and did not involve the breach of the U.S. Capitol. Applying mental gymnastics, the Government took the position that the charged grand jury encompassed Officer Riley's own conduct, even though there was absolutely no evidence in the record that the grand jury resulting from the January 6 breach of the U.S. Capitol had such a broad scope at the time it was empaneled, on January 8, 2021, and the Government's sole witness on the issue, SA Hart, had no personal knowledge of the grand jury.[6] The problem with the Government's theory on Count

---

[6] The Government's Opposition makes no attempt to even address the fact that SA Hart had no personal knowledge of the grand jury charged in this case and did not purportedly go into that grand jury until the Government sought an indictment of Officer Riley, which is now shown, not to be true as that was a completely separate grand jury proceeding. SA Hart's testimony was further undermined when he claimed to not be comfortable discussing Hiles's conduct inside the U.S. Capitol, despite being the case agent in this case, having conducted a "lengthy" interview of Hiles,

Two is that Officer Riley was never indicted by the grand jury investigating the January 6 breach of the U.S. Capitol, which was empaneled on January 8, 2021 — rather, he was indicted by a totally separate grand jury, empaneled on August 11, 2021. *See* Indictment at 1 (D.E. 1).

In its Opposition, the Government first resorts to criticizing Officer Riley for raising this challenge to the Government's evidence and argument at trial, and then reverts to removing the nexus requirement from the jury instructions given by the Court to the jury at trial:

> As has been true throughout the history of this case, Defendant ***attempts to shift the focus away from his conduct and state of mind and confuse the issues***. First, the statute does not require the Government to prove every detail of the grand jury proceeding that Defendant intended to obstruct at the time of his deletions. The Government ***must prove only that a grand jury proceeding was reasonably foreseeable to Defendant and that he intended to impair the evidence's availability in that proceeding***. Final Jury Instructions, ECF No. 81, at 21-24.

Gov't Opp'n at 19 (emphasis added). The Government's legal analysis is wrong and was rejected by this Court months ago. Officer Riley must have acted in regard to a specific grand jury and must have intended to obstruct that specific grand jury and must have known that his actions would

---

and having been present at the courthouse the day Hiles testified before the grand jury. SA Hart also claimed to not be comfortable discussing the circumstances of when the FBI actually received Hiles's Facebook post, which occurred no later than January 8, 2021 and no earlier than approximately 8:30 am on January 7, 2021. As stated in our opening memorandum (D.E. 82 at 9-10 & n.2), the FBI's investigation of Officer Riley made no mention of obstruction of a grand jury proceeding. SA Hart had no idea what he was talking about relating to the purported grand jury investigating the January 6, 2021 Capitol breach, in part because his focus was on how Officer Riley purportedly obstructed his FBI investigation and his testimony at trial attempted to merge obstruction of an FBI investigation with obstruction of a grand jury proceeding by testifying that both go hand-in-hand with each other (in his mind at least). SA Hart went so far as to have no knowledge whether FBI administrative subpoenas (which SA Hart testified that he did not use, but other FBI agents did) required the presence of an open grand jury. They do not and it is unconscionable that SA Hart did not know this obvious fact. *See Report to Congress on the Use of Administrative Subpoena Authorities by Executive Branch Agencies and Entities* at II.A.1, https://www.justice.gov/archive/olp/rpt_to_congress.htm, last visited November 15, 2022 ("Administrative subpoena authorities allow executive branch agencies to issue a compulsory request for documents or testimony without prior approval from a grand jury, court, or other judicial entity").

affect that specific grand jury.

The Government's submission cannot change the fact that Officer Riley was never indicted by a grand jury investigating the January 6 breach of the U.S. Capitol, and the Government cannot point to any evidence in the record on which a reasonable trier of fact could find beyond a reasonable doubt that Officer Riley had "knowledge" that the deletion of his *own* direct messages would likely "affect" the federal grand jury proceeding resulting from the breach of the Capitol on January 6, as charged in Count Two of the Indictment. The Government cannot sustain a conviction on a theory that Officer Riley should have been aware that another grand jury proceeding, potentially investigating him for deleting his own Facebook messages, where the only purportedly incriminating content, among the over one hundred messages, was a message telling Hiles to take down a portion of a Facebook post, which the jury could not find was criminal.

