IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : : : : : : : : : | No. 21-cr-628-ABJ |
| v. |  |  |
| MICHAEL ANGELO RILEY, |  |  |
| *Defendant.* |  |  |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL**

Rule 33 of the Federal Rules of Criminal Procedure is interpreted broadly for good reason. It is in place to serve the interest of justice and provides discretion to a court to grant a new trial "in a variety of situations" when a guilty conviction would "jeopardize[]" a defendant's "substantial rights." *See United States v. Ring*, 768 F. Supp. 2d 302, 310 (D.D.C. 2011) (citation omitted). This is one of those cases because the jury's guilty verdict as to Count Two cannot be separated from the compounding errors and omissions in the facts alleged and arguments presented by the Government at trial, which, if left unaddressed, would result in a "miscarriage of justice."

In its Opposition (D.E. 88), the Government makes no attempt to explain or defend how its case agent and sole witness as to the alleged obstruction was unaware that the grand jury that indicted Officer Riley was *not* the grand jury charged in the Indictment and empaneled in response to the January 6 breach of the U.S. Capitol, as he testified at trial. The Government also does not attempt to reconcile its conflicting theories as to what grand jury Officer Riley allegedly obstructed in Count Two and for what specific purpose — *i.e.*, whether it was a grand jury investigating individuals who breached the U.S. Capitol on January 6 or one investigating Officer Riley's

alleged obstruction. Officer Riley's indictment by a different grand jury than the charged grand jury makes clear that the Government's efforts to expand Count Two of the Indictment to cover Officer Riley's conduct was improper and highlights why there was no nexus between Officer Riley's deletion of his own Facebook messages (to allegedly protect himself) and the grand jury actually charged in the Indictment. The Government also makes no effort to explain how Officer Riley would have *known* that the deletion of his *own* direct messages would *impair* either grand jury, when Jacob Hiles had already been arrested and charged with misdemeanors, and the FBI had the contents of Hiles' cellphone in its possession at the time Officer Riley terminated his Facebook contact with Hiles.

Instead, the Government elects to criticize Officer Riley (and his defense team) for "split[ting] hairs," creat[ing] confusion," employing "misinterpretations of the law and evidence," and "rest[ing] on an inaccurate reading of the obstruction statute." Absolutely not. The error here rests squarely with the Government.

The Government also spends pages of its Opposition (as it spent hours of trial time) highlighting Officer Riley's direct messages with Hiles, as if those mere communications are criminal because Officer Riley was a Capitol Police Officer and Hiles was a "rioter," as the Government referred to him throughout the trial. While Officer Riley engaged in a deeply regrettable lapse in judgment, which will remain with him for the rest of his life and for which he has already been punished, his communications with Hiles was not a crime then and still is not a crime now.

At the outset of its investigation in this matter, the Government tried to find a connection between Officer Riley and Hiles predating January 6. Although no connection existed, as Hiles told the FBI, the Government chose to pursue the investigation anyway. The Government then

2

tried to get Officer Riley to make a false statement to law enforcement, but that effort failed as well. Now, the Government wants Officer Riley to be a felon, guilty of obstruction of an official proceeding, for deleting his own Facebook messages when ending his Facebook contact with Hiles. Besides abandoning the nexus element required by Supreme Court precedent (which the Government opposed including in the jury instructions in the first place), the Government dispenses with maintaining the illusion that it sought to charge Officer Riley with something more than obstructing a law enforcement investigation, which was always the case, and has been made even clearer through the Government's post-trial submissions. *See* Opp'n at 13 ("[H]e knew that a massive federal investigation into January 6 was underway; and he knew the FBI was interested to learn that a USCP officer had been talking with a rioter. All of those facts were proven at trial, and they amply support the jury's verdict on Count Two."). The Government also has no problem stretching the federal obstruction statute to impose a duty to refrain from deleting Facebook messages, even after the end of a conversation, and to maintain those messages (in perpetuity apparently) in anticipation of the possibility that a grand jury may seek them someday. This expansion of the law should not and cannot stand, especially when the jury could not even agree that the only message that was *allegedly* criminal, the first direct message, actually constituted a crime. Nonetheless, that is the outcome the Government wants approved by this Court.

The Government elected to charge Officer Riley with obstruction of the "federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol" for his action of deleting the bulk of his Facebook conversations with Hiles. Despite the Government's labored attempts to mold its conflicting theories and the evidence presented at trial to fit this charge, Officer Riley's conduct does not meet the requisite elements at the requisite level of proof. This deficiency, especially

when considered together with the other errors and omissions at trial, merits the granting of a new trial on Count Two to avoid a miscarriage of justice.

