# Exhibit 1



*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com
Baltimore | Towson | Washington, DC

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

<u>*EX PARTE — IN CAMERA SUBMISSION*</u>

October 6, 2022

<u>VIA EMAIL</u>
Honorable Amy Berman Jackson
United States District Court for the
 District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Re: <u>United States v. Michael Angelo Riley</u>, 21-cr-628-ABJ

Dear Judge Jackson:

I write in response to the Court's October 1, 2022 Minute Order that required counsel for Defendant Michael Angelo Riley to "supply the Court with an offer of proof, which may be submitted to the Court in camera and *ex parte*, that summarizes the planned examination of the witness [Jacob Hiles] and the anticipated testimony in greater detail by October 7, 2022."

The defense can advise the Court that undersigned counsel received written authorization from Jacob Hiles' counsel to speak directly to Jacob Hiles in preparation for his testimony as a defense witness in the upcoming trial that is scheduled for October 17, 2022. During multiple phone conferences, Mr. Hiles has been cooperative and responsive, and the defense anticipates asking open-ended direct examination questions that will elicit the following facts material to Officer Riley's defense:

- Prior to January 7, 2022, Mr. Hiles had never communicated with Officer Riley in any manner or met him. Mr. Hiles is a professional fisherman and well known in the industry, and both he and Officer Riley were active in fishing communities and had common friends on Facebook.

- When Officer Riley sent a message to Mr. Hiles to remove a portion of his Facebook post about being inside the Capitol, Mr. Hiles did not remove anything. In subsequent phone calls with Officer Riley, Mr. Hiles recalls they discussed their shared experiences relating to January 6, Mr. Hiles from the perspective of a protestor, and Officer Riley from that of a Capitol Police Officer. At no time, did Officer Riley give Mr. Hiles any instructions on destroying evidence, such as getting rid of his phone, discarding the clothes he wore on January 6, 2021, or deleting his Facebook account, nor did Officer Riley tell Mr. Hiles to lie to anyone regarding his conduct, or to not cooperate with law enforcement, or any other such similar conduct. At no time, did Mr. Hiles or Officer Riley ever discuss a grand jury proceeding.

Page 2

- According to Mr. Hiles, Officer Riley did not discuss with him that a law enforcement officer was aware of Mr. Hiles and had reported him (as will be established at trial).

- Mr. Hiles did not believe Officer Riley was trying to take actions to prevent Mr. Hiles from getting arrested; according to Mr. Hiles, he knew his "goose was cooked," with the various cameras inside the U.S. Capitol and his various posts on Facebook, which were viewed by the thousand friends he had on Facebook. Mr. Hiles did not believe that Officer Riley was leading him out of getting into trouble, rather, Mr. Hiles would testify that he interpreted Officer Riley's direct message to take down the portion of his Facebook post about being inside the U.S. Capitol as guidance to "not to make things worse for him."

- Mr. Hiles believed that he would only be subjected to prosecution for trespassing, as he did not assault or threaten anyone, or steal or destroy any property inside the U.S. Capitol (which is corroborated by Mr. Hiles' text messages). Mr. Hiles knew what he did and knew that he would one day have to face the consequences. Mr. Hiles did not subjectively believe he would be charged with any felony offense or indicted by a grand jury and when arrested, he accepted responsibility for the conduct that he actually did.

The defense reserves its right to amend, modify, and/or expand the facts it intends to elicit at trial from its witness Mr. Hiles (including, asking questions relating to any text or Facebook messages sent by Mr. Hiles that are moved into evidence by the Government) to the extent necessary.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

*C. Macchiaroli*

Christopher Macchiaroli, Esq.