

*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com
*Baltimore | Towson | New York | Washington, DC*

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

November 22, 2021

**VIA EMAIL**

Molly Gaston, Esq.
Mary Dohrmann, Esq.
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

> Re:   *United States v. Michael Angelo Riley*, 21-cr-628-ABJ

Dear Counsel:

Pursuant to Federal Rule of Criminal Procedure 16, the Jencks Act, Federal Rule of Evidence 404(b), the *Brady/Giglio* line of cases, the United States Department of Justice ("DOJ")'s policy governing discovery, and the United States Attorney's Office for the District of Columbia's internal policy governing discovery, we request that you produce the following materials that are in the Government's possession, custody, and control, and which we consider essential to the defense of our client in the above-referenced matter:

(i)   Requests issued by DOJ or any law enforcement agency to any social media entity, to include, but not be limited to, Facebook, Instagram, Twitter, YouTube, regarding information relating to the events of January 6, 2021 at the United States Capitol;

(ii)   Documents, reports, radio communications, videos, and photographs reflecting all actions performed by Michael Angelo Riley ("Officer Riley") during his employment with the United States Capitol Police from January 6, 2021 until his retirement on October 28, 2021;

(iii)   Documents reflecting all law enforcement officers and officials who worked with or supervised Officer Riley during his employment with the United States Capitol Police from January 6, 2021 until his retirement on October 28, 2021; and

(iv)   Documents received from any social media entity, to include, but not be limited to, Facebook, Instagram, Twitter, YouTube, that reflects the removal of content (by any person or entity) relating to the events of January 6, 2021 at the United States Capitol.

In our review of the discovery provided to date, we have not been able to locate any cooperation plea paperwork relating to Jacob Hiles. If Mr. Hiles *is not* a cooperator, can you please explain the basis for your relation of the present matter to Mr. Hiles' matter — resulting in the

assignment of the case to Judge Amy Berman Jackson — when Mr. Hiles' Statement of Facts underlying his entry of a guilty plea does not discuss Officer Riley or any actions underlying the charges against Officer Riley. If Mr. Hiles *is* a cooperator (or witness to be called at any trial of Officer Riley), please produce:

(i)     Documents identifying any benefits provided to Mr. Hiles in exchange for any testimony or future testimony against Officer Riley;

(ii)    Statements made by Mr. Hiles to law enforcement or prosecutors in this matter, and any notes or contemporaneous recordings of the statements made by Mr. Hiles to law enforcement or the prosecutors in this matter;

(iii)   Documents produced by the Government in discovery in *United States v. Jacob Hiles*, 21-cr-0155-ABJ; and

(iv)    Downloads and reports thereof arising from the electronic devices seized and searched, as well as, social media accounts searched, in the investigation and prosecution of Jacob Hiles.[1]

In its Indictment, the Government alleges in Count I that Officer Riley on "January 7, 2021" obstructed justice in regard to an "official proceeding." *See* Indictment, ¶ 20 (D.E. 1). Please provide any and all information regarding *when* and *how* the Government contends that the "official proceeding" in this matter commenced.

Please provide any and all *communications* between the person or persons with authority to commence the "official proceeding" in this matter and other persons, who then took actions to begin the work of the "official proceeding."

Please provide any and all communications which reflect the first time that Officer Riley became a person whose actions would be investigated as part of the "official proceeding."

Please provide any and all communications which reflect the first time that Mr. Hiles became a person whose actions would be investigated as part of the "official proceeding."

To the extent the Government contends that the "official proceeding" referenced in Count I was an investigation opened by the Federal Bureau of Investigation ("FBI"), which is contrary to years of DOJ precedent finding FBI investigations *not* to be official proceedings, please produce documents identifying when the FBI investigation was opened, the FBI case number in the FBI's system assigned to the investigation, the individual who opened the investigation in the FBI system and when. Please also produce any documents attesting to the FBI's notification of the opening of

---

[1] Interestingly, while Mr. Hiles' public docket (21-cr-0155-ABJ) does not contain the present status of his case or his plea paperwork, which would be indicative of an individual cooperating with the Government, Mr. Hiles' plea paperwork otherwise appears on DOJ's website relating to its January 6 related prosecutions. *See* https://www.justice.gov/usao-dc/defendants/hiles-jacob, last visited November 22, 2021.

its investigation to any other federal law enforcement entities, to include, but not be limited to, the United States Capitol Police.

