```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
 2

 3      United States of America,     ) Criminal Action
                                      ) No. 21-cr-628
 4                     Plaintiff,     )
                                      ) JURY TRIAL
 5      vs.                           ) DAY 9
                                      )
 6      Michael Angelo Riley,         ) Washington, DC
                                      ) October 27, 2022
 7                     Defendant.     ) Time:  3:47 p.m.
        _____

 8
                      TRANSCRIPT OF JURY TRIAL
 9                         HELD BEFORE
              THE HONORABLE JUDGE AMY BERMAN JACKSON
10                  UNITED STATES DISTRICT JUDGE

11      _____

                        A P P E A R A N C E S
12

13      For Plaintiff:      Mary Dohrmann
                            Anne P. McNamara
14                          United States Attorney's Office
                            601 D Street NW
15                          Washington, DC  20530
                            (202) 252-7035
16                          Email:  Mary.dohrmann@usdoj.gov
                            Email:  Anne.mcnamara2@usdoj.gov

17      For Defendant:      Christopher Macchiaroli
                            Emma Mulford Christopher Macchiaroli
18                          Silverman, Thompson, Slutkin & White
                            1750 K Street, NW, Suite 810
19                          Washington, DC 20006
                            (202) 539-2444
20                          Email:  Cmacchiaroli@silvermanthompson.com
                            Email:  Emulford@silvermanthompson.com

21

22      _____

        Court Reporter:        Janice E. Dickman, RMR, CRR, CRC
23                             Official Court Reporter
                               United States Courthouse, Room 6523
24                             333 Constitution Avenue, NW
                               Washington, DC  20001
25                             202-354-3267
```

```
1              THE COURTROOM DEPUTY:  Your Honor, this is criminal
2    case No. 21-628, the United States of America v. Michael Angelo
3    Riley.  Mr. Riley is present in the courtroom.  Counsel for the
4    defendant are Mr. Macchiaroli and Ms. Mulford.  Counsel for the
5    government are Ms. Dohrmann and Ms. McNamara.
6              THE COURT:  All right.  We were in the process of
7    trying to schedule just a telephone conference to talk about
8    scheduling matters, and then events overtook us.  So I
9    appreciate everyone's quick arrival.
10             We have received a note from the jury that says, "The
11   jury remains in deadlock for one of the two counts and is
12   likely to need deliberation into Friday," which is an
13   interesting interpretation of "deadlock."  But that's kind of
14   how they used it yesterday also.
15             "The deadlock has stated that they are done."  And
16   "they are done" is in quotes.  "They" is in brackets.  "One
17   jury member has expressed they have an 8 a.m. critical doctor's
18   appointment that is not reschedulable.  The individual
19   confirmed that they would likely be able to make it back by
20   12:30 p.m.  Please advice.  Note:  Another jury member has a
21   critical doctor's appointment Monday morning."  And it's dated
22   today's date, at 3:19 p.m., and signed by the foreperson.
23             So there's a lot in there to address.  But, my
24   thought would be to summon them back for tomorrow at 12:30,
25   to -- I think we're at a point where we need to give them some
```

1      sort of instruction, but I will hear from the parties on this.

2      As I understand D.C. Circuit law, at this point, even though

3      they've only used the word "deadlock" with respect to one

4      juror, it would not be an appropriate time to give the general,

5      Oh, just go in there and give it your best shot and listen to

6      everybody else instruction, that I would need to include the

7      language about maintaining your own personal convictions and,

8      therefore, it would be verbatim the Thomas instruction, since

9      the circuit has told us not to improvise.

10             But, my thought would be to not do that until they

11     returned and were fresh tomorrow at 12:30.  And that would also

12     give the parties the opportunity, if they wanted to do any

13     research, to see if there is something different to be said

14     when a jury says they're not going to deliberate anymore at

15     all.  And, so, if that's the situation where I can use language

16     that's different from the Thomas language, or I can't, I would

17     like the benefit of everyone's thoughts on that.

18             And I would ask to have that by, say, 11 tomorrow so

19     that I have time to read it by the time we get the jurors in

20     here at 12:30.

