```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA


     United States of America,      ) Criminal Action
                                    ) No. 21-cr-628
                    Plaintiff,      )
                                    ) JURY TRIAL
     vs.                            ) DAY 10
                                    )
     Michael Angelo Riley,          ) Washington, DC
                                    ) October 28, 2022
                    Defendant.      ) Time:  12:30 p.m.
     _____

                       TRANSCRIPT OF JURY TRIAL
                            HELD BEFORE
                 THE HONORABLE JUDGE AMY BERMAN JACKSON
                     UNITED STATES DISTRICT JUDGE
     _____

                        A P P E A R A N C E S

     For Plaintiff:      Mary Dohrmann
                         Anne P. McNamara
                         United States Attorney's Office
                         601 D Street NW
                         Washington, DC  20530
                         (202) 252-7035
                         Email:  Mary.dohrmann@usdoj.gov
                         Email:  Anne.mcnamara2@usdoj.gov

     For Defendant:      Christopher Macchiaroli
                         Emma Mulford Christopher Macchiaroli
                         Silverman, Thompson, Slutkin & White
                         1750 K Street, NW, Suite 810
                         Washington, DC 20006
                         (202) 539-2444
                         Email:  Cmacchiaroli@silvermanthompson.com
                         Email:  Emulford@silvermanthompson.com

     _____

     Court Reporter:            Janice E. Dickman, RMR, CRR, CRC
                                Official Court Reporter
                                United States Courthouse, Room 6523
                                333 Constitution Avenue, NW
                                Washington, DC  20001
                                202-354-3267
```

```
 1        *  *  *  *  *  *  *  *PROCEEDINGS*  *  *  *  *  *  *
 2              THE COURTROOM DEPUTY:  Good afternoon, Your Honor.
 3   This afternoon we have criminal case number 21-628, United
 4   States of America versus Michael Angelo Riley.  Counsel for the
 5   government are Ms. Dohrmann and Ms. McNamara.  Counsel for the
 6   defendant is Mr. Macchiaroli.
 7              THE COURT:  All right.  Good afternoon, everybody.
 8   Thanks for being here.  I know we have a smaller -- you are
 9   here Ms. Dohrmann.  For some reason I thought you weren't going
10   to be here.  I have submissions from each side -- and it looks
11   like the cavalry has arrived, if you need assistance from the
12   back.  I realize they're not from either one of your teams, but
13   I can tell you, we've got some good criminal lawyers back
14   there.
15              I've read both of your submissions.  I still believe
16   that the appropriate thing to do is to read the *Thomas*
17   instruction.  I understand the defense is asking me to declare
18   a mistrial now on the count for which the jury appears to be
19   struggling to reach a unanimous verdict.  But we have not given
20   them any deadlock-type instruction, and the court -- the rules
21   permits that, the law permits that.  The language that I must
22   give is clearly prescribed in *Thomas*.  And so that's what I
23   think I would do before declaring a mistrial on that count.
24              The government wants me to read the *Thomas*
25   instruction and the defense wants me to read the *Thomas*
```

1    instruction, assuming that I don't grant the mistrial. But the
2    government wants me to go ahead and take the verdict on the --
3    that they have told us twice they have on the other count. The
4    government interprets what the defense has said as agreeing
5    that we should go ahead and do that now. And I'm not quite
6    sure I read your position that way, Mr. Macchiaroli.
7           So let me start with you. Assuming that I'm not
8    declaring a mistrial on whichever count it is, I would have to
9    have agreement from both of you to take the one verdict we
10   have. I've read the government's submission going through the
11   *Black* case. And I think the *Black* case doesn't show why we
12   should do it. It shows exactly why we shouldn't do it. In
13   that case the court received a note from the jury indicating
14   that it was hopelessly deadlocked. We don't have the
15   adjective, but we have something like that.
16          But even assuming we have that and we're there yet,
17   the judge then informed the jury it could return a verdict for
18   only one of the defendants or less than the charges and then
19   asked the jury to continue its deliberations. It didn't say,
20   Okay, let's take those. The jury then asked, Can we give you a
21   partial verdict, essentially? And the judge then told them if
22   he took it, he's going to tell them to deliberate anyway
23   afterwards.
24          So that's not really a requirement that we take it
25   now. And it was only after -- then the judge tells them that