The Government also rests its case on Officer Riley's messages to his union representative, wherein he "guess[es]" that a disciplinary action resulted from telling Hiles to take information off of Facebook and ponders, "Wonder what kind of trouble I'm in." Gov't Opp'n at 5. This entire conversation applied to an administrative matter and potential consequences to his employment as a Capitol Police Officer, not criminal conduct or obstruction of a grand jury. The Government also claims that Officer Riley was not truthful about his conduct when speaking to others. *See* Gov't Opp'n at 9, 17. That is completely inaccurate. As shown in the Government's exhibits, Officer Riley told both Capitol Police officer witnesses who testified at trial that he told Hiles to take down information on Facebook, knowing that Hiles had spoken to the FBI and the FBI had the contents of Hiles's cellphone, and neither Capitol Police officer took any action as if a crime had been committed or a grand jury had been obstructed, nor did Officer Riley ask them to shield him from any purported criminal investigation. The Government's evidence of obstruction as to Court Two

cannot support a guilty verdict in this case.

### III. The Government *Now* Seeks Post-Trial to Argue Conduct Not Charged in the Indictment Was Obstructive in the Hope of Salvaging its Case from Dismissal.

Now, post-trial, the Government argues (at 3) that Officer Riley "continued to attempt to persuade [Hiles] to take down evidence" after his initial direct message. That is completely not true and, again, inconsistent with the Government's Indictment, which made clear that Officer Riley's alleged obstruction as to Count One consisted of his initial direct message to Hiles, and nothing more:

> Count One alleges that on January 7, 2021, the defendant knowingly corruptly persuaded, or attempted to persuade, another person to alter, destroy, mutilate, or conceal an object with the intent to impair the object's integrity and availability for use in an official proceeding – that is, that on that date, defendant Riley **directed Jacob Hiles to take down the portion of a Facebook post concerning his presence inside the U.S. Capitol on January 6, 2021**, with the intent of making that record unavailable for use in a federal grand jury proceeding related to the January 6 breach of the U.S. Capitol.

Jury Instructions at 21 (emphasis added). While the Government was permitted to introduce communications to establish Officer Riley's intent on January 7, 2021, Officer Riley was never charged with obstruction based on conduct other than his initial direct message to Hiles on January 7, 2021 (Count One) and the deletion of his own direct messages on January 20, 2021 (Count Two).

The Government conceded before trial that the purpose of introducing the messages was not to provide evidence of obstructive acts, but purportedly as evidence of Officer Riley's intent on the two charged acts in the Indictment:

| | |
|---|---|
| The Court: | And there is another later text that tells him to take -- basically, take the stuff down, right? |
| Mr. Macchiaroli: | No. No. |
| Ms. Dohrmann: | Your Honor, however, there is a subsequent obstruction on January 20th. |
| The Court: | Right. |
| Ms. Dohrmann: | In between January 7th and January 20th there are numerous interactions and conversations and exchange of information |

15

between the defendant and Mr. Hiles. ***The government is entitled to prove his state of mind on January 7th when the initial message is sent with the continued interactions, the continuing and deepening and widening knowledge and, of course, to prove his motive for the obstructive act on January 20th***.

Sept. 12, 2022 Tr. at 47-48 (emphasis added). Contrary, to the Government's assertion post-trial, Officer Riley was never charged with engaging in obstructive or criminal conduct absent his initial direct message to Mr. Hiles and then his deletion of his messages after informing Mr. Hiles that he was no longer communicating with him and "deleting" his Posts.

The Government cannot change its charges, theories, and facts to salvage its case (based on conflicting theories as to what grand jury was obstructed and for what purpose). Officer Riley did not intend to obstruct any grand jury proceeding, did not know his actions would affect any grand jury proceeding, and in fact, never did affect or obstruct any grand jury proceeding.

## CONCLUSION

For all these reasons, Officer Riley respectfully requests that the Court enter a judgment of acquittal on both counts of the Indictment.

Dated: November 15, 2022　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

　　　　　　　　　　　　　　　　　　　　　　/s/ Christopher Macchiaroli
　　　　　　　　　　　　　　　　　　　　Christopher Macchiaroli (D.C. Bar No. 491825)
　　　　　　　　　　　　　　　　　　　　1750 K Street, NW, Suite 810
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 539-2444
　　　　　　　　　　　　　　　　　　　　Facsimile:  (410) 547-2432
　　　　　　　　　　　　　　　　　　　　Email: cmacchiaroli@silvermanthompson.com

　　　　　　　　　　　　　　　　　　　　Emma J. Mulford (Bar No. MD0146)
　　　　　　　　　　　　　　　　　　　　400 East Pratt Street, Suite 900
　　　　　　　　　　　　　　　　　　　　Baltimore, MD 21202
　　　　　　　　　　　　　　　　　　　　Telephone: (410) 385-6249
　　　　　　　　　　　　　　　　　　　　Facsimile: (410) 547-2432
　　　　　　　　　　　　　　　　　　　　Email: emulford@silvermanthompson.com