## ARGUMENT

As Officer Riley set forth in his Motion for New Trial (D.E. 87), among the many justifiable reasons, a new trial should be granted based on: (i) the Government's changing theories as to what grand jury proceeding Officer Riley allegedly obstructed in Count Two, and how his actions allegedly affected that *specific* grand jury; (ii) the Government's continued conflation of an FBI investigation with a grand jury proceeding, and of Officer Riley's supposed failure to report Hiles as a separate criminal violation; (iii) the lack of discovery or evidence relating to the charged grand jury; (iv) the Government's failure to timely disclose information regarding the FBI's receipt and possession of Hiles's Facebook post; and (v) the incapability of the evidence adduced at trial to prove each element of the charged offenses beyond a reasonable doubt.

The Government's Opposition addresses only two of these grounds — that "the Government improperly argued that [Defendant] obstructed a grand jury proceeding *different* from the proceeding charged in the Indictment," and that "the weight of the evidence overwhelmingly supports an acquittal on Count Two." *See* Opp'n at 8 (citing Motion at 17, 19). And, in doing so, the Government again misses the mark. Throughout its counterarguments, the Government continues to ignore the nexus requirement and focuses only on the element of foreseeability. As a result, the Government miscomprehends the import of Officer Riley being indicted by a grand jury other than the grand jury charged in the Indictment, and fails to recognize the insufficiency of the evidence for several of the elements of Count Two.

For the sake of brevity, this Reply focuses on the points raised in the Government's Opposition.

**I.      The Charged Grand Jury Does Not Fit the Charged Offense.**

Based on appliable legal precedent, this Court instructed the jury regarding Count Two as follows, in pertinent part:

> The statute requires that the obstructive conduct be **connected to a *specific* official proceeding**. The official proceeding that is alleged to be the object of Count Two is a federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.
>
> . . . [I]f the official proceeding was not pending at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time. **In addition**, the law requires that there be a **connection or relationship** in time, causation, or logic between the obstructive act and the proceeding; that is, the government must show that the defendant had **knowledge that his actions were *likely to affect*** the proceeding. . . .

Jury Instructions at 24-25 (emphasis added) (D.E. 81).

At trial, the Government took the position that the "federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol" encompassed Officer Riley's conduct of deleting the majority of his Facebook conversations with Hiles, even though the actions did not occur on January 6, 2021 and did not involve the breach of the U.S. Capitol. This theory creates a problem, as Officer Riley was not indicted by the federal grand jury resulting from the January 6 breach of the U.S. Capitol. Instead, Officer Riley was investigated and indicted by a separate grand jury, empaneled on August 11, 2021. In the absence of any evidence to the contrary, this confirms that the charged grand jury was *not* the grand jury to which evidence of Officer Riley's allegedly obstructive conduct was of interest and is also not the grand jury that FBI Special Agent ("SA") Stephen Hart was describing during his testimony.

The Government has made no attempt to patch this hole in its case. In its Opposition, the Government posits that its evidence established the following:

5

> [A]t the time Defendant committed the crime charged in Count Two, he knew the following: that the rioter had already been charged with federal offenses and was being further investigated by the FBI for his conduct on January 6, 2021; that a massive federal investigation was underway; and that felonies were being charged. The evidence also showed that, as of the date of the offense in Count Two, a federal grand jury was, in fact, investigating crimes related to the riot.

Opp'n at 9. The Government then summarizes its argument at trial as follows: "the grand jury proceeding resulting from the January 6 breach of the U.S. Capitol was foreseeable to Defendant and [] he deleted Facebook messages on January 20, 2021, to impair their availability for use in that proceeding." *Id.*

The Government remains focused solely on the element of foreseeability, insisting that "what matters is that, at the time he deleted the messages, Defendant foresaw a 'grand jury resulting from the January 6 breach of the U.S. Capitol'" and that "[t]he evidence at trial amply proved that Defendant foresaw such a proceeding." *Id.* The Government continues to ignore the clear directive from the Court that Officer Riley's allegedly obstructive conduct had to "be *connected to* a *specific* official proceeding," and that Officer Riley had to have "knowledge that his actions were *likely to affect* [that] proceeding," based on "a *connection or relationship* in time, causation, or logic between the obstructive act and the proceeding." Jury Instructions at 24-25 (emphasis added). While the Government has not made any direct contention regarding the nexus requirement, any attempt would be belied by the fact that Officer Riley was indicted by a separate grand jury. Clearly, there was no reason for Officer Riley to discern a connection between his actions on January 20, 2021 and the charged grand jury, or to know that the deletion of his messages was likely to affect the charged grand jury's ability to investigate his alleged obstruction.