To the extent the Government contends that the "official proceeding" referenced in Count I was an open grand jury investigation, please produce documents relating to the opening of that grand jury investigation by the relevant Assistant United States Attorney, the date and time the grand jury investigation was opened, the grand jury number assigned to that investigation, a transcript of the opening of the investigation (or oral recording) by the relevant Assistant United States Attorney, and the overhead put on the screen for grand jurors during the opening of the investigation. Please also produce documentation identifying what law enforcement entities were advised as to the opening of the grand jury investigation, to include, but not be limited to, the United States Capitol Police.

Please provide any and all information regarding how the grand jury was charged with regard to what was the "official proceeding" in this matter.

Please provide any and all information regarding how the grand jury was charged with regard to what connection there was between Officer Riley's actions and the "official proceeding" in this matter.

Please provide any and all information regarding how the grand jury was charged with regard to what connection there was between Mr. Hiles' actions and the "official proceeding" in this matter.

During our review of discovery produced to date, it appears that the investigation into Officer Riley was initiated by the United States Attorney's Office and not the FBI. FBI agents who interviewed Officer Riley advised him — while surreptitiously recording him — that he was being investigated relating to his comments concerning Mr. Hiles' Facebook posts because of his status as a United States Capitol Police Officer. The agents further stated words to the effect that had he been a "gardener," he would not have been investigated. In light of these representations, we request all communications by law enforcement officers and agents relating to this matter, to include, but not be limited to, cell phone text messages and voicemail messages, emails, and instant messages by FBI personnel through FBI's direct messaging software. We also seek all communications sent by officers and agents to any DOJ individual as it pertains to this case and subsequent initiation of a criminal proceeding.

Please provide any and all communications by employees of DOJ and the United States Attorney's Office for the District of Columbia that pertain to the decision to prosecute Officer Riley. In particular, please provide any and all communications by employees of DOJ and the United States Attorney's Office for the District of Columbia that reference the term "views" or other similar words, as they pertain to this matter.

Please provide any and all communications by employees of DOJ and the United States Attorney's Office for the District of Columbia that pertain to any decision(s) to prosecute, or not to prosecute, any other individual who took down social media posts, or advised another person to take down social media posts, which posts may have reflected activity at the United States Capitol

Page 4

on January 6, 2021.

Please provide any and all information as to what exactly was the "object" that Officer Riley is alleged to have "knowingly corruptly persuade[d]" another "to alter, destroy, mutilate, and conceal" as set forth in Count I.

Please provide us a copy of the "object" referenced in Count I.

Please provide any and all information regarding how the grand jury was charged with regard to what was the "object" referenced in Count I.

Please provide any and all information regarding how Mr. Hiles *responded* to the statement of Officer Riley set forth in Paragraph 7 of the indictment (*i.e.* "Take down the part about being in the building . . .").

Please provide any and all information concerning the Facebook post or post(s) that Officer Riley is alleged to have asked Mr. Hiles to take down.

Please provide us a copy of the "record, document, and other object" referenced in Count II.

Please provide any and all documents that reflect how the Government came into possession of the "record, document, and other object" referenced in Count II.

Please provide any and all information regarding how the grand jury was charged with regard to what constituted the "record, document, and other object" referenced in Count II.

In response to your inquiry on setting a trial date, we reiterate our position that we need full discovery, including the information discussed above, before we can make an informed decision about whether to take the case to trial. Given that our client is on release, has no criminal history, committed no violent crime, and was doing sensitive law enforcement work for months after your office was aware of the events at issue in this case, we trust that there is no urgency by the Government in proceeding with an immediate trial in this matter, especially in light of the extensive backlog of cases requiring trials for held defendants due to the Covid-19 pandemic.