21             And I'm going to be doing the same thing tonight, so

22     I don't think that's a terrible burden.

23             Other than that, I think that's all we can do.  I

24     looked again at the rules on delivering a jury verdict and Rule

25     31(b) talks about partial verdicts.  And it says, "If there are

1   multiple defendants, the jury may return a verdict at any time

2   during its deliberations as to any defendant about whom it has

3   agreed."  We don't have that situation.

4        Rule 31(b)(2) is multiple counts and that's worded

5   quite differently.  It doesn't say if there are multiple counts

6   the jury may return a verdict at any time as to any count.  It

7   says, "If the jury cannot agree on all counts, the jury may

8   return a verdict on those counts on which it has agreed."

9        So I think you have to have the predicate that the

10  determination has been made that they can't agree on all counts

11  before we ask for their verdict on the one count.  And I'm

12  happy to hear from you all on that as well.  But, I am

13  concerned we don't -- at this point we don't know which way

14  that count goes.  But if we find out and then we give them a

15  strong instruction about further deliberation, there's a

16  question about whether that could be perceived to be coercive.

17  And there's a question that we may be deciding what we think

18  the jury should do based on what we think of the verdict on the

19  one count.

20       So I'm just troubled by the whole thing.  And to me,

21  the rule doesn't actually even explicitly permit you to do it,

22  because it's much clearer about multiple defendants.

23       So, Ms. Dohrmann, I'll start from you as to what you

24  think we should do.

25           MS. DOHRMANN:  Thank you, Your Honor.  We are

1    amenable to your suggestion of returning tomorrow.

2            THE COURT:  All right.  And giving them the Thomas

3    instruction?

4            MS. DOHRMANN:  Your Honor, if we could have a little

5    bit more time to consider that.

6            THE COURT:  Okay.  All right.  What's your position?

7            MR. MACCHIAROLI:  Good afternoon, Your Honor.  It's

8    the defense's position that the jury has worked for about two

9    and a half days to try to reach consensus on both counts.  I

10   agree with you that notes are not simple in interpretation.  I

11   will note that, you know, both notes did reference a deadlock,

12   and I think the deadlock referenced in this specific note today

13   said they are done, which kind of implicates, you know, that

14   there is -- they've not been able to reach an agreement on both

15   counts and it looks unlikely that they will.  And I know we're

16   reading into that, it's not necessarily --

17           THE COURT:  I think -- and maybe you can look at

18   it -- but I think you're mischaracterizing it.  The jury

19   foreperson isn't saying they, the jury, are done.  The "they,"

20   I think is being used to -- as a substitute for "he" or "she."

21   And I think the foreperson said, "The deadlock" -- I think

22   meaning the person who is the source of the disagreement among

23   the group -- has stated that, quote, they -- in brackets -- are

24   done, close quote.  So that person is saying, "I'm done."  But,

25   then they say, "We'll continue to deliberate."

1          So I don't think the foreperson is saying that the

2     jury is done, if you were headed towards a mistrial at this

3     point.  And I do think we have deadlock instructions for

4     situations where even when the word "deadlock" is used.

5          MR. MACCHIAROLI:  I understand your position very

6     clearly, Your Honor.  It's still the defense's position to take

7     the partial verdict, declare a mistrial on the other count.

8     And, you know, we're dissecting this, there's one juror who

9     says, he or she -- maybe there's two -- they're done, the other

10    jury is willing to deliberate, but the jury needs to deliberate

11    together.  Some individual, one or two are done, not

12    deliberating.  It's been two and a half days.  It would be the

13    defense's position to take the partial verdict and declare a

14    mistrial on the other count.

15          THE COURT:  All right.  I appreciate that suggestion.

16    We have not given them any instruction yet with respect to

17    listening to each other, being consistent to your own deeply

18    held beliefs.  I don't believe that we would give up on the

19    count without trying that.  Whether I'm optimistic about that

20    is another question.  But I think that is the appropriate thing

21    to do under the circumstances, before -- especially given the

22    fact that they keep saying, We'll be back, every time they tell

23    me that they're having this problem.