1  if they can't reach a decision -- that they've reached a
2  decision on as many as possible, but they're hopelessly
3  deadlocked on the others, then he gives the *Thomas* charge for
4  the first time. And a day and a half later the jury returns a
5  partial verdict.
6        So, to me, it says do what we were planning to do and
7  send them back to keep deliberating. The only twist that I
8  think could possibly be appropriate, if you compare this
9  decision with *Thomas*, would be when I give them the *Thomas*
10 instruction, to also tell them that if they cannot agree on all
11 counts, they may return a verdict on those counts on which
12 they've agreed, so they don't think they have to -- I don't
13 know. But other than that, I don't see a legal imperative or
14 an agreement to take the verdict on the one count.
15       Am I correctly summarizing your position,
16 Mr. Macchiaroli?
17       MR. MACCHIAROLI: You are, Your Honor. You are
18 correctly summarizing the defense's position. And the defense
19 would not object to that additional line that you suggested
20 potentially being included in the instruction, that the jury
21 can return a partial verdict, as you stated.
22       THE COURT: All right. What's your position,
23 Ms. Dohrmann?
24       MS. DOHRMANN: Your Honor, we agree with you that it
25 is not an imperative, just that *Black* and *Drisoll* appear to

1     recognize that taking as possible.
2             THE COURT: All right. What's your thought about
3     bringing them back and reading the *Thomas* instruction,
4     essentially as it is, in the Criminal Jury Instruction
5     2.601(III)(A) verbatim, adding at the end or inserting along
6     the way: But if the jury determines that it cannot agree on
7     all counts, it may return a verdict on the count on which it
8     has agreed.
9             MR. MACCHIAROLI: No objection to that language.
10            MS. DOHRMANN: No objection, Your Honor.
11            THE COURT: All right. All right. Mr. Haley, with
12    everyone agreeing with that now -- do you want me to say
13    anything at this time about the presence of the defendant?
14            MR. MACCHIAROLI: Your Honor, I think at this point
15    we could not say anything because it just looks like we're
16    responding, there's nothing -- attention drawn to it. But to
17    the extent they come out a second time today and request, you
18    know, whatever, a note or a question or a verdict, that there
19    be some kind of explanation to the jury why my client is not
20    here. And my suggestion would be very, very brief, to say that
21    he had a medical procedure today that could not be delayed any
22    further. He waived his appearance so that there would be no
23    delay in the jury's deliberations, period.
24            THE COURT: All right. I might say something like
25    he's unable to be here for medical reasons at this particular

1  time and leave it at that.  But let's see what the next
2  situation is.  I'm sort of predicting, as I think everyone else
3  here is, that the next piece of information we will have is
4  we're done on one count and we're ready to return a verdict on
5  the other, and then they come out.  And I don't think they need
6  to know that he -- whether he's waived or not.  I think they
7  just need to know that he would be here, if he could; no
8  disrespect meant by his not being here.  So, I think just
9  "medical reasons" might be more appropriate.  But I'll let you
10 noodle over that, since we're not going to say it right now.
11          All right.  Mr. Haley, can you bring us our jurors.
12          (Pause.)
13          (Whereupon the jurors enter the courtroom.)
14          THE COURT:  All right.  Good afternoon.  I note that
15 you're all present, on time, as always.  And I trust that, as
16 always, you have, other than when in the jury room, not been
17 discussing the case or reading or hearing anything about it.
18          I received a note from the foreperson late yesterday
19 afternoon, before we excused you for the evening.  And I have
20 the following instruction to give to you:  The verdict must
21 represent the considered judgment of each juror.  In order to
22 reach a verdict it's necessary that each juror agree to the
23 verdict.  In other words, your verdict must be unanimous.  If
24 the jury cannot agree on both counts as to the defendant, the
25 jury may return a verdict on the count on which it has agreed.

1           It is your duty as jurors to consult with one another
2     and to deliberate with a view to reaching an agreement, if you
3     can do so without violence to individual judgment.  Each of you
4     must decide the case for yourself, but do so only after an
5     impartial consideration of the evidence with your fellow
6     jurors.
7           In the course of your deliberations do not hesitate
8     to reexamine your own views and change your opinion if
9     convinced it is erroneous.  But do not surrender honest
10    conviction as to the weight or effect of evidence solely
11    because of the opinion of your fellow jurors or for the mere
12    purpose of returning a verdict.
13          You are not partisans.  You are judges, judges of the
14    facts.  Your sole interest should be to reach a just verdict
15    from the evidence in the case.
16          So I'm going to excuse you at this point to return to
17    the jury room for more deliberation.
18          (Whereupon the jurors leave the courtroom.)
19          THE COURT:  All right.  You all remain in contact the
20    way we have until this point, and we'll reach out to you if we
21    hear anything further.
22          And the folks in the audience, I think I've got
23    another hour to go.  So you're welcome to enjoy the fine dining
24    that we have in the basement of the building.  All right.
25    Thank you -- not the basement.  First floor.