Stated differently, although the general existence of the grand jury proceeding resulting from the January 6 breach of the U.S. Capitol may have been foreseeable to Officer Riley, the Government has failed to adduce any evidence connecting Officer Riley's conduct to that *specific*

6

grand jury or showing he had knowledge his actions were likely to affect that *specific* proceeding. Consequently, there is no basis to allow the verdict on Count Two to stand.

## II.     The Evidence Cannot Sustain the Verdict on Count Two.

The evidence in the record overwhelmingly supports an acquittal on Count Two. The Government has failed and refused to point this Court to evidence showing that, by deleting his Facebook messages while terminating contact with Hiles, Officer Riley *intended* to obstruct a grand jury proceeding *resulting from the January 6 breach of the U.S. Capitol* and *knew* that his actions were *likely to affect* that *specific* grand jury proceeding, based on a connection between the deletion of the messages and the proceeding. Instead, the Government asks the Court to sustain the jury's verdict based on the evidence that "Defendant was a United States Capitol Police officer with more than 25 years of criminal law enforcement experience; he knew that a massive investigation into January 6 was underway; and he knew that the FBI was interested to learn that a USCP officer had been talking with a rioter." Opp'n at 13.

Despite the Government's best efforts, and even if the Court were to accept the Government's invitation to view the jury's verdict as a credibility determination adverse to Officer Riley, *see id.*, the evidence adduced at trial falls short. Indeed, looking only at the Government's evidence, Officer Riley deleted his messages with Hiles after learning that Hiles described him to the FBI as a "buddy," and just before notifying Hiles that he would no longer be in contact with him. Several days before, Vinnie Legambi, another Capitol Police officer, told Officer Riley that he had turned in Hiles. And, just a few days before, Hiles himself told Officer Riley that he had been arrested and charged with misdemeanor trespassing offenses. Thereafter, Officer Riley did not delete the final messages in his conversation with Hiles, nor did Officer Riley seek to delete his Facebook account in its entirety. And, Officer Riley informed two separate Capitol Police

officers that he told Hiles to take information off of Facebook, and told a civilian friend that he had reached out to Hiles.

Regarding the charged grand jury, the Government's evidence was particularly sparse. The Court took judicial notice of the fact that "a federal grand jury was empaneled in the District of Columbia on January 8, 2021, and it considered matters related to the events at the United States Capitol on January 6, 2021." *See* Jury Instructions at 7. Aside from the judicial notice, the Government's sole witness at trial on the issue was SA Hart, who had no personal knowledge of the charged grand jury. While SA Hart testified that he appeared before the charged grand jury (though not until the summer of 2021) when he testified in securing an indictment against Officer Riley, it is clear that the charged grand jury was not the grand jury that indicted Officer Riley. The Government provides no explanation to its chief witness's unsupportable testimony on the obstruction charges in this case or why the charged grand jury (which was in existence through at least 2022) did not investigate and indict Officer Riley in October 2021.

Taken together, the evidence simply does not prove each element of Count Two beyond a reasonable doubt. *After* the Government finished its case, this Court was not sure what the Government was arguing, and the transcript reveals, neither did the Government, yet the Government claims its evidence is overwhelming. It is not, and a serious miscarriage of justice would occur if this Court permitted the verdict in this case to stand.

## CONCLUSION

For all of the reasons set forth in his Motion for New Trial (D.E. 87), as well as in the written briefing accompanying his motion for judgment of acquittal (D.E. 82, 86), Officer Riley respectfully requests that the Court grant his motion for a new trial in this matter and avoid a miscarriage of justice.

| | |
|---|---|
| Dated: December 9, 2022 | Respectfully submitted, |

                                                      **SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

                                                     /s/ Christopher Macchiaroli
                                                  Christopher Macchiaroli (D.C. Bar No. 491825)
                                                  1750 K Street, NW, Suite 810
                                                  Washington, D.C. 20006
                                                  Telephone: (202) 539-2444
                                                  Facsimile: (410) 547-2432
                                                  Email: cmacchiaroli@silvermanthompson.com

                                                  Emma J. Mulford (Bar No. MD0146)
                                                  400 East Pratt Street, Suite 900
                                                  Baltimore, MD 21202
                                                  Telephone: (410) 385-6249
                                                  Facsimile: (410) 547-2432
                                                  Email: emulford@silvermanthompson.com