Page 5

We are happy to discuss all of these issues during our scheduled meeting on November 23, 2021.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

*C. Macchiaroli*

_____

Andrew C. White, Esq.
Christopher Macchiaroli, Esq.
M. Evan Corcoran, Esq.

*Counsel for Michael Angelo Riley*

**Christopher Macchiaroli**

| | |
|---|---|
| **From:** | Christopher Macchiaroli |
| **Sent:** | Wednesday, November 24, 2021 3:35 PM |
| **To:** | Gaston, Molly (USADC); Dohrmann, Mary (USADC) |
| **Cc:** | Andrew C. White; Evan Corcoran |
| **Subject:** | United States v. Michael Riley, 21-cr-628-ABJ: November 24, 2021 |

Counsel:

Thank you for taking the time to meet with us earlier this week. Following up on a point that you raised during our conference, which I anticipate you will also respond to us in writing regarding, is your explanation as to why Officer Riley's matter is related to Jacob Hiles' matter, even though in your words, Mr. Hiles is not a cooperator. Local Rule 57.12 provides that a "related case for the purpose of this Rule means as follows: (1) Criminal cases are deemed related when . . . (iii) prosecution against different defendants *arises* from a common wiretap, search warrant, or activities which are a part of the same alleged criminal event or transaction" (emphasis added). Contrary to your assertion, Jacob Hiles' prosecution did not "arise" from a common search warrant covering Officer Riley. Jacob Hiles was charged and arrested before any search warrants on his property were executed and where any Facebook posts relating to Officer Riley were discovered on his cellphone. This is according to the sworn affidavit of the FBI agent assigned to this matter. Jacob Hiles and Officer Riley's prosecutions therefore do not arise from the same search warrant and are improperly related. This arising from the same search warrant interpretation was made by your office in the case of *United States v. Roger Stone*, No. 19-cr-18 (ABJ) (D.E. 37). If I am mistaken on this, please correct me. Can you also provide us a copy of the related case form that you submitted to the clerk's office in this matter.

Also, please advise as to whether you plan to revisit your position on insisting on the setting of a trial date on Monday, while counsel has just entered the case, is reviewing over 3000 pages of discovery, have made additional discovery requests, and Officer Riley is willing to exclude time under the Speedy Trial Act.

Have a pleasant Thanksgiving and safe travels.

Chris

**Christopher Macchiaroli, Esq.**
Partner

**Silverman, Thompson, Slutkin & White LLC**
1750 K Street, NW, Suite 810
Washington, DC 20006
cmacchiaroli@silvermanthompson.com

www.silvermanthompson.com



**SILVERMAN THOMPSON**

Silverman Thompson Slutkin White

**ATTORNEYS AT LAW**

*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com
*Baltimore | Towson | New York | Washington, DC*

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

December 13, 2021

<u>**VIA EMAIL**</u>

Molly Gaston, Esq.
Mary Dohrmann, Esq.
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

> Re: <u>*United States v. Michael Angelo Riley*</u>, 21-cr-628-ABJ

Dear Counsel:

We write in response to certain representations contained in your letter dated December 8, 2021 and for clarification on the Government's prosecution of Jacob Hiles (21-cr-155 (ABJ)).