24          So, but I think what I would do, then, is just have

25    Mr. Haley tell them they're excused for the evening and to be

1    back by 12:30 tomorrow.  At 12:30 we'll be prepared to read

2    them some sort of instruction, I think likely the Thomas

3    instruction.  I don't think we should say nothing and just

4    stick them back in there, after what they've asked for.  I'm

5    happy to have the parties continue to consider if there's some

6    instruction that's appropriate and let me know, as I said, by

7    11.

8            There is the question about the defendant's

9    appearance.  You had indicated yesterday, Mr. Macchiaroli, that

10   if any notes came Friday, the defendant would waive his

11   appearance.  And so I would need to -- you indicated that in a

12   communication with Mr. Haley.  I would need that on the record.

13   But I don't know if that extended to verdicts.  So, I need to

14   know what your position is about, if something happens

15   tomorrow -- and maybe if it happens late enough in the

16   afternoon -- I don't know, I would like to hear from you on

17   that.

18           MR. MACCHIAROLI:  If I could just have one second,

19   Your Honor?

20           THE COURT:  Sure.

21           (Off-the-record discussion between defendant and

22   counsel.)

23           MR. MACCHIAROLI:  Your Honor, addressing these in

24   turn.  We were prepared -- and you can inquire of my client as

25   well, is that he is waiving his personal appearance for any

1    notes that would come in tomorrow.  On the issue of a potential

2    verdict, he would try to make potential efforts of getting back

3    into the courthouse in the late afternoon.  But to the extent

4    that he cannot, he would be inclined also to waive his presence

5    for the verdict, assuming that the Court has no objection to

6    that.

7          That is his position on this issue.  And he is,

8    obviously, definitely going to be available on Monday, and

9    could make efforts to be back in the courthouse late on Friday,

10   if necessary, for the verdict.

11         THE COURT:  All right.  To the extent it is

12   physically possible, if you can remain in communication with

13   your lawyer.  You don't need to communicate with him at all

14   until -- the jury is going to come in at 12:30, we're going to

15   instruct them, and they're going to go -- so I don't think we

16   even need to hear a peep from you until 1 o'clock or so.  But

17   if there comes a point in the afternoon where you know you

18   could make it, or you know you couldn't, to the extent we don't

19   have to make assumptions and your voice is heard by your

20   lawyer, that would be great.  But I think your primary

21   responsibility tomorrow is to do what you need to do medically

22   and that's appropriate.

23         I will just ask -- I'm not going to inquire in

24   detail, Mr. Riley.  Has your lawyer correctly stated your

25   position about whether you would waive your right to be present

1    tomorrow for those elements?

2              THE DEFENDANT:  Yes.  Yes, Your Honor.

3              THE COURT:  All right.  And hopefully we won't have

4    to get into that situation.  But if the jury -- if there's

5    either a mistrial on one count and a verdict on one or a

6    verdict on two, I think it would be -- you know, a great burden

7    on the jurors to make them come back on Monday, and I would

8    hate to do it, if I don't have to.

9              You and your lawyer can think, between now and then,

10   if that comes up, if there is something you would like me to

11   say to explain your presence, or not.  You know, that you had

12   an emergency or something -- you know, whatever.  I'm willing

13   to say whatever you think is appropriate.  I'm not going to

14   make it up and I'm not going to say anything if you don't want

15   me to say anything.  But I'll let you all think about that.

16             All right.  Ms. Dohrmann, anything further from the

17   government right now?

18             MS. DOHRMANN:  No, Your Honor.  Thank you.

19             THE COURT:  Okay.  All right.  Well, we'll remain in

20   communication with you as we have this evening and tomorrow.

21             And, Mr. Haley, you looked like you are about to ask

22   me something.

23             THE COURTROOM DEPUTY:  You're going to let them go

24   now or at 5?

25             THE COURT:  I got the impression they were good to

1    go, when it said that they wanted to deliberate tomorrow.  So,

2    I think maybe what I can do is you can just let them know that

3    they can break today whenever they want to break and they can

4    come back tomorrow at 12:350.