1                  (Recess.)

2                  THE COURTROOM DEPUTY:  Your Honor, recalling criminal

3      case No. 21-628, United States of America v. Michael Angelo

4      Riley.

5                  THE COURT:  All right.  We received a note from the

6      jury, dated today's date, at 1:35 p.m.  It states, "We have

7      reached a unanimous verdict on the second count.  On the first

8      count, we have, after lengthy discussions and multiple

9      approaches, reached a deadlock that we feel certain will not

10     shift or alter."

11                 So, how does the government think we should proceed?

12                 MS. McNAMARA:  Your Honor, the government would

13     request that the Court take the verdict on Count 2, and then

14     would defer to the Court as to whether they would be sent back

15     for further deliberations, knowing it's only been less than an

16     hour since the instruction was given.  On the other hand, the

17     government read the note and it does seem that they are quite

18     deadlocked.

19                 THE COURT:  So, you don't have a position as to

20     whether we should declare a mistrial on that count?

21                 MS. McNAMARA:  The government would request that they

22     be sent back for an additional period of time, given the

23     proximity to the *Thomas* instruction, but only after taking the

24     partial verdict on the one that they do have.

25                 THE COURT:  Mr. Macchiaroli, what's your position?

1           MR. MACCHIAROLI:  Your Honor, at this time we should
2  take the verdict on Count 2, declare a mistrial on Count 1.
3  We've given a dead lock instruction and they have clearly,
4  again, stated that there is no likelihood of reaching a
5  resolution as to Count 1.
6           THE COURT:  And I, frankly, think they've been trying
7  to tell us that for a few days.  I think we've given them a
8  fair amount of time.  I understand that there are cases where
9  jurors are out for a longer period of time.  But they have been
10 at work at this since lunchtime on Tuesday, and they've used
11 the word "deadlock" in the last two notes.
12          So, I believe I am going to follow the recommendation
13 of the defense.  I think the government's recommendation was
14 somewhat lukewarm anyway.  And so we will declare a mistrial on
15 Count 1.
16          I think I'll wait until after I -- I mean, I know
17 they said the first count and the second count and it's very
18 clear, but I just think, for the record, we'll take the verdict
19 on the one count they have and excuse them and then declare the
20 mistrial on the other count.
21          When they come in, I think what I would like to just
22 say is that Ms. Dohrmann and Mr. -- they may notice that
23 Ms. Dohrmann and Mr. Riley are not present, and both had
24 unavoidable medical -- or, just unavoidable conflicts for the
25 afternoon at this time and couldn't be here and they mean no

1    disrespect by their absence at the moment, and leave it at
2    that.  Especially since we're not sending them back in to
3    consider anything further.
4         Also, when I release them, I will tell them that
5    they're now released from their obligation to not speak to
6    anyone about this matter.  But, I'm going to also tell them
7    that if you all want to speak with them, they have the right to
8    decline to do that.  And other than that -- usually I go back
9    in for a brief check-in.  I ask them to stay, just so I can
10   thank them for their service.  And I never talk about the case,
11   but I ask if there's anything about the logistics of the jury
12   service that I can learn from for the future.
13        Since I have another matter waiting for me, it's
14   going to be extremely brief, but I will probably do that.  And
15   I can ask them at that time if they have any objection to
16   talking to counsel.  But again, I think they have their
17   individual perspectives and I don't see the point of asking
18   them as a group.  And I've done it in kind of super high-
19   profile cases.  So here I don't think it's necessary.
20        Does anybody else think anything else needs to be
21   done, besides what I just described?
22             MR. MACCHIAROLI:  Your Honor, the defense would
23   request a polling of the jurors, if there's a conviction in
24   this case.
25             THE COURT:  I assumed you would, but I was going to

1    ask you that at the time.  And that may or may not be
2    necessary.  We'll see.
3             All right.  And, so, you just want me to do it then,
4    now that you've asked, without asking you if you want me to do
5    it?
6             MR. MACCHIAROLI:  Yes.
7             THE COURT:  All right.  Mr. Haley, you can bring the
8    jury in.
9             (Pause.)
10            THE COURT:  Appreciate the patience of the counsel in
11   the 2 o'clock matter.  We will get to it when we get to it.
12            (Pause.)
13            THE COURTROOM DEPUTY:  Jury panel, Your Honor.
14            (Whereupon the jurors enter the courtroom.)
15            THE COURTROOM DEPUTY:  All present, Your Honor.
16            THE COURT:  All right.  All right.  Before we begin,
17   members of the jury, I want to state, on behalf of Ms. Dohrmann
18   and Mr. Riley -- who you may have noticed are not present in
19   the courtroom -- that, as I hope you can understand, as has
20   happened to some -- all of us, they had unavoidable conflicts
21   at this particular moment this afternoon and are unable to be
22   present.  But neither means any disrespect to you or your work
23   by their absence this afternoon and I hope you won't take it
24   that way.
25            All right, Mr. Haley, you can proceed.