As a preliminary matter, you advised us on December 1, 2021 (in writing) that we should obtain the Hiles sentencing memoranda through the "CM/ECF docket." Those documents are no longer on the public docket and there is no reference to what occurred at Mr. Hiles' sentencing on December 6, 2021. There is no public docket entry and Mr. Riley (and his counsel) were unable to observe Mr. Hiles' sentencing through the public telephone line. During our meeting on November 23, 2021, we inquired as to whether Mr. Hiles was a cooperator and you indicated that he was not. In the Government's sentencing memoranda for Mr. Hiles, the Government advocated for a sentence of probation based on Mr. Hiles' purported "exceptional cooperation." Is Mr. Hiles a cooperator or not? Is this matter partially sealed or not, and why? What sentence did Mr. Hiles receive? We ask for a copy of all court filings relating to the partial sealing of this matter. In order for the Government to meet its discovery obligations, we also ask for a copy of the transcript from Mr. Hiles' sentencing or an Order permitting us to obtain a copy of the sealed transcript and a copy of the Judgment & Commitment Order. We do not understand why the sentencing memoranda were initially publicly available (for *Politico* to publish an article about them) and then eventually placed under seal only when we asked you for copies of them. In fact, while initially inviting us to obtain the sentencing memoranda from the *public* docket on December 1, 2021, you are now claiming that you are "seeking leave to provide [us] with the sentencing memoranda," apparently because they were placed under seal retroactively. The Government cannot seek to put the genie back in the bottle because it does not want to highlight the benefits provided to Mr. Hiles in his case.

Again, we iterate our request for discovery produced in the Hiles matter, as it appears, contrary to your prior statement, Mr. Hiles was, and is, a Government cooperator. If the Government does not plan to call Mr. Hiles as a witness at any trial of Officer Riley, please advise us in writing by December 17, 2021.

Page 2

Finally, please advise us when the "official proceeding" referenced in the Indictment occurred. If you believe you are not required to provide us discovery on this fact, while at the same time alleging that Officer Riley obstructed an official proceeding, we ask that you consult the Appellate Section of your Office. If no special proceeding (*i.e.*, grand jury investigation) was commenced by January 7, 2021 — the date Count One of the Indictment allegedly occurred — and/or no notice was provided to Officer Riley or the Capitol Police prior to that date, it is impossible that Officer Riley knew of the official proceeding to allegedly obstruct it. Likewise, if you are attempting to rely on Officer Riley's experience as a law enforcement officer in that he should have known that a grand jury had already (or was going to be) commenced as to Mr. Hiles, we request the production of documents attesting to the long history of prior cases of unlawful entry on U.S. Capitol grounds and the U.S. Supreme Court that have resulted in fines or at worst, misdemeanor offenses, as was the case of Mr. Hiles, all of which are not the subject of grand jury investigations (or "special proceedings").

We look forward to your response to these issues in advance of the status hearing that is currently scheduled for January 14, 2021. As you can imagine, the ambiguity and lack of clarity on these issues (and the apparently conflicting positions) prevents us from being able to evaluate the accuracy of the Government's representations in its proposed statement of facts underlying the Government's plea offer and to prepare for any potential trial in this matter.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

*C. Macchiaroli*

_____

Andrew C. White, Esq.
Christopher Macchiaroli, Esq.
M. Evan Corcoran, Esq.

*Counsel for Michael Angelo Riley*



SILVERMAN
THOMPSON
Silverman Thompson Slutkin White

ATTORNEYS AT LAW

*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
**www.silvermanthompson.com**
*Baltimore | Towson | Washington, DC*

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

May 9, 2022

**VIA EMAIL**

Molly Gaston, Esq.
Mary Dohrmann, Esq.
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Re:   *United States v. Michael Angelo Riley*, 21-cr-628-ABJ

Dear Counsel:

We write to follow up regarding the timeline of the Government's expected production of additional discovery pursuant to the Court's Order on the Defendant's Motion to Compel Discovery.

Specifically, the Government was required to produce: (i) "records showing the date any grand jury that is the subject of Count One was empaneled as well as any records, if any, showing when the U.S. Capitol Police was notified that such a grand jury had been convened;" (ii) documents "that reflect offers or promises made, including informal communications among counsel" relating to the Government's cooperator Jacob Hiles; and (iii) "downloads and reports arising from all electronic devices and social media accounts seized and searched" from Mr. Hiles as it pertains to "any material discovered on those devices or accounts that mentioned or related to the defendant in any way."