5              THE COURTROOM DEPUTY:  12:30, yes.

6              THE COURT:  Yes.

7              MS. DOHRMANN:  Your Honor, the government would like

8    to bring to the Court's attention just some case law that we

9    recently received, as the trial team, regarding acceptance of

10   partial verdicts, given the defendant's amenability to doing so.

11             THE COURT:  No.  He was only amenable to it if we

12   declared a mistrial.  He didn't say let's bring them out on one

13   count.  He said declare a mistrial and take the one verdict.

14             Am I correct?  You haven't expressed a position on

15   just doing it just to do it, have you?

16             MR. MACCHIAROLI:  I haven't expressed a position.

17   But I would like to just briefly confer with my client about it.

18             THE COURT:  All right.

19             (Off-the-record discussion between defendant and

20   counsel.)

21             MR. MACCHIAROLI:  Your Honor, accepting the partial

22   verdict, we would probably request a partial verdict and a

23   mistrial at the same time, as you had properly stated was our

24   position.

25             THE COURT:  All right.  And what's the case law you

1    want me to look at?

2            MS. DOHRMANN:  Thank you, Your Honor.  Yes, there are

3    a few cases.  The first is *United States versus Cotter*,

4    C-O-T-T-E-R, 60 F.2d 689, Second Circuit.

5            THE COURT:  Anything in D.C. Circuit?  They're very

6    particular about juries and verdicts and deliberation.  *Thomas*

7    isn't in every circuit, it's not even the law in Superior

8    Court.  So I have to tell you, if you're asking me to do

9    something that I think is slightly inconsistent with the plain

10   language of Rule 31, I want D.C. Circuit authority telling me

11   it's okay.  This is not -- I don't know what the verdict is

12   going to be, it may be irrelevant.  But if it's a guilty

13   verdict, I don't want this to be what would be the problem

14   underlying it.

15           MS. DOHRMANN:  Your Honor, the case law we have at

16   this moment is from the Fifth Circuit, Second Circuit and Ninth

17   Circuit.  And your direction is understood and we would just

18   ask for just a few more moments to see if there is something in

19   the D.C. Circuit that would be helpful on this matter.

20           THE COURT:  All right.  I've actually never, ever had

21   this situation where we're getting communication via text and

22   email in the courtroom from lawyers outside the courtroom.  I

23   think it's actually pretty unfair to Mr. Macchiaroli.  And I

24   also just think it's contrary to all our rules about using

25   phones in the courtroom.  So I don't know how to just have you

1    staying on, like, a current real-time loop with people who

2    aren't even here and throwing law at us to assess.  I also -- I

3    just don't like the whole optics of it either.

4           So I've already said we're going to break for the

5    evening and we're going to come back tomorrow and we're going

6    to instruct them tomorrow.  So as part of what you submit to me

7    in writing, that we all have an equal opportunity to consider,

8    you can put in any law that -- and you can, too -- about

9    whether I should take this verdict before I read them the

10   instruction about the other count and send them back, I'm happy

11   to consider it.

12          All right.  Anything else from the defense right now?

13          MR. MACCHIAROLI:  No, Your Honor.

14          THE COURT:  Okay.  I will see most of you tomorrow at

15   12:30.  And, Mr. Riley, I hope everything goes smoothly for you

16   tomorrow.

17          All right.

18                        *   *   *

1

2                    CERTIFICATE OF OFFICIAL COURT REPORTER

3

4        I, JANICE DICKMAN, do hereby certify that the above and

5    foregoing constitutes a true and accurate transcript of my

6    stenographic notes and is a full, true and complete transcript

7    of the proceedings to the best of my ability.

8                         Dated this 28th day of January, 2023

9

10

11                    _____

12                         Janice E. Dickman, CRR, CMR, CCR
                          Official Court Reporter
13                         Room 6523
                          333 Constitution Avenue, N.W.
14                         Washington, D.C.  20001

15

16

17

18

19

20

21

22

23

24

25