1               THE COURTROOM DEPUTY:  Mr. Foreperson, have you
2    reached a verdict on the count?  Can I have the --
3               (Whereupon, the foreperson hands the verdict to the
4    courtroom deputy.)
5               THE COURTROOM DEPUTY:  United States of America v.
6    Michael Angelo Riley, criminal case No. 21-628.  Verdict form,
7    Count 2, How do you find defendant, Michael Angelo Riley, on
8    the charge of obstruction of justice in Count 2 of the
9    indictment?  Guilty.
10              You are unable to reach a unanimous verdict as to
11   count 1, is that correct, Mr. Foreperson?
12              THE JURY FOREPERSON:  Correct.
13              THE COURT:  And now we're at the point where, with
14   respect to Count 2 and Count 2 only, Mr. Haley is going to poll
15   each of you to ensure that it is each of your verdict.
16              THE COURTROOM DEPUTY:  Again, as the judge just said,
17   as I call your juror number, please rise and tell me that -- if
18   your vote is the same as the verdict form on to Count 2 of
19   guilty.
20              Juror No. 1?
21              JUROR NO. 1:  It's true, guilty.
22              THE COURTROOM DEPUTY:  Thank you.  Juror No. 2?
23              JUROR NO. 2:  Guilty.
24              THE COURTROOM DEPUTY:  Juror No. 3?
25              JUROR NO. 3:  Guilty.

| | |
|---|---|
| 1 | THE COURTROOM DEPUTY:  Juror No. 4? |
| 2 | JUROR NO. 4:  Guilty. |
| 3 | THE COURTROOM DEPUTY:  Juror No. 5? |
| 4 | JUROR NO. 5:  Guilty. |
| 5 | THE COURTROOM DEPUTY:  Juror No. 6? |
| 6 | JUROR NO. 6:  Guilty. |
| 7 | THE COURTROOM DEPUTY:  Juror No. 7? |
| 8 | JUROR NO. 7:  Guilty. |
| 9 | THE COURTROOM DEPUTY:  Juror No. 8? |
| 10 | JUROR NO. 8:  Guilty. |
| 11 | THE COURTROOM DEPUTY:  Juror No. 9? |
| 12 | JUROR NO. 9:  Guilty. |
| 13 | THE COURTROOM DEPUTY:  Juror No. 10? |
| 14 | JUROR NO. 10:  Guilty. |
| 15 | THE COURTROOM DEPUTY:  Juror No. 11? |
| 16 | JUROR NO. 11:  Guilty. |
| 17 | THE COURTROOM DEPUTY:  And juror No. 12? |
| 18 | JUROR NO. 12:  Guilty. |
| 19 | THE COURTROOM DEPUTY:  Thank you to the jury. |
| 20 | THE COURT:  All right.  Members of the jury, you are |
| 21 | now going to be excused, at least from your service as jurors |
| 22 | in this case. |
| 23 | With that, you are also released from the |
| 24 | instructions I've been giving you day in and day out for some |
| 25 | time, and you are now not obligated to keep this to yourselves. |

1    But if you wish to discuss your jury service with anyone and
2    you wish to read about it or write about it, you're free to do
3    so.  As part of that, if I can intrude on your patience, if you
4    wish, I would like to step out after you go back to the jury
5    room to retrieve your belongings and just stop in and thank you
6    for your service and ask general questions, just about how the
7    jury service is handled.
8             I have no intention of discussing the case with you.
9    But, sometimes I'll get feedback from jurors on their
10   experience.  I'm not requiring you to stay.  If any of you
11   wishes to stay for a moment or two, I would only take a few
12   moments of your time, because I actually do have other lawyers
13   waiting for me in the courtroom.
14            I want to tell you, also, that after you're released
15   you are free, if you are contacted or approached by counsel for
16   either side in this case to discuss the case with you at that
17   point, you are permitted to discuss it with them.  But you are
18   not required to do so and it is up to each of you to make your
19   own decision about that.  But I know you've been here for a
20   long time and I know every one of you has been paying very
21   close attention throughout the trial.  And I realize that we
22   started out with some bench conferences with the husher that
23   were longer than anybody should have to listen to, but I
24   appreciate your patience throughout the trial and your service
25   in this case.  Thank you very much.