In its Order, the Court also noted that if the "defendant seeks video evidence of his activities at specific locations at the Capitol on January 6, the government must make the video evidence in its possession available." Consistent with the Court's Order, Officer Riley requests the following video and/or radio communications from January 6, 2021 at the United States Capitol and surrounding areas as described below:

| Approximate Time of Commencement | Approximate Location | Actions by Officer Riley |
|---|---|---|
| 12:45 p.m. | 300 Block of First Street, SE & New Jersey Avenue/C Street, SE | Responding to pipe bomb incident; search of vehicles with K-9; and securing the area. |
| 3:00 p.m. | Senate Subway | Responding to assist downed officer (Ofc. Chow). |

Page 2

| 6:00 p.m. | East Front of U.S. Capitol | Securing east front of the U.S. Capitol; and searching for potential explosives. |
|---|---|---|

Finally, Officer Riley requests confirmation that the Government advised the grand jury that it could not rely on a Federal Bureau of Investigation or United States Capitol Police investigation when evaluating whether Officer Riley obstructed an "official proceeding" as charged in the Indictment in this matter.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

*C. Macchiaroli*

Andrew C. White, Esq.
Christopher Macchiaroli, Esq.
M. Evan Corcoran, Esq.

*Counsel for Michael Angelo Riley*



**SILVERMAN THOMPSON**

Silverman Thompson Slutkin White

ATTORNEYS AT LAW

*A Limited Liability Company*

1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com

*Baltimore | Towson | Washington, DC*

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

May 19, 2022

**VIA EMAIL**

Molly Gaston, Esq.
Mary Dohrmann, Esq.
United States Attorney's Office
601 D Street, NW
Washington, DC 20001

Re:   *United States v. Michael Angelo Riley*, 21-cr-628-ABJ

Dear Counsel:

We write in response to your letter dated May 13, 2022.

*First*, at your request, we are providing you additional information relating to our client Michael Riley's actions on January 6, 2021 so that you can provide us the requested video in accordance with your discovery obligations and the Court's May 1, 2022 Order.

| Approximate Time of Commencement | Approximate Location | Actions by Officer Riley |
|---|---|---|
| 12:45 p.m. | 300 Block of First Street, SE & New Jersey Avenue/C Street, SE | Responding to pipe bomb incident; search of vehicles with K-9; and securing the area. |

As you know, on January 6, 2021, at approximately 12:45 p.m., Officer Riley was the first responding officer to the pipe bomb incidents located near the U.S. Capitol and communicated his initial observations on United States Capitol Police ("USCP") radio. He is an essential witness to the investigation of those events and any subsequent prosecution of the perpetrator(s). A map of the respective locations prepared by the Federal Bureau of Investigation ("FBI") is enclosed below for ease of reference. *See* https://www.fbi.gov/contact-us/field-offices/washingtondc/news/press-releases/fbi-washington-field-office-releases-video-and-additional-information-regarding-the-pipe-bomb-investigation-090821, last visited May 19, 2022.

The initial location was the 300 Block of First Street, SE. Please be advised that there is a camera on the Cannon Building that looks toward the Capitol South Metro Station. Officer Riley moved his car to the intersection of First and D Streets, SE and subsequently to New Jersey and D Streets, SE, to respond to the second location. Both intersections have surveillance video. The bomb squad was set up at First and C Streets, SE. Officer Riley briefed the bomb squad on exactly where a device was located and what it looked like. A command post was set up at New

Page 2

Jersey and D Streets, SE and Officer Riley parked his cruiser at that location and used his K9 to sweep vehicles in the area. Officer Riley undertook these actions for several hours. On this day, Officer Riley's unit number was "179K."



This virtual map depicts the approximate route an unknown suspect walked on January 5, 2021, while placing two pipe bombs in the Capitol Hill neighborhood of Washington, D.C. The map also features video of the suspect at various points along the route.