1       THE COURTROOM DEPUTY: I apologize. Procedurally,
2  when you go back to the jury room, if I could just get
3  everybody to stack up the instructions, the notebooks, and then
4  the -- your jury badges, because that's how I get paid.
5       THE COURT: All right. Thank you.
6       THE COURTROOM DEPUTY: You guys can go back now.
7       (Whereupon the jurors leave the courtroom.)
8       THE COURT: All right. Mr. Macchiaroli, do you have
9  a motion as to Count 1?
10      MR. MACCHIAROLI: Yes, Your Honor. I would move to
11 grant a mistrial as to Count 1.
12      THE COURT: All right. So that will be granted.
13      I did reserve ruling, at the close of the
14 government's case, on your motion for judgment with respect to
15 both counts. So, I realize I have to issue a ruling on that.
16 Would you like to submit something to me in writing with
17 respect to that before I rule?
18      MR. MACCHIAROLI: I would, Your Honor.
19      THE COURT: All right. I take it the government
20 would as well?
21      MS. McNAMARA: Yes, Your Honor.
22      THE COURT: All right. How long do you need,
23 Mr. Macchiaroli? I think -- I think I'm pretty familiar with
24 the law and the theories of both parties in this case at this
25 point. But I think it's helpful for you to distill and

1    crystallize your arguments and tell me what you want to tell
2    me.  So how long would you like to have to do that?
3            MR. MACCHIAROLI:  Your Honor, would the Court be
4    amenable to this upcoming Friday being the deadline?
5            THE COURT:  That's fine with me.  And then the
6    government's response will be due a week after that -- I'm
7    sorry, this coming -- that's --
8            THE COURTROOM DEPUTY:  The 4th and the 11th.
9            THE COURT:  The 11th is a holiday.  So, the 4th and,
10   I think, probably the 10th will be the due dates.  And I'm
11   really not sure that there would be call for a reply to simply
12   repeat what was said initially.  But if there's something you
13   absolutely must respond to, I would ask that you do it by the
14   15th.  And then I will try to issue a ruling as soon as
15   possible.
16           Do you want to wait until that point to schedule a
17   sentencing date?  Or do you want to get something on the
18   calendar now that would start the process of the presentence
19   report to be written?
20           MR. MACCHIAROLI:  No, Your Honor, I would wait until
21   the Court's ruling and then we can set a, you know, briefing
22   schedule -- I should say, a sentencing memorandum schedule and
23   due dates for the PSR, if necessary.
24           THE COURT:  With respect to the defendant's release
25   pending sentencing, does the government have any request with

1    respect to that?

2             MS. McNAMARA:  No, Your Honor.

3             THE COURT:  All right.  I agree that this defendant

4    should remain on his current bond status between now and the

5    sentencing date, which is yet to be set.  But I will do that

6    upon the ruling on the motion, if it is unsuccessful.

7             Is there anything else I need to take up right now on

8    behalf of the defense, Mr. Macchiaroli?

9             MR. MACCHIAROLI:  No, Your Honor.

10            THE COURT:  Anything further on behalf of the

11   government?

12            MS. McNAMARA:  No, Your Honor.

13            THE COURT:  All right.  I would ask the parties in

14   the matter that's sitting around waiting for this to be

15   completed, to just come up and get ready.  I would like to

16   follow what I just said I was going to do and say good-bye to

17   the jurors before they leave the building.  And I'll be ready

18   for you all shortly.  So thank you very much.

19            And, counsel in this case, I realize that this was

20   very hard fought and at times there were a lot of disagreements

21   between the two of you about the substance of the case, but

22   generally speaking, you all worked with each other in an

23   extremely civil and professional fashion and I appreciated the

24   effort that both of you put in to representing your clients in

25   this case and the way that you treated each other in the

1  courtroom and throughout the proceeding.  So thank you.
2              MR. MACCHIAROLI:  Thank you.
3                           *   *   *

CERTIFICATE OF OFFICIAL COURT REPORTER

I, JANICE DICKMAN, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 29th day of January, 2023

_____

Janice E. Dickman, CRR, CMR, CCR
Official Court Reporter
Room 6523
333 Constitution Avenue, N.W.
Washington, D.C.  20001