Pursuant to the joint FBI/USCP investigation that is referenced in the Indictment, it is believed that law enforcement obtained video footage from cameras identifying the above-referenced locations, which would have depicted Officer Riley's actions on January 6, 2021. Please timely produce this requested video. Contrary to the statement in your letter and as shown in the enclosed map, all of the above-referenced locations are part of the United States Capitol Complex. See https://en.wikipedia.org/wiki/United_States_Capitol_Complex, last visited May 19, 2022.



Page 3

     If the Government intends to withhold this video because it incorrectly believes that Officer Riley's actions as a USCP officer were not on U.S. Capitol grounds when responding to a violent act to public safety, *i.e.*, pipe bombs, please let us know so that we can seek appropriate relief from the Court.

| Approximate Time of Commencement | Approximate Location | Actions by Officer Riley |
|---|---|---|
| 3:00 p.m. | Senate Subway | Responding to assist downed officer (Ofc. Chow). |

     While an USCP officer, Officer Riley was a trained emergency medical technician. On January 6, 2021, upon hearing radio traffic that an officer was unresponsive, Officer Riley left his post, drove to the C Street Door at the Hart Senate Building, followed a tactical unit that was entering at that location at that time, and traveled to the United States Senate Subway (in the Dirksen building) to assist an unconscious USCP officer. Both the C Street Door at the Hart Senate Building and the Dirksen Senate Subway have cameras. Officer Riley was informed that the unresponsive officer was named Chow. Without access to any records or the ability to communicate with former coworkers, Officer Riley's best estimate is that this event occurred at approximately 3:00 p.m. Officer Riley had no prior dealings with the downed officer prior to January 6, 2021. Officer Riley was prepared to transport him in his cruiser to a local hospital given that D.C. Fire and EMS was having difficulty in responding to the Senate Subway. Eventually, Officer Riley was able to direct D.C. Fire and EMS to Officer Chow. In subsequent months, Officer Riley heard that Officer Chow had suffered a head related injury and was out of work for some time. There were several unknown Metropolitan Police Department ("MPD") officers on scene and two USCP officers: Officer Karen Clay and Officer Craig Gallope.

     Given this very detailed information, I trust you will be able to provide video depicting the actions of Officer Riley at the above-referenced locations.

| Approximate Time of Commencement | Approximate Location | Actions by Officer Riley |
|---|---|---|
| 6:00 p.m. | East Front of U.S. Capitol | Securing east front of the U.S. Capitol; and searching for potential explosives. |

     In response to your request, please provide any and all surveillance video depicting Officer Riley and K-9 vehicles deployed at the East Front of the United States Capitol at approximately 6:00 p.m. on January 6, 2021.

     *Second*, we seek clarification on the disclosures in your May 13, 2022 letter. Specifically, when was the grand jury that you assert constitutes the "official proceeding" referenced in the Indictment advised that they would be considering charges relating to the events of January 6, 2021 at the U.S. Capitol. Also, what relevance, if any, was your production of an Indictment returned on January 29, 2021 by a grand jury empaneled on January 8, 2021, if the first Indictments returned by that empaneled grand jury occurred on January 11, 2021. *See, e.g.*, *United States v. Mark Jefferson Leffingwell*, 21-cr-5-ABJ (D.E. 6) (Indictment - January 11, 2021).

Page 4

*Finally*,   again, we reiterate our previous request from our May 9, 2022 letter that the Government advise whether it instructed the grand jury (that you assert constitutes the "official proceeding" referenced in the Indictment) that it could not rely on an FBI or USCP investigation when evaluating whether Officer Riley obstructed an "official proceeding" as charged in the Indictment.

As always, please feel free to contact us regarding any of these requests.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

_____

Andrew C. White, Esq.
Christopher Macchiaroli, Esq.
M. Evan Corcoran, Esq.



**SILVERMAN THOMPSON**

Silverman Thompson Slutkin White

**ATTORNEYS AT LAW**

*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com
*Baltimore | Towson | Washington, DC*

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

July 14, 2022

**VIA EMAIL**

Molly Gaston, Esq.
Mary Dohrmann, Esq.
United States Attorney's Office
601 D Street, NW
Washington, DC 20001

Re:   *United States v. Michael Angelo Riley*, 21-cr-628-ABJ

Dear Counsel:

We write in response to your letter dated July 13, 2022.

Yes, Officer Riley and I would like to review the video referenced in your letter on the morning of either July 20 or July 21, 2022. Please let us know when and where we should report and for whom we should ask for upon arrival. As you can imagine, since Officer Riley was at the location, his assistance in identifying himself is essential to the defense when reviewing the video.

Just to avoid any unnecessary delay on this issue, please be advised that it was Officer Riley who made contact with the individual who reported the explosive device at the Republic National Committee, received the photograph of the device as taken by that security official, and subsequently transferred that photograph to other USCP officers and officials while briefing USCP on the radio. Hopefully, this additional information can allow you to locate appropriate video in the Government and FBI's possession, even if outside the estimated timetables that you requested from undersigned counsel.

As always, please feel free to contact us regarding the information contained in this letter.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

*C. Macchiaroli*

Andrew C. White, Esq.
Christopher Macchiaroli, Esq.
M. Evan Corcoran, Esq.



**SILVERMAN THOMPSON**

Silverman Thompson Slutkin White

**ATTORNEYS AT LAW**

*A Limited Liability Company*
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone (202) 921-2225
www.silvermanthompson.com
*Baltimore | Towson | Washington, DC*

Writer's Direct Contact:
Christopher Macchiaroli
(202) 921-2225
cmacchiaroli@silvermanthompson.com

April 27, 2023

**VIA EMAIL**
Christopher Howland, Esq.
United States Attorney's Office
601 D Street, NW
Washington, DC 20001

Re:   *United States v. Michael Angelo Riley*, 21-cr-628-ABJ

Dear Counsel:

In preparation for Officer Riley's appeal, it appears that certain discovery was not produced as required under applicable discovery rules and consistent with the Government's constitutional obligations, especially, given the issues that arose in the Government's presentation of evidence at trial.

Accordingly, on behalf of Officer Riley, we request the following items:

- memoranda relating to the existence of the grand jury charged in the Indictment that could not be located at the time the Government sought judicial notice from the Court (*see* Oct. 20, 2022 Tr. 102-103);

- documents relating to the FBI's receipt of a screenshot of Jacob Hiles' Post taken on January 7, 2021 (which was the subject of Count One of the Indictment) prior to Officer Riley's initial communication with Mr. Hiles, including FBI Special Agent ("SA") Charles Neilsen's 'notes' on the subject and other FBI memoranda documenting the receipt of the Post (*see* Oct. 21, 2022 Tr. 24-28);

- memoranda and directives issued to prosecutors in this case by Congress relating to the necessity of investigating connections between January 6, 2021 protestors and individuals at the United States Capitol;

- unredacted correspondence between the Capitol Police General Counsel's Office (which identified itself as part of the "prosecution team") and prosecutors in this case, which were initially redacted based on a claim that the redacted text was administrative and "not substantive;" and

- instructions given to the grand jury that returned the Indictment as to Officer Riley as to the elements of the offenses, specifically, the requirement of a nexus between Officer Riley's alleged conduct and a foreseeable grand jury proceeding.

Page 2

Finally, there appears to have been no attempt by the Government to review the FBI Lync messaging system for FBI agents to ensure the production of Rule 16 discovery and *Jencks* relevant to this case. As SA Hart was proffered as one of the leading agents relating to the investigation of January 6, 2021, the scope of the production of his messages to the defense should have been significant. Likewise, discovery pertaining to this case should exist in Lync messages sent or received by SAs Hart, Neilsen, and Brandon Merriman, among other FBI agents.

As always, please feel free to contact us regarding the information contained in this letter.

Sincerely,

SILVERMAN THOMPSON SLUTKIN & WHITE LLC

*C. Macchiaroli*

_____

Christopher Macchiaroli, Esq.
Emma Mulford, Esq.